IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE.

WILLIAM T. JOHNSON JR.
PETITIONER,

V.

STATE OF DELAWARE
AND THOMAS CARROLL, WARDEN.
RESPONDENTS.

NO: 05-_____
COURT BELOW:
SUPERIOR COURT NEWCASTLE COUNTY.
JUDGE FRED S. SILVERMAN:
ID. 9606009907.
CR. A. NOS. IN 96070070.

PETITIONERS MEMORANDUM FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254, FOR THE DISTRICT OF DELAWARE.

DATED: 6-21-2005.

William T. Johnson Jr.
Petitioner: 202367.
D.C.C.
1181 Paddock Rd
Smyrna, Del. 19977

## STATEMENT OF FACTS.

On 6-21-1996, the defendant was arrested for allegedly issuing two bad checks under $1,000.00 for merchandise at the Sears Department Store. Each check was written on 2 differant occasion's, December 24th 1995 and January 10th 1996. The case was assigned to the Public Defenders Office, and the defendant was represented by counsel Raymond Radulski, Esq. On July 8th 1996, the defendant was indicted by a Newcastle County Grand Jury and charged with two counts of issuing a bad check under $1,000.00, which are Class (A) misdemeanors, in violation of Title 11 Sec. 900 of the Delaware Code, and one count of Theft Felony over $500.00, in violation of Title 11 Sec. 841 of the Delaware Code. SEE: GRAND JURY INDICTMENT.
                    A-1 - A-2.

On October 23rd 1996, the defendant pled guilty to the Theft Felony Count-0070, and the State Nolle Prossessed the two bad check counts 0071-0072. SEE: STATES PLEA AGREEMENT.
                    A-3.

On November 17th 1999, the defendant filed a motion to withdraw his guilty plea. SEE: DEFENDANTS MOTION.
                    A-4 - A-7.

I.

ON DECEMBER 15TH 1999, THE SUPERIOR COURT JUDGE REVIEWED THE MOTION AND THEN REFERRED IT TO THE WRONG COUNSEL OF RECORD.
SEE: JUDGE SILVERMANS REFERRAL MEM.
A-8.

ON SEPTEMBER 27TH 2000, THE DEFENDANT WROTE A LETTER TO THE JUDGE ASKING FOR A RULING ON THE MOTION. SEE: DEFENDANTS LETTER.
A-9 - A-11.

ON OCTOBER 19TH 2000, JUDGE SILVERMAN FILED A LETTER TO COUNSEL RAYMOND RADULSKI, ESQ. AND DIRECTED HIM TO CONTACT THE DEFENDANT ABOUT THE MATTER, WHICH COUNSEL FAILED TO RESPOND.
SEE: JUDGE SILVERMANS LETTER.
A-12.

ON JULY 20TH 2004, THE DEFENDANT FILED A MOTION FOR POSTCONVICTION RELIEF UNDER RULE 61, IN THIS MOTION THE DEFENDANT RAISED THREE GROUNDS FOR RELIEF CONCERNING INEFFECTIVE ASSISTANCE OF COUNSEL AND PROSECUTOR MISCONDUCT CLAIMS.
SEE: DEFENDANTS 61 MOTION.
A-13.

ON OCTOBER 27TH 2004, THE DEFENDANTS MOTION WAS DENIED BY THE SUPERIOR COURT.
SEE: COURT ORDER.
A-14 - A-17.

II.

ON FEBRUARY 15TH 2005, THE DEFENDANT FILED AN APPEAL IN THE DELAWARE SUPREME COURT. SEE: JOHNSON V. STATE, DEL. SUPR. 488, 2004.

THEREAFTER, ON FEBRUARY 23RD 2005, THE STATE FILED A MOTION TO AFFIRM THE COURTS DECISION. SEE: STATES MOTION TO AFFIRM. A-18.

ON MAY 31ST 2005, THE SUPREME COURT AFFIRMED THE SUPERIOR COURTS DECISION. SEE: SUPREME COURT ORDER. A-19.

