# SUPERIOR COURT OF DELAWARE

County **NEW CASTLE COUNTY**

## Referral Memorandum

FILED
PROTHONOTARY

Date: **DECEMBER 15, 1999**

'99 DEC 17 P4:13

To: **KESTER CROSSE, ESQUIRE**

Re: State v. **WILLIAM T. JOHNSON, ID#9606009907**

Cr.A.No. _____

THE ATTACHED DOCUMENT, WHICH HAS BEEN RECEIVED AND REVIEWED BY THE COURT, IS REFERRED TO YOU AS COUNSEL OF RECORD FOR WHATEVER ACTION YOU DEEM APPROPRIATE.

_____
Judge

Attachment (copy of document)
cc: Prothonotary (w/orig. att.)
    Dept. of Justice (w/att.)
    Presentence (w/att.) (if def. is pending sentencing)
    Defendant/Correspondent

A-8.

9-27-2000.

WILLIAM T. JOHNSON JR,
V.S.
STATE OF DELAWARE.
ID. No. 9606009707.
IN. 96070070.



#75

DEAR JUDGE SILVERMAN,
MY NAME IS WILLIAM T. JOHNSON JR, AND I'M THE DEFENDANT IN THE ABOVE CASE. RESPECTFULLY YOUR HONOR, ON 11-17-99, I FILED A MOTION FOR MODIFICATION OF SENTENCE AND/OR TO WITHDRAW MY GUILTY PLEA. AND ACCORDING TO THE SUPERIOR COURT CRIMINAL DOCKET, MY MOTION HAS BEEN REFERED TO MR. KESTER CROSSE ESQ, ON 12-17-2000. YOUR HONOR I HAVE WROTE TO MR. CROSSE REQUESTING THAT HE INFORM ME WITH ANY INFORMATION OR STATUS OF MY MOTION, WHICH HE HAS FAILED TO RESPOND. RESPECTFULLY YOUR HONOR IT HAS NOW BEEN 10 MONTHS, AND I HAVE NOT RECEIVED ANY RULING ON MY MOTION FROM YOU AND THE COURT.

WHEREFORE, I REQUEST THAT YOU PROMPTLY MAKE A RULING ON MY MOTION WITHIN 30 DAYS OF THIS LETTER, AND PLEASE FORWARD TO ME A COPY OF YOUR RULING. AND/OR PLEASE RESPOND TO THIS LETTER WITH YOUR CONCERNS ETC. THANK YOU.

Sincerely
William T. Johnson Jr. #202367,
M.P.C.J.F., P.O. BOX 9561
Wilm, Del. 19809

A-9.

```
                    SUPERIOR COURT CRIMINAL DOCKET                      Page      1
                        ( as of   03/21/2000 )

State of Delaware v.  WILLIAM T JOHNSON                         DOB: 11/12/1971
State's Atty: DIANE M COFFEY , Esq.        AKA: TIMOTHY W JOHNSON
Defense Atty: RAYMOND M RADULSKI , Esq.         TIMOTHY W JOHNSON
                                                TIMITHOY JOHNSON


Assigned Judge:

Charges:
Count      DUC#          Crim.Action#      Description         Dispo.    Dispo. Date
-----------------------------------------------------------------------------------
 001    9606009907       IN96070070        THEFT $500 OR >      PG       10/23/1996
 002    9606009907       IN96070071        BAD CK<$1000         NOLP     10/24/1996
 003    9606009907       IN96070072        BAD CK<$1000         NOLP     10/24/1996
 005    9606009907       VN9607007001      VIOL O/PROBATN       VIOL     01/08/1998

       Event
No.    Date              Event                                  Judge
-----------------------------------------------------------------------------------
 1    07/01/1996
        CASE ACCEPTED IN SUPERIOR COURT.
        ARREST DATE: 06/21/96
        PRELIMINARY HEARING DATE: 07/01/96 WAIVED.
        BAIL:
        HELD ON SECURED BAIL                     100.00 100
        RELEASED ON UNSECURED BOND                200.00
 2    07/08/1996
        INDICTMENT, TRUE BILL FILED.
 3    07/08/1996
        INDICTMENT, TRUE BILL FILED.
 4    07/08/1996
        NOTICE OF SERVICE - DISCOVERY RESPONSE.
 5    07/24/1996
        NOTICE OF SERVICE OF DISCOVERY AND ACKNOWLEDGEMENT OF RECEIPT OF
 6    08/21/1996
        SUMMONS MAILED.
 7    08/27/1996
        SUMMONS SENT BY MAIL RETURNED.
 8    09/05/1996                                               BARRON NORMAN A.
        CASE REVIEW CALENDAR, CONTINUED.
 9    09/25/1996
        SUBPOENA(S) MAILED.
10    09/25/1996
        SUBPOENA(S) MAILED.
11    10/03/1996
        STATE'S WITNESS SUBPOENA ISSUED.
12    10/08/1996
        SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
```

