IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEWCASTLE COUNTY.

| | |
|---|---|
| WILLIAM T. JOHNSON JR.<br>DEFENDANT.<br><br>V.<br><br>STATE OF DELAWARE,<br>RESPONDENT. | I.D. 9606009907.<br>CR.A.NOS: IN 96070070.<br>THRU 0071-0072.<br>THE HONORABLE JUDGE:<br>FRED. S. SILVERMAN.<br>NEWCASTLE COUNTY. |

DEFENDANTS MEMORANDOM FOR POSTCONVICTION
RELIEF UNDER RULE 61.

NOTE: THIS 61 MOTION IS TO BE AMENDED TO THE DEFENDANTS
MOTION TO WITHDRAW GUILTY PLEA, WHICH WAS FILED ON 11-17-1999.

STATES ATTORNEY.

MS. DIANE M. COFFEY, ESQ.
DEPARTMENT OF JUSTICE BLD.
820 N. FRENCH ST.
WILM, DEL. 19801

RESPECTFULLY SUBMITTED.
William T. Johnson Jr.
D.C.C. #202367
1181 PADDOCK RD.
SMYRNA, DEL. 19977

DATED: 7-16-2004.

A-13.

NOW COMES THE DEFENDANT WILLIAM T. JOHNSON JR., PRO/SE, REQUESTING THAT THIS HONORABLE COURT GRANT HIS MOTION FOR POSTCONVICTION RELIEF BY, (A). WITHDRAWING THE DEFENDANTS GUILTY PLEA. OR (B). VACATE THE DEFENDANTS THEFT FELONY COUNT: 0070. IN SUPPORT OF THIS MOTION THE DEFENDANT OFFERS THE FOLLOWING GROUNDS LISTED BELOW:

I. COUNSEL WAS INEFFECTIVE BY FAILING TO OBJECT OR INVESTIGATE THE EVIDENCE PRESENTED BY THE STATE, AND BY FAILING TO OBJECT TO THE GRAND JURY INDICTMENT, AND COUNSEL SHOULD HAVE FILED A MOTION WITH THE COURT, REQUESTING DISMISSAL OF THE INDICTMENT AND/OR A MOTION TO HAVE THE INDICTMENT AMENDED.

II. COUNSEL WAS INEFFECTIVE BY COERCING THE DEFENDANT INTO PLEAING TO AN ILLEGAL THEFT FELONY COUNT, WHICH THE EVIDENCE IN THE CASE FAILS TO MEET THE STATUTE UNDER TITLE 11 SEC. 841, THE DEFENDANTS THEFT CHARGE CAN ONLY BE AN CLASS (A) MISDEMEANOR.

III. THE PROSECUTOR COMMITTED MISCONDUCT, DOUBLE JEOPARDY, MANIFEST INJUSTICE AND A MISCARRIAGE OF JUSTICE, BY OFFERING THE DEFENDANT AN ILLEGAL PLEA AGREEMENT CONTAINING A ILLEGAL THEFT FELONY COUNT, WHICH ERRORS VIOLATED THE DEFENDANTS CONSTITUTIONAL DUE-PROCESS RIGHTS UNDER FIFTH, SIXTH AND FOURTEENTH AMENDMENTS.

