STANDARD 14-3.2 OF THE A.B.A. STANDARDS FOR CRIMINAL JUSTICE PROVIDES THAT:

(A). DEFENSE COUNSEL SHOULD KEEP THE DEFENDANT ADVISED OF DEVELOPMENTS ARISING OUT OF PLEA DISCUSSIONS CONDUCTED WITH THE PROSECUTING ATTORNEY, AND SHOULD PROMPTLY COMMUNICATE AND EXPLAIN TO THE DEFENDANT ALL PLEA OFFERS MADE BY THE PROSECUTING ATTORNEY.

(B). TO AID THE DEFENDANT IN REACHING A DECISION, DEFENSE COUNSEL, AFTER APPROPRIATE INVESTIGATION, SHOULD ADVISE THE DEFENDANT OF THE ALTERNATIVES AVAILABLE AND ADDRESS CONSIDERATIONS DEEMED IMPORTANT BY DEFENSE COUNSEL OR THE DEFENDANT IN REACHING A DECISION. DEFENSE COUNSEL SHOULD NOT RECOMMEND TO A DEFENDANT ACCEPTANCE OF A PLEA UNLESS APPROPRIATE INVESTIGATION AND STUDY OF THE CASE HAS BEEN COMPLETED.

SEE: A.B.A., STANDARDS FOR CRIMINAL JUSTICE, PLEAS OF GUILTY, STANDARD 14-3.2 (3RD-ED. 1999).

WHEREFORE, BY DEFENSE COUNSEL HAVING THE DEFENDANT TAKE A PLEA TO AN THEFT FELONY COUNT, WHEN THE EVIDENCE CAN ONLY CHARGE THEFT MISDEMEANOR, THIS COURT SHOULD FIND THAT COUNSEL MR. RADULSKI VIOLATED HIS RESPONSIBILITIES UNDER THE A.B.A. STANDARDS. AN ATTORNEY HAS AN OBLIGATION TO FULLY COMMUNICATE TO HIS OR HER CLIENT THE TERMS AND CONDITIONS OF PROFFERED PLEA BARGAINS IN CRIMINAL CASE.

SEE. PROF. COND. R. 1.2; SEE: ALSO PROF. COND. R. 1.4.

IN THIS SETTING, ATTORNEYS ARE FREQUENTLY CALLED UPON TO ADVISE AND CONSULT WITH THEIR CLIENTS IN ORDER TO ASSIST THE CLIENT IN DETERMINING HOW BEST TO PROCEED. SEE: PROF. COND. R. 1.2; SEE: ALSO 2.1.1 AN ATTORNEYS ROLE IN THIS AREA OF REPRESENTATION IS CRITICAL AND FULFILLING THAT ROLE REQUIRES THE ATTORNEY TO ACT WITH DILIGENCE.

SEE: PROF. COND. R. 1.3.

(11).

WHEREFORE, DUE TO MR. RAOULSKI'S UNPROFESSIONAL ERRORS, THIS COURT SHOULD FIND THAT COUNSEL VIOLATED THE RULES OF PROF. CONDUCT, RULES 1.2, 1.3, 1.4, AND 2.1. THE OFT-STATED TEST FOR EVALUATING THE EFFECTIVENESS OF COUNSEL REQUIRES THE COURT TO ENGAGE IN A TWO-PRONGED ANALYSIS: (I) WHETHER "COUNSEL'S REPRESENTATION FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS," AND (II) WHETHER "THERE IS A REASONABLE PROBABILITY THAT, BUT FOR COUNSEL'S UNPROFESSIONAL ERRORS, THE RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT." SEE: STRICKLAND V. WASHINGTON, 466 U.S. 668, 694 (1984).

RILEY V. STATE, (DEL., 1990), 585 A.2D 719, 726.

WHERE THE CLAIM ARISES IN THE CONTEXT OF A GUILTY PLEA, THE DEFENDANT MUST SHOW THAT "THERE IS A REASONABLE PROBABILITY THAT, BUT FOR COUNSEL'S UNPROFESSIONAL ERRORS, THE RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT, AND THE DEFENDANT WOULD NOT HAVE PLEADED GUILTY AND WOULD HAVE INSISTED ON GOING TO TRIAL." SEE: HILL V. LOCKHART, (1985), 474 U.S. 52, 59.

