SUPERIOR COURT
OF THE
STATE OF DELAWARE

FRED S. SILVERMAN
JUDGE

ONE RODNEY SQUARE, SUITE 101
920 KING STREET
WILMINGTON, DELAWARE 19801

October 17, 2000

Raymond Radulski, Esquire
Public Defender's Office
Carvel State Office Building
820 N. French Street, 5th Fl.
Wilmington, DE 19801

Re: *State v. William J. Johnson*, ID#9606009907

Dear Mr. Radulski:

Enclosed is your client's letter dated September 27, 2000. Your client claims that he pleaded guilty to felony theft on October 23, 1996 in connection with an indictment charging him with a theft that occurred between December 24, 1995 and January 10, 1996. The indictment alleges that the amount of the theft was in excess of $500. Meanwhile, the criminal statute under which he was indicted, 11 *Del. C.* § 841, was amended to increase the felony threshold from $500 to $1,000, effective July 10, 1996. In other words, it appears that when Defendant committed his crime, the felony threshold was $500, but by the time he pleaded guilty and he was sentenced, the threshold had been raised to $1,000. In short, your client thinks that when the law was changed, its effect related back to the time he committed the crimes.

It appears to me that like your client recognizes, the "effective date" for the felony threshold's increase came several months after Defendant committed his crime. Accordingly, his indictment, guilty plea and sentence are correct because they all fell under the older version of the law. Moreover, it is not clear that this sort of claim is timely at this point.

In any event, your client attempted to file a motion on his behalf on November 17, 1999 and it was referred in error to Mr. Crosse. Acknowledge your client's communications and advise the Court when you have done that.

Very truly yours,

FSS/lah
encl.
oc: Prothonotary
pc: Diane M. Coffey, Deputy Attorney General
    William Johnson

EXHIBIT (A).

Certificate of Service

I, **WILLIAM T. JOHNSON JR.**, hereby certify that I have served a true and correct cop(ies) of the attached: **6/ MOTION,** _____ upon the following parties/person (s):

TO: **MS. DIANE M. COFFEY, ESQ.**       TO: _____
**DEPARTMENT OF JUSTICE BLD,** _____
**820 N. FRENCH ST.** _____
**WILM, DEL. 19801** _____

TO: **THE HONORABLE JUDGE:**
**MR. FRED S. SILVERMAN**        TO: _____
**ONE RODNEY SQUARE, SUITE 101,** _____
**920 N. KING ST.** _____
**WILM, DEL. 19801** _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this **16TH** day of **JULY**, 2004

*William T. Johnson Jr.*
D.C.C. **#202367,**
**1181 PADDOCK RD.**
**SMYRNA, DEL. 19977**

A-13.

# SUPERIOR COURT
## OF THE STATE OF DELAWARE

FRED S. SILVERMAN
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0669

STATE OF DELAWARE            )
                             )
    v.                       )   ID#: 9606009907
                             )
WILLIAM T. JOHNSON, JR.,     )
                             )
    Defendant.               )

Submitted: July 28, 2004
Decided: October 27, 2004

## ORDER

*Upon Defendant's Motion for Postconviction Relief - - SUMMARILY DISMISSED*

On July 20, 2004 Defendant filed a motion for postconviction relief under Superior Court Criminal Rule 61. Defendant now claims that the guilty plea he entered, over eight years ago, on October 23, 1996 to Theft was defective for several reasons.

The case was referred under Rule 61(d)(1) for preliminary consideration. Because it plainly appears from the motion and the record of prior proceedings that Defendant is not entitled to relief, the motion is subject to summary dismissal under Rule 61(d)(4).

A-14.

In summary, Defendant's claims flow from the fact that between the time he committed the offense and when he pleaded guilty, the felony threshold for theft was raised by the General Assembly from $500 to $1,000. Defendant committed the theft between December 24, 1995 and January 10, 1996. At that time, the felony threshold under 11 *Del. C.* § 841 was $500. That law was changed effective July 10, 1996 to raise the threshold to $1,000. Defendant pleaded guilty on October 23, 1996.

Defendant raises his basic argument through several claims. To the extent that Defendant's claims are based on anything but the plea and sentence's illegality, those claims are time barred and procedurally defaulted under Rule 61(i)(1) and (3). The same goes for Defendant's ineffective assistance of counsel claims. Under Rule 61(i)(1), Defendant was required to file his motion within three years after the judgment of conviction was final. That means the deadline for a motion under Rule 61 expired in 1999, roughly five years ago.

Moreover, Defendant failed to take an appeal in 1996 and that amounts to a procedural default under Rule 61(i)(3). Although Defendant attempts to show cause for relief from the procedural default and prejudice, his arguments are circular and unpersuavsive.

While Defendant's claims under Rule 61 are subject to summary dismissal, the court cannot leave it at that. Defendant claims that his guilty plea and sentence are illegal. That amounts to a claim under Superior Court Criminal Rule 35. Accordingly, the court must reach the merits concerning the plea and sentence's legality.

As mentioned above, Defendant's claim stems from the fact that the law he pleaded guilty under was changed between when he committed the offense and when he pleaded guilty. Defendant raised this claim on September 27, 2000. In an October 17, 2000 letter to trial counsel, the court observed that the change to 11 *Del. C.* § 841's felony threshold was made effective after Defendant committed the offense and the change was not retroactive. The court stands by that.