THEREAFTER ON JUNE 1ST 2005, THE DEFENDANT FILED A MOTION FOR REARGUMENT. SEE: MOTION. A-20.

ON JUNE 20TH 2005, THAT MOTION WAS DENIED. SEE: SUPREME COURT ORDER. A-21.

III.

NOW COMES THE PETITIONER WILLIAM T. JOHNSON JR., PRO/SE, REQUESTING THAT THIS HONORABLE COURT GRANT HIM AN ORDER WITHDRAWING HIS PLEA DUE TO INEFFECTIVE COUNSEL AND PROSECUTOR MISCONDUCT CLAIMS, IN SUPPORT OF THIS PETITION, THE PETITIONER OFFER'S THE FOLLOWING GROUNDS AND REASONS:

I. COUNSEL WAS INEFFECTIVE BY FAILING TO OBJECT OR CHALLENGE THE THEFT COUNT IN THE INDICTMENT, AND BY COMPELLING THE DEFENDANT TO PLEAD GUILTY WHICH ERRORS VIOLATES THE SIXTH AMENDMENT.

II. THE PROSECUTOR COMMITTED MISCONDUCT BY IMPROPERLY CHARGING THE DEFENDANT WITH A ILLEGAL THEFT FELONY COUNT, AND BY OFFERING A PLEA CONTAINING SUCH CHARGE, THESE ERRORS VIOLATED THE FIFTH, EIGHTH AND FOURTEENTH CONSTITUTIONAL AMENDMENTS.

I. COUNSEL WAS INEFFECTIVE BY FAILING TO OBJECT OR CHALLENGE THE THEFT COUNT IN THE INDICTMENT, AND BY COMPELLING THE DEFENDANT TO PLEAD GUILTY WHICH ERRORS VIOLATES THE SIXTH AMENDMENT.

---

ARGUMENT.

ON 6-21-1996, THE DEFENDANT WAS ARRESTED FOR ALLEGEDLY ISSUING TWO BAD CHECKS UNDER $1,000.00 AT THE SEARS DEPARTMENT STORE. EACH CHECK WAS WRITTEN ON 2 DIFFERANT OCCASIONS, DECEMBER 24TH 1995 AND JANUARY 10TH 1996. THE CASE WAS ASSIGNED TO THE PUBLIC DEFENDERS OFFICE, AND THE DEFENDANT WAS REPRESENTED BY RAYMOND RADULSKI ESQ. ON JULY 8TH 1996, THE DEFENDANT WAS INDICTED BY A NEWCASTLE COUNTY GRAND JURY AND CHARGED WITH ONE COUNT OF FELONY THEFT OVER $500.00, IN VIOLATION OF TITLE 11 SEC. 841 OF THE DELAWARE CODE, AND TWO COUNTS OF ISSUING A BAD CHECK UNDER $1,000.00, WHICH ARE CLASS (A) MISDEMEANORS, IN VIOLATION OF TITLE 11 SEC. 900 OF THE DELAWARE CODE.
SEE: GRAND JURY INDICTMENT.
A-1 - A-2.

ON OCTOBER 23RD 1996, THE DEFENDANT APPEARED IN NEWCASTLE COUNTY SUPERIOR COURT FOR TRIAL, ON THIS DAY, MR. RADULSKI TOLD ME THE PETITIONER "THAT I HAD NO CHANCE OF WINNING THIS CASE IF I PROCEEDED WITH TRIAL." MR. RADULSKI COERCED ME INTO TAKEN THE STATES PLEA AGREEMENT BY SAYING, " THE VALUE OF BOTH CHECKS TOGETHER AMOUNTS TO OVER $500.00, THEREFORE, THE FELONY COUNT IS CORRECT AND THE JURY WOULD FIND YOU GUILTY ON ALL COUNTS."

(2).