A-10.

```
                       SUPERIOR COURT CRIMINAL DOCKET                    Page    2
                            ( as of  03/21/2000 )

State of Delaware v.  WILLIAM T JOHNSON                         DOB: 11/12/1971
State's Atty: DIANE M COFFEY , Esq.        AKA: TIMOTHY W JOHNSON
Defense Atty:                                   TIMITHOY JOHNSON

        Event
No.     Date              Event                                   Judge
---------------------------------------------------------------------------------
 13    10/08/1996
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
 14    10/08/1996
         SHERIFF'S COSTS FOR SUBPOENAS DELIVERD.
 15    10/22/1996                                         SILVERMAN FRED S.
         TRIAL CALENDAR, CONTINUED.
       10/23/1996                                         SILVERMAN FRED S.
         TRIAL CALENDAR-DEFENDANT PLED GUILTY, SENTENCED.
         TO 0070, THEFT(F)>
 16    10/23/1996
         PLEA AGREEMENT FILED.
         TIS
 17    10/23/1996
         GUILTY PLEA FORM FILED.
 19    10/23/1996                                         SILVERMAN FRED S.
         SENTENCE: ORDER FILED 12121996
 18    10/24/1996
         NOLLE PROSEQUI FILED BY ATTORNEY GENERAL.
         0071 & 0072, RSN: PLED & SENT.
 20    06/24/1997                                         SILVERMAN FRED S.
         PROGRESS REPORT FROM PROBATION AND PAROLE FILED.
         RECOMMENDATIONS: OTHER DEFER PROBATION UNTIL RELEASE ON 11/23/97
 21    01/06/1998                                         GEBELEIN RICHARD S.
         VIOLATION OF PROBATION REPORT FILED.
         SERVICE REQUESTED:  SUMMONS
         SO ORDERED
 22    11/17/1999
         MOTION FOR MODIFICATION OF SENTENCE OR
         TO WITHDRAW GUILTY PLEA FILED
         REFERRED TO JUDGE SILVERMAN
         REFERRED TO PRESENTENCE FOR JUDGE SILVERMAN 12/10/99
 23    12/17/1999                                         SILVERMAN FRED S.
         REFERRAL MEMORANDUM.
         TO KESTER CROSSE,ESQ. DEFT'S MOTION.    840 N. UNION ST
                                                 658-8740
 24    12/21/1999
         DEFENDANT'S LETTER FILED.

              *** END OF DOCKET LISTING AS OF  03/21/2000 ***
                       PRINTED BY: CSCCGRE
```

A-11.

SUPERIOR COURT
OF THE
STATE OF DELAWARE

FRED S. SILVERMAN
JUDGE

ONE RODNEY SQUARE, SUITE 101
920 KING STREET
WILMINGTON, DELAWARE 19801

October 17, 2000

Raymond Radulski, Esquire
Public Defender's Office
Carvel State Office Building
820 N. French Street, 5th Fl.
Wilmington, DE 19801

      Re: *State v. William J. Johnson*, ID#9606009907

Dear Mr. Radulski:

      Enclosed is your client's letter dated September 27, 2000. Your client claims that he pleaded guilty to felony theft on October 23, 1996 in connection with an indictment charging him with a theft that occurred between December 24, 1995 and January 10, 1996. The indictment alleges that the amount of the theft was in excess of $500. Meanwhile, the criminal statute under which he was indicted, 11 *Del. C.* § 841, was amended to increase the felony threshold from $500 to $1,000, effective July 10, 1996. In other words, it appears that when Defendant committed his crime, the felony threshold was $500, but by the time he pleaded guilty and he was sentenced, the threshold had been raised to $1,000. In short, your client thinks that when the law was changed, its effect related back to the time he committed the crimes.

      It appears to me that like your client recognizes, the "effective date" for the felony threshold's increase came several months after Defendant committed his crime. Accordingly, his indictment, guilty plea and sentence are correct because they all fell under the older version of the law. Moreover, it is not clear that this sort of claim is timely at this point.

      In any event, your client attempted to file a motion on his behalf on November 17, 1999 and it was referred in error to Mr. Crosse. Acknowledge your client's communications and advise the Court when you have done that.

      Very truly yours,

      *[signature]*

FSS/lah
encl.
oc: Prothonotary
pc: Diane M. Coffey, Deputy Attorney General
    William Johnson

A-12.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR __NEWCASTLE__ COUNTY.

STATE OF DELAWARE

V.