## STATEMENT OF FACTS.

ON JULY 8TH 1996, THE DEFENDANT WAS INDICTED BY A NEW CASTLE COUNTY GRAND JURY AND CHARGED WITH TWO COUNTS OF ISSUING A BAD CHECK UNDER $1,000.00 WHICH IS A CLASS (A) MISDEMEANOR. IN VIOLATION OF TITLE 11, SEC. 900 OF THE DELAWARE CODE, AND THE DEFENDANT WAS CHARGED WITH ONE COUNT OF THEFT FELONY OVER $500.00, IN VIOLATION OF TITLE 11, SEC. 841 OF THE DELAWARE CODE. ON OCTOBER 23RD 1996, THE DEFENDANT PLED GUILTY TO THE THEFT FELONY COUNT, AND THE STATE NOLLE-PROSESSED THE TWO BAD CHECK COUNTS. 0071-0072. ON THE SAME DAY THE PLEA WAS ENTERD, THE DEFENDANT WAS SENTENCED TO 2 YEARS LEVEL 5, SUSPENDED FOR 1 YEAR LEVEL 3 AND 1 YEAR LEVEL 1. THERE WAS NO APPEAL CONCERNING THE PLEA AGREEMENT. ON NOVEMBER 17TH 1999, THE DEFENDANT FILED A MOTION TO WITHDRAW HIS GUILTY PLEA, IN ERROR, THE MOTION WAS REFERRED TO KESTER CROSSE, ESQ. ON OCTOBER 17TH 2000, THE HONORABLE JUDGE FRED S. SILVERMAN SENT A LETTER TO COUNSEL RAYMOND RADULSKI ESQ., REQUESTING THAT HE "ACKNOWLEDGE HIS CLIENTS COMMUNICATIONS AND ADVISE THE COURT WHEN HE HAS DONE THAT." SEE: JUDGES LETTER: ATTACHED EXHIBIT (A).

MR. RADULSKI HAS FAILED TO CONTACT THE DEFENDANT, AND ALSO HAS FAILED TO ADVISE THE COURT OF ANY POSSITION CONCERNING THE DEFENDANTS 11-17-1999 MOTION, WHEREFORE, THE DEFENDANT RESPECTFULLY ASK THE COURT TO ACCEPT HIS 61 MOTION AS AN AMENDMENT TO HIS MOTION DATED 11-17-1999.

## RULE 61 PROCEDURAL BARS.

UNDER DELAWARE LAW, WHEN CONSIDERING A MOTION FOR POSTCONVICTION RELIEF, THIS COURT MUST FIRST DETERMINE WHETHER THE DEFENDANT HAS MET THE PROCEDURAL REQUIREMENTS OF SUPERIOR COURT CRIMINAL RULE 61(I) BEFORE IT MAY CONSIDER THE MERITS OF DEFENDANTS POSTCONVICTION CLAIMS.

SEE: BAILEY VS. STATE,
588 A.2D 1121, 1127. (DEL. 1991)
YOUNGER V. STATE,
580 A.2D 552, 554. (DEL. 1990).

TO PROTECT THE INTEGRITY OF THE PROCEDURAL RULES, THE COURT SHOULD NOT CONSIDER THE MERITS OF A POSTCONVICTION CLAIM WHERE A PROCEDURAL BAR EXISTS.

SEE: STATE V. GATTIS,
1995 WL 790961, AT *2.

PURSUANT TO RULE 61(I)(1), A POSTCONVICTION MOTION THAT IS FILED MORE THAN THREE YEARS AFTER JUDGMENT OF CONVICTION IS UNTIMELY, AND THUS PROCEDURALLY BARRED. THE DEFENDANTS CONVICTION BECAME FINAL ON NOVEMBER 23RD 1996, WHICH WAS 30 DAYS AFTER SENTENCING. SEE: SUPERIOR CT. RULE 61(I)(1)(B).

ON NOVEMBER 17TH 1999, THE DEFENDANT FILED A MOTION TO WITHDRAW HIS GUILTY PLEA, BUT IN ERROR, THE MOTION WAS REFERRED TO AN ATTORNEY BY THE NAME OF MR. KESTER CROSSE, ESQ.

ON OCTOBER 17TH 2000, THE HONORABLE JUDGE FRED S. SILVERMAN SENT A LETTER TO COUNSEL RAYMOND RADULSKI ESQ., REQUESTING THAT HE ACKNOWLEDGE HIS CLIENTS COMMUNICATIONS AND ADVISE THE COURT WHEN HE HAS DONE THAT.

SEE: JUDGES LETTER.
ATTACHED EXHIBIT (A).

(3).