ALBURY V. STATE, (1988), 551 A.2D 53, 58.

AS THE DEFENDANT STATED BEFORE, ON OCTOBER 23RD 1996, THE DAY OF HIS TRIAL, IT WAS COUNSEL'S DECISION TO TAKE THE STATES PLEA AGREEMENT, NOT THE DEFENDANT'S, AND BY PERMITTING A CLIENT TO ENTER INTO AN PLEA FOR A FELONY, WHEN THE EVIDENCE OF THE CASE MEETS THE CLASS (A) MISDEMEANOR STATUTE UNDER §841. THESE ERRORS CANNOT BE VIEWED WITHIN THE RANGE OF EFFECTIVE ASSISTANCE OF COUNSEL. MR. RAOULSKI'S DECISION WAS OBJECTIVELY UNREASONABLE, AND THIS COURT SHOULD FIND THAT COUNSEL'S ERRORS MEETS BOTH PRONGS OF THE STRICKLAND TEST.

WHEREFORE,

(12).

HAD I THE DEFENDANT, RECEIVED PROPER ADVICE AND ASSISTANCE FROM COUNSEL RAOULSKI, THAT THE EVIDENCE OF THE CASE, MEETS THE MISDEMEANOR STATUTE, I WOULD NOT HAVE SURRENDERED TRIAL AND APPELLATE RIGHTS, IN EXCHANGE FOR STATE PROMISES THAT WERE OF NO DIRECT BENEFIT TO ME.

WHEREFORE, INEFFECTIVE ASSISTANCE OF COUNSEL HAS BEEN DEMONSTRATED, AND THIS COURT SHOULD CONCLUDE THAT THE PLEA AGREEMENT ENTERED INTO BY THE DEFENDANT AND THE GUILTY PLEAS THAT FOLLOWED, MUST BE SET ASIDE AS NOT VOLUNTARY AND INTELLIGENTLY ENTERED, BECAUSE OF THE INEFFECTIVE ASSISTANCE OF COUNSEL.

SEE: MACDONALD V. STATE, (DEL. 2001),
778 A.2d 1064, 1076.
KELLER V. STATE, (DEL. 1981),
425 A.2d 152, 156.
READER V. STATE, (DEL. 1975),
349 A.2d 745, 748.

(13).

## STANDARD AND SCOPE OF REVIEW.

WHETHER THE PROSECUTOR COMMITTED MISCONDUCT, DOUBLE JEOPARDY, MANIFEST INJUSTICE AND A MISCARRIAGE OF JUSTICE, BY OFFERRING THE DEFENDANT AN ILLEGAL PLEA AGREEMENT CONTAINING A ILLEGAL THEFT FELONY COUNT, WHICH ERRORS VIOLATED THE DEFENDANTS CONSTITUTIONAL RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS.

## ARGUMENT III.

ON 6-21-1996, THE DEFENDANT WAS ARRESTED FOR ALLEGEDLY ISSUING TWO BAD CHECKS UNDER $500.00, AT THE SEARS DEPARTMENT STORE. EACH CHECK WAS WRITTEN ON TWO DIFFERENT OCCASIONS, DECEMBER 24TH 1995 AND JANUARY 10TH 1996. ON JULY 8TH 1996, THE DEFENDANTS GRAND JURY INDICTMENT CHARGED THE DEFENDANT WITH TWO COUNTS OF ISSUING A BAD CHECK UNDER $1,000.00, WHICH WERE CLASS (A) MISDEMEANORS.

IN VIOLATION OF TITLE 11 SEC. 900, OF THE DELAWARE CODE. THE DEFENDANT WAS ALSO CHARGED WITH ONE COUNT OF THEFT FELONY OVER $500.00, IN VIOLATION OF TITLE 11, SEC. 841 OF THE DELAWARE CODE.