When Defendant stole merchandise from Sears between December 24, 1995 and January 10, 1996, the threshold for a felony theft conviction was $500. Accordingly, Defendant's theft amounted to a felony when he committed it. When the General Assembly increased the felony threshold it could have made the higher threshold apply retroactively. Instead, the General Assembly specified that the change would be effective July 10, 1996. The higher threshold applied, therefore,

to any theft that occurred on or after July 10, 1996.[1] The new threshold did not apply to crimes, such as Defendant's, which were committed before the statute's effective date.

For the foregoing reasons, Defendant's July 20, 2004 motion for postconviction relief under Superior Court Criminal Rule 61 is summarily *DISMISSED*. To the extent Defendant's motion, in effect, falls under Superior Court Criminal Rule 35, it is *DENIED*.

**IT IS SO ORDERED.**

_____
Judge

oc: Prothonotary
   Diane Walsh, Deputy Attorney General
   Raymond Radulski, Esquire
   William T. Johnson, Jr., DCC

---

[1] See *State v. Ismaaeel*, 840 A.2d 644, 647-48 (Del. Super. Ct. 2004).

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| WILLIAM T. JOHNSON, JR., | ) |
|     Defendant Below, Appellant | ) ) ) ) |
| vs. | ) No. 488, 2004 |
| STATE OF DELAWARE, | ) ) ) |
|     Plaintiff Below, Appellee | ) ) |

MOTION TO AFFIRM

Pursuant to Rule 25(a), the State of Delaware moves to affirm the judgment of the Superior Court on the grounds that it is manifest on the face of the opening brief that the appeal is without merit for the following reasons:

1. The grand jury indicted William T. Johnson in July 1996, charging him with two counts of misdemeanor issuance of bad checks and one count of felony theft. (A15-16). On October 23, 1996, Johnson pled guilty to the felony theft count, and he was sentenced to two years imprisonment, suspended for one year probation.

2. In November 1999, Johnson moved to withdraw his plea. According to him, the theft count was invalid because the minimum value of the stolen goods had to be $1000 to constitute a felony, and the facts of his case established only that the value of the goods in his case was under $1000. (A1-4). The motion was referred in error by Superior Court to an assistant Public Defender. (*See* A9). Johnson wrote to the Superior Court judge in September 2000, asking for a

A-18.

ruling on the motion. (A6). The judge wrote to the assistant Public Defender who had represented Johnson, directing him to contact Johnson about the matter. (A9).

3. Johnson moved in July 2004 for post-conviction relief. (A10). According to him, defense counsel had been ineffective in failing to recognize the error in the theft count in the indictment and compelling him to plead guilty. In addition, the prosecutor, in Johnson's view, had improperly charged him. Superior Court summarily denied the motion, holding that the motion was barred by Criminal Rule 61(i)(1) and (3). Moreover, Johnson stated no claim on the merits: the increase in the threshold for felony theft did not apply retroactively to prosecutions pending at the time of the amendment to the theft statute. (A11-14).

4. Because Johnson moved to withdraw his plea after sentencing, his 1999 motion to withdraw his plea should have been considered to be a motion for post-conviction relief under Criminal Rule 61. *See* Super. Ct. Crim. R. 32(d). In turn, Johnson's 1999 motion was timely under Criminal Rule 61(i)(1). *See Jackson v. State*, 654 A.2d 829 (Del. 1995). Because Johnson's 1999 motion had not been decided when he filed the July 2004 motion, the subsequent motion was itself timely under Criminal Rule 61(i)(1). *See Manchester v. State*, 1997 WL 398868 (Del. June 18, 1997) (Ex. A). In light of the chronology of Johnson's case and this Court's decision in *Manchester*, Superior Court's ruling that Johnson's motion was untimely under Criminal Rule 61(i)(1) was incorrect.

5. But any error in Superior Court's handling of the case is clearly harmless. Super. Ct. Crim. R. 52(a). Superior Court did not just rely on Johnson's supposed procedural shortcomings to deny relief, but considered the merits of Johnson's claims as well. (A13-14). On the merits, Superior Court was correct. When Johnson committed his crimes in December 1995 and January 1996, the felony threshold in the theft statute was $500. Del. Code Ann. tit. 11, §841(c)(1) (Repl. 1995). In July 1996, the felony threshold was increased to $1000. 70 Del. Laws ch. 364 (eff. July 10, 1996). Because the General Assembly only substituted the amount of $1000 for the previous threshold of $500, the legislative intent was to keep the statute in effect for crimes committed before the July 1996 amendment. *Williams v. State*, 756 A.2d 349, 352 (Del. 2000). Superior Court thus correctly decided that the higher threshold did not apply to Johnson's case and that the statute in effect when he committed the crimes (i.e., the $500 threshold) applied to Johnson.

6. Johnson's claims of ineffective assistance of counsel and prosecutorial misconduct in the charging decision all turn on his argument that the $1000 threshold applied in his case. *See* Op. Brf. at 12-22. Because Johnson's argument on that point has no merit, it follows that his related claims of ineffective assistance and prosecutorial error must fail.

7.  The judgment of the Superior Court should accordingly be affirmed.

*(signature)*
Loren C. Meyers
Chief of Appeals Division
Department of Justice
820 N. French St.
Wilmington, DE 19801
(302) 577-8500
Del. Bar ID 2210

February 23, 2005