WHEREFORE, BELIEVING THAT I HAD NO CHANCE TO WIN MY TRIAL, I TOOK THE ADVICE OF MR. RADULSKI AND ACCEPTED THE STATES PLEA.
SEE: STATES PLEA AGREEMENT.
A-3.

THE DEFENDANT ASSERTS THAT COUNSEL RAYMOND RADULSKI WAS INEFFECTIVE WHEN HE REPRESENTED HIM ON THIS CASE, BECAUSE COUNSEL FAILED TO OBJECT OR CHALLENGE THE THEFT COUNT IN THE INDICTMENT, AND DUE TO COUNSELS ERRORS, THIS COURT SHOULD FIND THAT THE DEFENDANTS GUILTY PLEA WAS INVOLUNTARY, THUS ENTITLING HIM TO WITHDRAW HIS PLEA.
SEE: MACDONALD V. STATE, DEL. 2001 778 A.2D 1064, 1076. EX.(A).

COUNSEL SHOULD HAVE FILED A MOTION WITH THE SUPERIOR COURT, REQUESTING THAT THE THEFT FELONY COUNT IN THE INDICTMENT BE QUASHED OR DISMISSED BECAUSE:

(A). THE PASSING OF BAD CHECKS IN RETURN FOR MERCHANDISE DOES NOT CONSTITUTE THEFT, BUT CAN ONLY CONSTITUTE THE OFFENSE ISSUING OF BAD CHECKS UNDER TITLE 11 SEC. 900.

THE DEFENDANTS THEFT FELONY CHARGE IS ILLEGAL AND UNCONSTITUTIONAL, BECAUSE THE GOVERNMENTS FACTUAL ALLEGATIONS WHILE PERHAPS WARRANTING INDICTMENTS CHARGING FALSE PRETENSES, DID NOT PERMIT AN INDICTMENT FOR THE MORE SEVERELY PUNISHABLE OFFENSE THEFT FELONY, GIVEN THE ELEMENTS OF THAT PARTICULAR CRIME.
SEE: LOCKS V. U.S., (1978).
388 A.2D 873. EX.(B).

(3).

DUE TO THE FACT THAT THE SEARS DEPARTMENT STORE OWNER INTENDED UNCONDITIONALLY TO SELL MERCHANDISE (PART WITH TITLE TO) THE VARIOUS GOODS ACQUIRED WITH THE DEFENDANTS PERSONAL CHECKS, THE DEFENDANTS SCHEME COULD ONLY SUBJECT HIM, AT THE WORST, TO AN INDICTMENT UNDER THE FALSE PRETENSES STATUTE, ISSUING A BAD CHECK IN VIOLATION OF TITLE 11 SEC. 900, WHICH IS A CLASS (A) MISDEMEANOR WITH A 1 YEAR LIMITATION OF LEVELS. AN INDICTMENT FOR FELONY THEFT, WITH ITS HEAVIER PENALTY UP TO 2 YEARS, IS AVAILABLE ONLY WHEN ONE FELONIOUSLY TAKES AWAY PROPERTY WHICH AT THE TIME OF THE TAKING, REMAINS THE PROPERTY OF THE VICTIM WHICH IS NOT THE CASE HERE.
THE ELEMENTS OF SEC. 841 PROVIDES:

"A PERSON IS GUILTY OF THEFT WHEN THE PERSON TAKES, EXERCISE CONTROL OVER OR OBTAINS PROPERTY OF ANOTHER PERSON INTENDING TO DEPRIVE THAT PERSON OF IT OR APPROPRIATE IT." SEE: TITLE 11 SEC. 841.