__WILLIAM T. JOHNSON JR.__
Name of Movant on Indictment

__N/A.__
Correct full name of Movant

No. __9606009907__
CR. A. NOS: __IN96070070;__
THRU __0071-0072.__

THE HONORABLE JUDGE;
FRED S. SILVERMAN.

## MOTION FOR POSTCONVICTION RELIEF

### INSTRUCTIONS

(1)    This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury.

(2)    All grounds for relief and supporting facts must be included, and all questions must be answered briefly in the proper space on the form.

(3)    Additional pages are not permitted. If more room is needed, use the reverse side of the sheet.

(4)    No citation of authorities is required. If legal arguments are submitted, this should be done in a separate memorandum.

(5)    Only convictions that were included in the same plea agreement or were tried together may be challenged in a single motion.

(6)    When the motion is completed, the original must be mailed to the Prothonotary in the county in which the judgment of conviction was entered. No fee is required.

(7)    The motion will be accepted if it conforms to these instructions. Otherwise, it will be returned with a notation as to the deficiency.

### MOTION

1. County in which you were convicted __NEWCASTLE.__

2. Judge who imposed sentence __FRED S. SILVERMAN.__

3. Date sentence was imposed __10-23-1996.__

4. OFFENSE FOR WHICH DEFENDANT WAS SENTENCE AND LENGTH. FELONY THEFT OVER $500.00; IN96070070. 2 YEARS SUSPENDED FOR 1 YEAR LEVEL 3. AND 1 YEAR LEVEL 1 PROBATION.

A-13.

5.  Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?
    Yes ( ✓ )   No (   )
    If your answer is "yes," give the following information:
    Name and location of court(s) which imposed the other sentence(s):
    _SUPERIOR COURT NEWCASTLE COUNTY._

    Date sentence(s) imposed: _12-11-1998._
    Length of sentence(s) _8 YEARS_

6.  What was the basis for the judgment(s) of conviction? (Check one)
    Plea of guilty (✗)
    Plea of guilty without admission of guilt ("Robinson plea")   (   )
    Plea of nolo contendere   (   )
    Verdict of jury   (   )
    Finding of judge (nonjury trial)   (   )

7.  Judge who accepted plea or presided at trial _FRED S. SILVERMAN_

8.  Did you take the witness stand and testify? (Check one)
    No trial (✗)   Yes (   )   No (   )

9.  Did you appeal from the judgment of conviction? Yes (   )   No ( ✓ )
    If your answer is "yes," give the following information:
    Case number of appeal _N/A_
    Date of court's final order or opinion _N/A_

10. Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court? Yes ( ✓ ) No (   )
    How many? ( 1 )
    If your answer is "yes," give the following information as to each: _DATED: 11-17-1999._
    Nature of proceeding(s) _MOTION TO WITHDRAW GUILTY PLEA._
    Grounds raised _THAT THE THEFT FELONY CHARGE WAS ILLEGAL._

    Was there an evidentiary hearing? _NO_
    Case number of proceeding(s) _9606009907._
    Date(s) of court's final order(s) or opinion(s) _CASE MOTION STILL PENDING._
    Did you appeal the result(s)? _NO BECAUSE MOTION STILL PENDING._
    _DATED 11-17-1999._

11. Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment(s) under attack in this motion:
    At plea of guilty or trial
    On appeal
    In any postconviction proceeding

11. Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment/s under attack in this motion:
    At plea of guilty or trial ___MR. RAYMOND RADULSKI, PUBLIC DEFENDER___
    On appeal ___N/A___
    In any postconviction proceeding ___N/A___

12. State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground/s which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy, illegal detention, arrest, or search and seizure, coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial, denial of the right to confront witnesses, to subpoena witnesses, to testify, to ineffective assistance of counsel, suppression of favorable evidence, or unfulfilled plea agreement.

    Ground one: ___SEE ENCLOSED MEMORANDUM.___
    Supporting Facts: (state facts briefly, without citing cases)
    ___SEE ENCLOSED MEMORANDUM.___

    Ground two: ___SEE ENCLOSED MEMORANDUM.___
    Supporting Facts: (state facts briefly, without citing cases)
    ___SEE Enclose MEMORANDUM.___

    Ground three: ___SEE ENCLOSED MEMORANDUM.___
    Supporting Facts: (state facts briefly, without citing cases)
    ___SEE ENCLOSED MEMORANDUM.___

    If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason/s for not doing so: ___N/A___

Wherefore, movant asks this court to grant him all relief to which he may be entitled in this proceeding.
I declare the truth of the above under penalty of perjury.

Date ___7-16-2004___                    ___William F. Johnson, Jr.___
                                                Signature of Movant