MR. RADULSKI HAS FAILED TO CONTACT THE DEFENDANT AND ALSO HAS FAILED TO ADVISE THE COURT OF ANY POSITION CONCERNING THE DEFENDANTS 1999 MOTION. WHEREFORE, THE DEFENDANTS 1999 MOTION, SHOULD HAVE BEEN CONSIDERED FILED AS AN MOTION UNDER SUPERIOR COURT RULE 61 FOR POSTCONVICTION RELIEF, AND TO THE DEFENDANTS KNOWLEDGE, THERE HAS NOT BEEN ANY FAIR DECISION MADE ON THOSE ALLEGATIONS.

WHEREFORE, THE DEFENDANT RESPECTFULLY ASK THE COURT TO ACCEPT HIS 61 MOTION AS AN AMENDMENT TO HIS 11-17-1999 MOTION, AND IF THE COURT AGREE'S WITH THE DEFENDANTS REQUEST, THE DEFENDANT WILL OVERCOME THE TIME LIMITATION SET FORTH IN RULE 61(I)(1). BECAUSE THE DEFENDANTS 1999 MOTION TO WITHDRAW, WAS FILED TIMELY. THUS, THE DEFENDANTS POSTCONVICTION MOTION WILL NOT BE PROCEDURALLY BARRED UNDER RULE 61(I)(1).

IN ADDITION, THIS IS DEFENDANTS INITIAL MOTION FOR POSTCONVICTION RELIEF SEEKING RELIEF FROM THIS JUDGMENT. THEREFORE, THE BAR OF RULE 61(I)(2), WHICH PRECLUDES CONSIDERATION OF ANY CLAIM NOT PREVIOUSLY ASSERTED IN A POSTCONVICTION MOTION, DOES NOT APPLY EITHER.

RULE 61(I)(3), CONTAINS ANOTHER BAR, BY PROVIDING THAT "ANY GROUND FOR RELIEF THAT WAS NOT ASSERTED IN THE PROCEEDINGS LEADING TO THE JUDGMENT OF CONVICTION, IS THEREAFTER BARRED, UNLESS THE MOVANT SHOWS (A) CAUSE FOR RELIEF FROM THE PROCEDURAL DEFAULT, AND (B) PREJUDICE FROM VIOLATION OF THE MOVANT'S RIGHTS."

SEE: SUPER. CT. CRIM. R. 61(I)(2).
      SUPER. CT. CRIM. R. 61(I)(3).

(4).

WHEN REFERRING TO THE DEFENDANTS INEFFECTIVE CLAIMS, THE DEFENDANT DO NOT HAVE TO DEMONSTRATE CAUSE FOR RELIEF AND ACTUAL PREJUDICE UNDER 61(I)(3), BECAUSE INEFFECTIVE CLAIMS ARE NOT ASSERTABLE ON DIRECT APPEAL, BUT APPROPRIATE IN MOTIONS FOR POSTCONVICTION RELIEF. SEE: MALDONALD V. STATE (DEL.) 778 A.2d 1064,1071. (2001).
SEE: FLAMER V. STATE, (DEL.) 585 A.2d 736,753,(1990).

WHEN REFERRING TO THE DEFENDANTS PROSECUTOR MISCONDUCT CLAIMS, THE DEFENDANT HAS SHOWN PREJUDICE FROM VIOLATION OF THE MOVANTS RIGHTS.
THUS, DEFENDANTS CLAIMS COULD NOT HAVE BEEN RAISED ON DIRECT APPEAL, THEREFORE, THE BAR OF RULE 61(I)(3) IS INAPPLICABLE.