ON OCTOBER 23RD 1996, THE DEFENDANT PLED GUILTY TO THE FELONY COUNT THEFT 0070, AND THE STATE NOLLE-PROSESSED THE TWO BAD CHECK COUNTS, 0071-0072. THE DEFENDANT NOW ASSERTS THAT THE PROSECUTOR IN THIS CASE, HAS VIOLATED THE DEFENDANTS FIFTH, SIXTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS, BY OFFERRING HIM AN PLEA AGREEMENT CONTAINING A ILLEGAL THEFT FELONY COUNT. THE PROSECUTOR WAS AWARE AT THE TIME THE PLEA WAS ENTERED, THAT THE EVIDENCE OF THE CASE SHOWS THE VALUE OF EACH CHECK WAS UNDER $500.00, AND THEREFORE, THE VALUES OF EACH CHECK ARE TO BE CONSIDERED SEPARATELY, AND THE EVIDENCE DOES NOT MEET THE CLASS (G) FELONY ELIMENTS OF TITLE 11 SEC. 841, AND THE FELONY MUST BE VACATED.

(14).

THIS COURT SHOULD FIND THAT THE PROSECUTOR IN THIS CASE, HAS COMMITTED MISCONDUCT, DOUBLE JEOPARDY, MANIFEST INJUSTICE AND A MISCARRIAGE OF JUSTICE BY COMBINING THE VALUES OF EACH CHECK, TO OBTAIN AN GREATER VALUE, IN ORDER TO CHARGE THE DEFENDANT WITH AN ILLEGAL THEFT FELONY COUNT. EACH CHECK WRITTEN BY THE DEFENDANT IS A SEPARATE OFFENSE, AND THE STATE CAN NOT SPLIT UP THE VALUES FROM EACH CASE, IN ORDER TO "ENHANCE" THE VALUE TO READ THEFT OVER $500.00. DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL, THE DEFENDANT WAS COERED INTO TAKEN THE STATES ILLEGAL PLEA AGREEMENT, AND THAT PLEA SHOULD BE WITHDRAWN. I THE DEFENDANT, WOULD HAVE NEVER PLEAD GUILTY TO AN ILLEGAL FELONY CHARGE, WHEN THE EVIDENCE IN THE CASE SUPPORTS AN CLASS (A) MISDEMEANOR. AND THE DEFENDANT BASICLY WANTS THIS ILLEGAL THEFT FELONY CHARGE REMOVED FROM HIS CRIMINAL RECORD, WHICH HE SHOULD NOT HAVE HAD FROM THE BEGINNING. THIS COURT SHOULD ALSO FIND THAT THE PROSECUTORS ACTIONS VIOLATES THE DELAWARE LAWYERS RULES OF PROFESSIONAL CONDUCT.

SEE: RULE 3.8. SPECIAL RESPONSIBILITIES OF A PROSECUTOR.

"THE PROSECUTOR IN A CRIMINAL CASE SHALL:"
(A). REFRAIN FROM PROSECUTING A CHARGE THAT THE PROSECUTOR KNOWS IS NOT SUPPORTED BY PROBABLE CAUSE;

WHEREFORE, THE PROSECUTOR HAS COMMITTED ALL OF THE ABOVE VIOLATIONS RAISED BY THE DEFENDANT, WHEN THE STATE COMBINED THE VALUES OF BOTH CHECKS, TO ENHANCE THE DEFENDANTS THEFT COUNT TO READ OVER $500.00, THE STATE CANNOT SPLIT UP THE VALUES FROM EACH CASE, AND THE DEFENDANTS PLEA MUST BE WITHDRAWN, AND HIS ILLEGAL THEFT FELONY COUNT MUST BE VACATED.

SEE: READER V. STATE, (1975).
349 A.2d 745, 748.

(15).

## CONCLUSION.

WHEREFORE, DUE TO THE ENCLOSED GROUNDS AND REASONS, THE DEFENDANT RESPECTFULLY ASK THE COURT TO GRANT HIS 61 MOTION BY WITHDRAWING THE DEFENDANTS GUILTY PLEA, AND/OR BY VACATING THE DEFENDANTS ILLEGAL THEFT FELONY COUNT. 0070.

DATED: 7-16-2004.

RESPECTFULLY SUBMITTED.
William F. Johnson Jr.
D.C.C. #202367
1181 PADDOCK RD.
SMYRNA, DE. 19977

(16).