IN GREAT AMERICAN INDEMNITY CO. V. YODER, D.C. MUN. APP. 131 A.2D 401. (1957). THE COURT NOTED THIS DISTINCTION:

"THE COMMON-LAW DISTINCTION IS ACKNOWLEDGED IN THIS JURISDICTION THAT WHERE ONE GIVES UP POSSESSION OF A CHATTEL TO ANOTHER WHO CONVERTS IT TO HIS OWN USE, THE WRONGDOER IS HELD TO HAVE COMMITTED A TRESPASS AND THE TAKING IS BY LARCENY. HOWEVER, WHERE ONE, ALTHOUGH INDUCED BY FRAUD OR TRICK, ACTUALLY INTENDS THAT TITLE SHALL PASS TO THE WRONGDOER, THE CRIME IS THAT OF FALSE PRETENSES."
SEE: YODER, ID. AT 403.

(4).

THE DEFENDANT OBTAINED MERCHANDISE THROUGH A SCHEME BY ISSUING BAD CHECKS, THE INTENT TO STEAL BY FRAUD OR TRICK, DOES NOT IN ITSELF PROVIDE A BASIS FOR HOLDING THAT HE CAN BE INDICTED UNDER ANY STATUTE WHATSOEVER INVOLVING MISAPPROPRIATION, WITHOUT REGARD TO THE PARTICULAR ELEMENTS OF CRIME SPECIFIED BY STATUTE AND SUPPORTING CASE LAW.

THERE IS NO SUPPORT IN THE TITLE 11 DEL. CODE. SEC. 841 CASE LAW, THAT CLAIMS THE DEFENDANT MAY BE SUBJECT TO GREATER CRIMINAL LIABILITY FOR THE FALSE PRETENSE CRIMES HE COMMITTED. WHETHER THE INDIVIDUAL WHO PASSES A BAD CHECK IS ACTING ALONE OR AS AN AGENT, THE CRIME FOR WHICH ANY PARTICIPANT, PRINCIPAL OR AGENT, WILL BE CHARGEABLE IS PREMISED ON INDUCEMENT OF THE SELLER TO TRANSFER TITLE THE CLASSIC INDICATOR OF FALSE PRETENSES. SEE: LOCKS V. U.S. (1978). ID. AT 876.

IN CLASSIC TERMINOLOGY, "THE DISTINCTION DRAWN BY THE COMMON LAW IS BETWEEN THE CASE OF ONE WHO GIVES UP POSSESSION OF A CHATTEL (OR MONEY) FOR A SPECIAL PURPOSE TO ANOTHER WHO BY CONVERTING IT TO HIS OWN USE IS HELD TO HAVE COMMITTED A TRESPASS, AND THE CASE OF ONE WHO, ALTHOUGH INDUCED BY FRAUD OR TRICK, NEVERTHELESS ACTUALLY INTENDS THAT TITLE TO THE CHATTEL SHALL PASS TO THE WRONGDOER." SEE: U.S. V. PATTON, (3RD. CIR. 1941). 120 F.2D 73, 76. EX.(C).

(5).

IN THE PRESENT CASE, THE FIRST COUNT OF THE INDICTMENT CLAIMS THE DEFENDANT BETWEEN THE 24TH DAY OF DECEMBER 1995 AND THE 10TH DAY OF JANUARY 1996, DID TAKE PURSUANT TO A COMMON SCHEME, WITH INTENT TO APPROPRIATE, PROPERTY CONSISTING OF ASSORTED MERCHANDISE BELONGING TO SEARS AND VALUED IN EXCESS OF $500.00.
SEE: GRAND JURY INDICTMENT.
A-1 - A-2.

HOWEVER, THE THRUST OF THE INDICTMENT AND THE ARTICULATION OF THE CRIME IS DIRECTED SOLELY AT THEFTS FROM A RETAILER; NO COUNT CAN BE CHARACTERIZED AS A CHARGE OF THEFT FROM THE DEFENDANT WHO ACQUIRED TITLE AT THE TIME HE TOOK DELIVERY OF THE GOODS, AND WAS FINANCIALLY RESPONSIBLE FOR THE CHECKS HE CAUSED TO BOUNCE.
SEE: LOCKS V. U.S. (1978).
ID. AT 877.