THE DEFENDANT HAS ALSO OVERCOME THE BARS TO RELIEF UNDER RULE 61(I)(4), BECAUSE EACH GROUND RAISED BY THE DEFENDANT HAS NOT BEEN FORMERLY ADJUDICATED IN ANY PROCEEDINGS LEADING TO THE JUDGMENT OF CONVICTION, AN APPEAL, POSTCONVICTION PROCEEDING OR IN A FEDERAL HABEAS CORPUS PROCEEDING. THEREFORE, THE BAR OF RULE 61(I)(4) IS INAPPLICABLE.
WHEREFORE, IN ANY EVENT, THAT THE STATE WOULD ARGUE THAT THE DEFENDANTS CLAIMS FAILS PROCEDURALLY UNDER SUPERIOR COURT RULES 61(I)(1) THRU(I)(4), THE DEFENDANT CAN "ELABORATE" TO THE PROCEDURAL SAFEGUARDS OF RULE 61(I)(5), AS A FOUNDATION FOR RELIEF. BECAUSE THE DEFENDANTS CLAIMS HAS PROVEN A "MESCARREAGE OF JUSTICE", AND UNDER THE "FUNDAMENTAL FAIRNESS EXCEPTION," THE DEFENDANT HAS RAISED "COLORABLE CLAIMS," AND RULE 61(I)(5) IS AVAILABLE TO THE DEFENDANT.
SEE: WEBSTER V. STATE, (DEL. 1992). 604 A.2d 1364,1366.
YOUNGER V. STATE, (DEL. 1990). 580 A.2d 552,555
STATE V. ROSA, (DEL. 1992). WL 302295, AT #7.

(5).

## STANDARD AND SCOPE OF REVIEW.

WHETHER COUNSEL WAS INEFFECTIVE BY FAILING TO OBJECT OR INVESTIGATE THE EVIDENCE PRESENTED BY THE STATE, AND BY FAILING TO OBJECT TO THE GRAND JURY INDICTMENT, AND WHETHER COUNSEL SHOULD HAVE FILED A MOTION WITH THE COURT REQUESTING DISMISSAL OF THE INDICTMENT, AND/OR A MOTION TO HAVE THE INDICTMENT AMENDED.

## ARGUMENT I.

ON 6-21-1996, THE DEFENDANT WAS ARRESTED FOR ALLEGEDLY ISSUING TWO BAD CHECKS UNDER $500.00 AT THE SEARS DEPARTMENT STORE. EACH CHECK WAS WRITTEN ON 2 DIFFERENT OCCASIONS, DECEMBER 24th 1995 AND JANUARY 10th 1996. THE CASE WAS ASSIGNED TO THE PUBLIC DEFENDERS OFFICE, AND THE DEFENDANT WAS REPRESENTED BY MR. RAYMOND RADULSKI ESQ. THE DEFENDANT ASSERTS THAT MR. RADULSKI WAS INEFFECTIVE WHEN HE REPRESENTED THE DEFENDANT ON THIS CASE, BECAUSE COUNSEL FAILED TO INVESTIGATE THE EVIDENCE IN THE CASE, AND COUNSEL ALSO FAILED TO OBJECT TO THE GRAND JURY INDICTMENT, WHICH THE INDICTMENT WAS ERRORNEOUS ON ITS FACE CONCERNING THE THEFT FELONY COUNT. THIS COURT SHOULD ALSO FIND THAT MR. RADULSKI WAS INEFFECTIVE BY FAILING TO FILE A MOTION WITH THE COURT REQUESTING DISMISSAL OF THE INDICTMENT OR THAT THE INDICTMENT BE AMENDED. SEE: KELLER V. STATE, (DEL)(1981).
425 A.2D 152, 155.
QUTING: STATE V. BLENDT, (DEL. 1956).
120 A.2D 321

ALSO SEE SUPERIOR COURT RULE 7(D) THRU 7(E).
(D). SURPLUSAGE.

(E). AMENDMENT OF INFORMATION.

THE DEFENDANT SUBMITS THAT HIS GUILTY PLEA
AGREEMENT WAS INVOLUNTARY DUE TO INEFFECTIVE
ASSISTANCE OF COUNSEL, THUS ENTITLING THE
DEFENDANT TO WITHDRAW HIS PLEA.
SEE: MACDONALD V. STATE, (DEL. 2001).
778 A.2D 1064.