WHEREFORE, THE DEFENDANTS SCHEME DOES NOT MEET THE ELEMENTS OF THE THEFT STATUTE UNDER TITLE 11 SEC. 841, AND THAT COUNT MUST BE VACATED AND DISMISSED. FURTHERMORE, CONGRESS HAS IMPOSED A LESSER PENALTY FOR CRIMES COMMITTED BY FALSE PRETENSES, THE STATUTE ISSUING A BAD CHECK. SEE: 11 SEC. 900;
"ISSUING A BAD CHECK IS A CLASS (A) MISDEMEANOR UNLESS THE AMOUNT OF THE CHECK IS $1,000 OR MORE, IN WHICH CASE IT IS A CLASS (G) FELONY."
THE EVIDENCE IN THIS CASE CLEARLY SHOW THE DEFENDANT WROTE TWO BAD CHECKS AT THE SEARS DEPARTMENT STORE, EACH CHECK WAS UNDER $1,000;
SEE: GRAND JURY INDICTMENT.
A-1 - A-2.

(6).

WHEREFORE, THE DEFENDANT COULD NOT BE INDICTED FOR A FELONY UNDER TITLE 11 SEC. 900 FOR HIS ACTIONS, AND HE COULD NOT BE LEGALLY INDICTED FOR FELONY THEFT UNDER TITLE 11 SEC. 841, BECAUSE ISSUING A BAD CHECK DOES NOT MEET THOSE ELEMENTS.
    SEE: U.S. V. PATTON, (3RD.CIR.1941).
    ID. AT 76.

WHEREFORE, THE DEFENDANTS CRIME CAN ONLY BE AN CLASS (A) MISDEMEANOR, AND COUNSEL RAYMOND RADULSKI SHOULD NOT HAVE RECOMMENDED TO THE DEFENDANT TO ACCEPT THE STATES PLEA AGREEMENT, WITHOUT THE APPROPRIATE INVESTIGATION OF THE CASE.
    SEE: (A.B.A., STANDARD 14-3.2.)
    (3D-ED. 1999.)

THESE ERRORS COMMITTED BY COUNSEL VIOLATED THE DEFENDANTS FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS, AND THIS COURT SHOULD FIND THAT MR. RADULSKI ERRORS MEETS BOTH PRONGS OF THE STRICKLAND TEST, DUE TO THE FOLLOWING REASONS: THE AMERICAN BAR ASSOCIATION HAS SET FORTH STANDARDS THAT HIGHLIGHT THE RESPONSIBILITIES OF DEFENSE COUNSEL IN CONNECTION WITH PLEA DISCUSSIONS AND AGREEMENTS. THIS COURT SHOULD FIND THAT MR. RADULSKI HAS VIOLATED BOTH STANDARDS UNDER (A) AND (B), DUE TO COUNSELS UNPROFESSIONAL ERRORS. STANDARD 14-3.2 OF THE A.B.A. STANDARDS FOR CRIMINAL JUSTICE PROVIDES THAT:

(A). Defense counsel should keep the defendant advised of developments arising out of plea discussions conducted with the prosecuting attorney, and should promptly communicate and explain to the defendant all plea offers made by the prosecutor.

(B). To aid the defendant in reaching a decision, defense counsel, after appropriate investigation, should advise the defendant of the alternatives available and address considerations deemed important by defense counsel or the defendant in reaching a decision. Defense counsel should not recommend to a defendant acceptance of a plea unless approriate investigation and study of the case has been completed.
    SEE: A.B.A., STANDARDS FOR CRIMINAL JUSTICE, PLEAS OF GUILTY, STANDARD 14-3.2 (3RD-ED, 1999).

Wherefore, by defense counsel having the defendant take a plea to an theft felony count, when the evidence of the case can only charge an Class(A) misdemeanor under Title 11 Sec. 900, this court must find that counsel Mr. Radulski violated his "Responsibilities" under the A.B.A. Standards. An attorney has an obligation to fully communicate to his or her client the terms and conditions of proffered plea bargains in criminal cases.
    SEE: PROF. COND. R. 1.2. AND 1.4.