THE EVIDENCE OF THE CASE SHOWS THAT THE DEFENDANT
ALLEGEDLY ISSUED 2 BAD CHECKS AT THE SEARS DEPARTMENT
STORE. THE VALUE OF EACH CHECK WAS UNDER $500.00
THEREFORE, THE EVIDENCE DOES NOT MEET THE CLASS (6)
FELONY ELEMENTS OF TITLE 11 SEC. 841, AND THE DEFENDANTS
THEFT FELONY COUNT 0070 MUST BE VACATED.
SEE: KELLER V. STATE, (DEL. 1981).
ID. AT 156.

DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL, THE
DEFENDANT PLEAD GUILTY TO AN ILLEGAL THEFT
FELONY CHARGE, AND THE DEFENDANT SHOULD BE
ABLE TO WITHDRAW HIS GUILTY PLEA.
SEE: MACDONALD V. STATE (DEL. 2001)
ID. AT 1075-1076.

COUNSEL, MR. RADULSKI SHOULD HAVE OBJECTED TO THE
INDICTMENT BECAUSE THE INDICTMENT WAS ERRONEOUS
ON ITS FACE. THE INDICTMENT CLAIMS THAT THE
VALUE OF THE THEFT WAS OVER $500.00, WHICH IS
INCORRECT. EACH CHECK WAS WRITTEN ON 2 DIFFERENT
OCCASIONS, 12-24-1995 AND 1-10-1996, THEREFORE, THE
VALUE OF EACH CHECK IS SEPARATE AND THE TAKING
CONSTITUTES A SINGLE CRIMINAL OFFENSE.
SEE: READER V. STATE, (DEL. 1975).
349 A.2D 745, AT 747-748.

(7).

COUNSEL MR. RADULSKI SHOULD HAVE FILED A MOTION WITH THE COURT REQUESTING THAT THE INDICTMENT BE AMENDED TO READ THEFT UNDER $500.00 AN CLASS (A) MISDEMEANOR. SEE: SUPERIOR CT. RULE 7(E).

WHEREFORE, THIS COURT SHOULD FIND THAT MR. RADULSKI WAS INEFFECTIVE BY FAILING TO INVESTIGATE THE EVIDENCE OF THE CASE, AND BY FAILING TO OBJECT TO THE INDICTMENT, AND BY FAILING TO FILE A MOTION TO HAVE THE INDICTMENT AMENDED.

DUE TO COUNSELS ERRORS, THE DEFENDANTS FIFTH, SIXTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS WERE VIOLATED. SEE: STRICKLAND V. WASHINGTON, 466 U.S. 668, 694. (1984).

WHEREFORE, THE DEFENDANT HAS MET BOTH PRONGS OF THE STRICKLAND TEST, AND THIS COURT SHOULD GRANT THE DEFENDANT RELIEF BY WITHDRAWING HIS PLEA AND/OR BY VACATING HIS THEFT FELONY COUNT 0070. SEE: MACDONALD V. STATE, (DEL. 2001). 778 A.2D 1064, 1076.

ALSO SEE: CURRAN V. WOOLLEY, (48 DEL. (1954). 382.) 104 A.2D 771.

" COURT MAY REMEDY VIOLATION AS APPROPRIATE UNDER CIRCUMSTANCES. "

JONES V. ANDERSON, (DEL. 1962). 183 A.2D 177.

PRIEST V. STATE (DEL. 1962). 227 A.2D 576.

<u>STANDARD AND SCOPE OF REVIEW.</u>

WHETHER COUNSEL, WAS INEFFECTIVE BY COERCING THE DEFENDANT INTO PLEADING TO AN ILLEGAL THEFT FELONY COUNT, WHICH THE EVIDENCE IN THE CASE FAILS TO MEET THE FELONY STATUTE UNDER TITLE 11 SEC. 841 THE DEFENDANTS THEFT CHARGE CAN ONLY BE AN CLASS (A) MISDEMEANOR, AND DUE TO COUNSELS ERRORS, THE DEFENDANT WAS PREJUDICED, WHICH SHOULD ENTITLE HIM TO WITHDRAW HIS INVOLUNTARY PLEA AGREEMENT. SEE: MACDONALD V. STATE (DEL, 2001). 778 A.2D 1064.