In this setting, attorneys are frequently called upon to advise and consult with their clients in order to assist the client in determining how best to proceed. SEE: PROF. COND. R. 1.2. AND 2.1.

(8).

An attorney's role in this area of representation is critical and fulfilling that role requires the attorney to act with diligence.
SEE: PROF. COND. R. 1.3.

WHEREFORE, due to Mr. Radulski's unprofessional errors, this court should find that counsel violated the Professional Conduct Rules. 1.2, 1.3, 1.4. AND 2.1.

The oft-stated test for evaluating the effectiveness of counsel requires the court to engage in a two-pronged analysis: (I) whether "counsel's representation fell below an objective standard of reasonableness. And (II) whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."
SEE: STRICKLAND V. WASHINGTON, (1984).
466 U.S. 668, 694.
RILEY V. STATE, (DEL. 1990).
585 A.2D 719, 726.

Where the claim arises in the context of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and the defendant would have not pleaded guilty and would have insisted on going to trial."
SEE: HILL V. LOCKHART, (1985).
474 U.S. 52, 59.
ALBURY V. STATE, (DEL. 1988).
551 A.2D 53, 58.

(9).

As the defendant stated before, on 10-23-1996, the day of his trial, it was counsels decision to take the states plea agreement, not the defendants, and by counsel permitting a client to enter into an plea for a theft felony count, when the evidence of the case can only charge two class (A) misdemeanors under Title 11 sec. 900, these errors can not be viewed within the range of effective assistance of counsel. Mr. Radulskis decision was objectively unreasonable, and unconstitutional, and this court must find counsels errors meets both prongs of the Strickland test. Because had I the petitioner received proper advice and assistance from counsel, that I could only be charged under the misdemeanor statute for the bad checks I wrote, I would not have surrendered trial and appellate rights, in exchange for state promises that were of no direct benefit to me. Counsel should have been aware of these claims, because even back in 1941, issuance of a worthless check was a specific offense under the statute section 5218, Rev. Code 1935.

SEE: LAIRD V. EMP. LIAB. ASSUR. CORP. (DEL. SUPER.) 1941
18 A.2D 861. EX.(D).

(10).

"THE EVIL OF DRAWING AND ISSUING CHECKS ON BANKS IN WHICH THE DRAWER HAS NO FUNDS, OR INSUFFICIENT FUNDS, HAD BEEN LONG RECOGNIZED; AND THE STATUTE WAS ENACTED TO PROTECT THE PUBLIC AGAINST THIS FORM OF CHEAT. MANIFESTLY, THE OBTAINING OF PROPERTY BY GIVING TO THE SELLER A WORTHLESS CHECK IS NOT LARCENY OR THEFT; THE GIVING OF A CHECK ON BANKS WHERE THE DRAWER HAS NO FUNDS OR INSUFFICIENT FUNDS, AND HAS MADE NO ARRANGEMENTS FOR THE HONORING OF THE CHECK, IS A SPECIES OF FALSE PRETENSE."

SEE: LAIRD V. EMP. LIAB. ASSUR. CORP. (DEL. SUPER.) ID. AT 862. EX.(D).

QUOTING: STATE V. VANDENBURG, (DEL. GEN. SESS. 1938). 2 A.2D 916. EX.(E).

"IT IS A FRAUD OF COURSE, BUT IT IS NOT STEALING, THE LOSS DID NOT RESULT FROM LARCENY OR THEFT, BUT THROUGH A DISTINCT SPECIES OF FRAUD."

SEE: LAIRD, SUPER. ID. AT 864.

WHEREFORE, THE PLEA AGREEMENT ENTERED INTO BY THE PETITIONER AND THE GUILTY PLEAS THAT FOLLOWED, MUST BE SET ASIDE AS NOT VOLUNTARY AND INTELLIGENTLY ENTERED, BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL. SEE: MACDONALD V. STATE, (DEL. 2001). 778 A.2D AT 1076.