---

<u>ARGUMENT II.</u>

ON 6-21-1996, THE DEFENDANT WAS ARRESTED FOR ALLEGEDLY ISSUING TWO BAD CHECKS UNDER $500.00 AT THE SEARS DEPARTMENT STORE. EACH CHECK WAS WRITTEN ON 2 DIFFERENT OCCASIONS, DECEMBER 24TH 1995 AND JANUARY 10TH 1996. THE CASE WAS ASSIGNED TO PUBLIC DEFENDER MR. RAYMOND RADULSKI, ESQ. ON OCTOBER 23RD 1996, THE DEFENDANT APPEARED IN NEWCASTLE COUNTY SUPERIOR COURT FOR TRIAL. ON THIS DAY, MR. RADULSKI TOLD ME THE DEFENDANT, "THAT I HAD NO CHANCE OF WINNING THIS CASE, IF I PROCEEDED WITH TRIAL." MR. RADULSKI COERCED ME INTO TAKEN THE STATES PLEA AGREEMENT BY SAYING, "THE VALUE OF BOTH CHECKS TOGETHER, AMOUNTS TO OVER $500.00, THEREFORE, THE FELONY COUNT IS CORRECT, AND THE JURY WOULD FIND YOU GUILTY ON ALL COUNTS." WHEREFORE, BELIEVING THAT I HAD NO CHANCE TO WIN MY TRIAL, I TOOK THE ADVICE OF MR. RADULSKI AND ACCEPTED THE STATES PLEA AGREEMENT.

THESE ERRORS COMMITTED BY COUNSEL VIOLATED THE DEFENDANTS FIFTH AND SIXTH AMENDMENT CONSTITUTIONAL RIGHTS, AND THIS COURT SHOULD FIND THAT MR. RADULSKI ERRORS METS BOTH PRONGS OF THE STRICKLAND TEST, DUE TO THE FOLLOWING REASONS. WHEN THE DEFENDANT COMMITTED HIS OFFENSE IN DECEMBER OF 1995, THE THEFT STATUTE 11 DEL.C. SEC. 841 PROVIDES:

(A). A PERSON IS GUILTY OF THEFT WHEN THE PERSON TAKES, EXERCISE CONTROL OVER OR OBTAINS PROPERTY OF ANOTHER PERSON INTENDING TO DEPRIVE THAT PERSON OF IT OR APPROPRIATE IT.

(C)(1). THEFT IS A CLASS (A) MISDEMEANOR UNLESS THE VALUE OF THE PROPERTY RECEIVED, RETAINED OR DISPOSED OF IS $500.00 OR GREATER, IN WHICH CASE IT IS A CLASS (G) FELONY. SEE: 11 DEL.C. § 841. (1995)

THE EVIDENCE OF THIS CASE CLEARLY SHOWS THAT, EACH OF THE TWO BAD CHECKS WRITTEN AT THE SEARS DEPARTMENT STORE, THE VALUES WERE UNDER $500.00, THEREFORE, THE DEFENDANTS THEFT CAN ONLY BE AN CLASS (A) MISDEMEANOR, AND COUNSEL SHOULD NOT HAVE RECOMMENDED TO THE DEFENDANT TO ACCEPT THE STATES PLEA AGREEMENT, WITHOUT THE APPROPRIATE INVESTIGATION OF THE CASE. SEE: (A.B.A., STANDARD 14-3.2) (3D-ED. 1999.)

THE AMERICAN BAR ASSOCIATION HAS SET FORTH STANDARDS THAT HIGHLIGHT THE RESPONSIBILITIES OF DEFENSE COUNSEL IN CONNECTION WITH PLEA DISCUSSION'S AND AGREEMENTS. THIS COURT SHOULD FIND THAT MR. RADULSKI HAS VIOLATED BOTH STANDARDS UNDER (A) AND (B), DUE TO COUNSELS UNPROFESSIONAL ERRORS.

(10).