ON OCTOBER 23RD 1996, THE DAY OF THE PETITIONERS TRIAL, COUNSEL SHOULD HAVE OBJECTED TO THE THEFT FELONY COUNT, AND FILED A MOTION FOR JUDGMENT OF ACQUITTAL BASED ON INSUFFICIENT EVIDENCE CLAIMS.

SEE: MONROE V. STATE (DEL. 1994). 652 A.2D 560, 563.

(11).

II. THE PROSECUTOR COMMITTED MISCONDUCT BY IMPROPERLY CHARGING THE DEFENDANT WITH A ILLEGAL THEFT FELONY COUNT, AND BY OFFERING A PLEA CONTAINING SUCH CHARGE, THESE ERRORS VIOLATED THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS.

ARGUMENT.

ON 6-21-1996, THE DEFENDANT WAS ARRESTED FOR ALLEGEDLY ISSUING TWO BAD CHECKS UNDER $1,000.00, AT THE SEARS DEPARTMENT STORE. EACH CHECK WAS WRITTEN ON TWO DIFFERENT OCCASIONS, DECEMBER 24TH 1995, IN THE AMOUNT OF $299.99, AND ON JANUARY 10TH 1996, IN THE AMOUNT OF $288.96. ON JULY 8TH 1996, THE DEFENDANT WAS INDICTED AND CHARGED WITH ONE COUNT OF THEFT FELONY OVER $500.00, IN VIOLATION OF TITLE 11 SEC. 841, AND TWO COUNTS OF ISSUING A BAD CHECK UNDER $1,000.00, CLASS (A) MISDEMEANORS, IN VIOLATION OF TITLE 11 SEC. 900.
SEE: GRAND JURY INDICTMENT.
A-1 - A-2.

THE PETITIONER ASSERTS THAT THE PROSECUTOR IN THIS CASE, MS. DIANE WALSH, COMMITTED MISCONDUCT BY IMPROPERLY CHARGING HIM WITH A ILLEGAL THEFT FELONY COUNT, AND BY OFFERING A PLEA CONTAINING SUCH CHARGE. DUE TO INSUFFICIENT EVIDENCE, THE PROSECUTOR SHOULD HAVE KNOWN THAT NO RATIONAL TRIER OF FACT COULD FIND THE PETITIONER COMMITTED THE CHARGED OFFENSE, BECAUSE ISSUING A BAD CHECK FOR MERCHANDISE DOES NOT MEET THE ELEMENTS UNDER TITLE 11 SEC. 841.

(12).

THE PETITIONERS THEFT FELONY CHARGE IS ILLEGAL AND UNCONSTITUTIONAL, BECAUSE THE GOVERNMENTS FACTUAL ALLEGATIONS WHILE PERHAPS WARRANTING AN INDICTMENT CHARGING FALSE PRETENSES, DID NOT PERMIT AN INDICTMENT FOR THE MORE SEVERLY PUNISHABLE OFFENSE THEFT FELONY, GIVEN THE ELEMENTS OF THAT PARTICULAR CRIME.
SEE: LOCKS V. U.S., (1978).
388 A.2D 873. EX.(B).

AN INDICTMENT FOR FELONY THEFT, WITH ITS HEAVIER PENALTY UP TO 2 YEARS, IS AVAILABLE ONLY WHEN ONE FELONIOUSLY TAKES AWAY PROPERTY WHICH AT THE TIME OF THE TAKING, REMAINS THE PROPERTY OF THE VICTIM WHICH IS NOT THE CASE HERE. SEE: TITLE 11 SEC. 841.

WHETHER THE INDIVIDUAL WHO PASSES A BAD CHECK IS ACTING ALONE OR AS AN AGENT, THE CRIME FOR WHICH ANY PARTICIPANT, PRINCIPAL OR AGENT, WILL BE CHARGEABLE IS PREMISED ON INDUCEMENT OF THE SELLER TO TRANSFER TITLE THE CLASSIC INDICATOR OF FALSE PRETENSES. SEE: LOCKS V. U.S., (1978).
ID. AT 876.

IN CLASSIC TERMINOLOGY, "THE DISTINCTION DRAWN BY THE COMMON LAW IS BETWEEN THE CASE OF ONE WHO GIVES UP POSSESSION OF A CHATTEL FOR A SPECIAL PURPOSE TO ANOTHER WHO BY CONVERTING IT TO HIS OWN USE IS HELD TO HAVE COMMITTED A TRESPASS, AND THE CASE OF ONE WHO, ALTHOUGH INDUCED BY FRAUD OR TRICK, NEVERTHELESS ACTUALLY INTENDS THAT TITLE TO THE CHATTEL SHALL PASS TO THE WRONGDOER."
SEE: U.S. V. PATTON, (3RD. CIR. 1941).
120 F.2D 73, 76. EX.(C).

(13).

NO COUNT CAN BE CHARACTERIZED AS A CHARGE OF THEFT FROM THE DEFENDANT WHO ACQUIRED TITLE AT THE TIME HE TOOK DELIVERY OF THE GOODS, AND WAS FINANCIALLY RESPONSIBLE FOR THE CHECKS HE CAUSED TO BOUNCE. SEE: LOCKS V. U.S, (1978).
<u>ID. AT 877.</u>

WHEREFORE, THE PETITIONERS SCHEME DOES NOT MEET THE ELEMENTS OF THE THEFT STATUTE UNDER TITLE 11 SEC. 841, AND ON OCTOBER 23RD 1996, THE DAY OF THE PETITIONERS TRIAL, THE PROSECUTOR SHOULD HAVE FILED A PRETRIAL MOTION REQUESTING DISMISSAL OF THE THEFT FELONY CHARGE IN THE INDICTMENT, BECAUSE THE STATE COULD NOT PROVE THE ELEMENTS OF THE OFFENSE CHARGED. SEE: GREEN V. STATE, DEL. SUPER.
<u>376 A.2D 424, 429.</u>

BUT INSTEAD, THE PROSECUTOR COMMITTED MISCONDUCT BY OFFERING THE PETITIONER A PLEA AGREEMENT.
SEE: STATES PLEA AGREEMENT.
<u>A-3.</u>

THESE ERRORS COMMITTED BY THE PROSECUTOR VIOLATES RULE 3.8. OF THE DELAWARE LAWYERS RULES OF PROF. COND. "THE PROSECUTOR IN A CRIMINAL CASE SHALL (A). REFRAIN FROM PROSECUTING A CHARGE THAT THE PROSECUTOR KNOWS IS NOT SUPPORTED BY PROBABLE CAUSE."
SEE: D.L.R.P.C. RULE 3.8.
SPECIAL RESPONSIBILITIES
<u>OF A PROSECUTOR.</u>

WHEREFORE, THIS COURT SHOULD FIND THAT THE PROSECUTOR IN THIS CASE COMMITTED MISCONDUCT, AND THE GUILTY PLEAS THAT FOLLOWED, MUST BE SET ASIDE AS NOT VOLUNTARY AND INTELLIGENTLY ENTERED.

(14).

## CONCLUSION.

WHEREFORE, DUE TO THE ENCLOSED GROUNDS AND THE AUTHORITIES CITED HEREIN, THE PETITIONER SHOULD BE GRANTED AN ORDER SETTING ASIDE HIS GUILTY PLEA, AND THE ILLEGAL THEFT FELONY CHARGE IN 96-07-0070 MUST BE DISMISSED.

DATED: 6-21-2005.

William F. Johnson Jr.
Petitioner: 202367.
D.C.C.
1181 Paddock Rd.
Smyrna, Del. 19977

(15).