Westlaw.

696 A.2d 397 (Table)
696 A.2d 397 (Table), 1997 WL 398868 (Del.Supr.)
**Unpublished Disposition**
(Cite as: 696 A.2d 397, 1997 WL 398868 (Del.Supr.))

Page 1

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
William F. MANCHESTER, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
No. 43,1997.

Submitted: June 12, 1997.
Decided: June 18, 1997.

Before VEASEY, Chief Justice, HOLLAND, and BERGER, Justices.

ORDER

**1 The 18th day of June 1997, it appears to the Court that:

1) This is an appeal by the defendant-appellant, William F. Manchester ("Manchester"), of the denial of his motion for postconviction relief. Manchester was convicted of Attempted Murder in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony, and Conspiracy in the First Degree.

2) Manchester was convicted in November 1985. This Court affirmed Manchester's convictions on direct appeal. *Manchester v. State*, Del.Supr., Nos. 134 & 160, 1986, Holland, J. (Oct. 1, 1987) (ORDER).

3) In July 1988, Manchester filed in the Superior Court, a petition for a writ of habeas corpus and for a writ of habeas corpus *duces tecum*. The Superior Court denied Manchester's petition, but referred his petition to the judge who had conducted Manchester's trial. The Superior Court suggested further consideration of the petition as an application for postconviction relief under Superior Court Criminal Rule 61.

4) On appeal from the Superior Court's denial of Manchester's petition for a writ of habeas corpus and for a writ of habeas corpus *duces tecum*, this Court stated: "[The] Superior Court properly construed the petition before it as constituting an application for postconviction relief and properly referred the petition for consideration to the trial judge." *Manchester v. Redman*, Del.Supr., No. 303, 1988, Horsey, J. (Nov. 14, 1988) (ORDER). It appears from the record that the Superior Court thereafter did not render a decision concerning Manchester's petition as an application for postconviction relief.

5) In November 1996, Manchester filed an amended motion for postconviction relief. The Superior Court denied that motion without reaching its merits, holding that the motion was time barred under Superior Court Criminal Rule 61(i)(1). On appeal, Manchester asserts that the Superior Court erred in finding his motion time barred.

6) Superior Court Criminal Rule 61(i)(1) provides that "[a] motion for postconviction relief may not be filed more than three years after the judgment of conviction is final." Manchester's amended motion for postconviction relief was beyond the three-year period. However, his petition for habeas corpus relief, which the Superior Court construed as a motion for postconviction relief, was timely, as it was filed less than one year after his convictions were affirmed on direct appeal. *See Jackson v. State*, Del.Supr., 654 A.2d 829 (1995).

7) The record reflects that Manchester's original Rule 61 motion is still pending. In the interest of justice, Manchester should be permitted to amend that motion to include any claims which he would now like to raise. Super.Ct.Crim.R. 61(i)(2). The Superior Court should then rule upon Manchester's original timely motion for postconviction relief, as amended.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ex A

696 A.2d 397 (Table)  
696 A.2d 397 (Table), 1997 WL 398868 (Del.Supr.)  
**Unpublished Disposition**  
(Cite as: 696 A.2d 397, 1997 WL 398868 (Del.Supr.))

Page 2

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is VACATED. This matter is REMANDED to the Superior Court for action consistent with this order.

696 A.2d 397 (Table), 1997 WL 398868 (Del.Supr.), Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the Supreme Court of Delaware, hereby certifies that on February 23, 2005, he caused two copies of the attached document to be placed in the U.S. Mail, first class postage prepaid, addressed to the following:

William T. Johnson, Jr.
No. 202367
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

*Loren C. Meyers*
Loren C. Meyers
Chief of Appeals Division
Dept. of Justice

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| WILLIAM T. JOHNSON, JR., | § |
| | § |
| Defendant Below- | § No. 488, 2004 |
| Appellant, | § |
| | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware, |
| | § in and for New Castle County |
| STATE OF DELAWARE, | § Cr. ID 9606009907 |
| | § |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: April 25, 2005
Decided: May 31, 2005

Before **HOLLAND, JACOBS,** and **RIDGELY**, Justices.

### ORDER

This 31st day of May 2005, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The defendant-appellant, William Johnson, filed this appeal from a Superior Court order, dated October 27, 2004, summarily dismissing his motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Johnson's opening brief that his appeal is without merit. We agree and affirm.

A-19.

Superior Court also analyzed the merits of Johnson's claims and properly rejected the motion as lacking substantive merit.

(4)  Having carefully considered the parties' respective positions, we find it manifest that the judgment of the Superior Court should be affirmed for the reason that Johnson's petition lacked substantive merit. Johnson's claim was based on his argument that the July 1996 amendment to the theft statute,[5] which raised the threshold for a felony theft conviction from $500 to $1000, should have applied retroactively to his crimes committed in December 1995 and January 1996. The Superior Court correctly concluded that the statutory amendment to 11 *Del. C.* § 841 did not apply retroactively.[6] Accordingly, we find no abuse of discretion in the Superior Court's summary disposition of Johnson's petition.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Jack B. Jacobs
Justice

---

[5] *See* 70 Del. Laws ch. 364 (eff. July 10, 1996 amending 11 *Del. C.* § 841(c)(1)).

[6] *See Williams v. State*, 756 A.2d 349, 352 (Del. 2000).

[7] *See Maxion v. State*, 686 A.2d 148, 151 (Del. 1996).

3

IN THE SUPREME COURT OF THE STATE OF DELAWARE.

WILLIAM T. JOHNSON JR.
V. APPELLANT.
STATE OF DELAWARE.
APPELLEE.

NO: 488, 2004.

## MOTION FOR REARGUMENT.

NOTE: THE ENCLOSED MOTION IS DOUBLESIDED. RULE 13(C).

### PRO/SE CERTIFICATE.

THIS MOTION IS BEING SUBMITTED TO COURT IN GOOD FAITH, AND IS NOT INTENDED TO CAUSE ANY DELAY.

DATED: 6-1-2005.

William T. Johnson Jr.
Appellant: 202367.
D.C.C.
1181 Paddock Rd.
Smyrna, Del. 19977

A-20.

## ARGUMENTS.

(A). COUNSEL WAS INEFFECTIVE BY FAILING TO OBJECT OR CHALLENGE THE THEFT COUNT IN THE INDICTMENT, AND BY COMPELLING THE DEFENDANT TO PLEAD GUILTY WHICH ERRORS VIOLATES THE SIXTH AMENDMENT.

(B). THE PROSECUTOR COMMITTED MISCONDUCT BY IMPROPERLY CHARGING THE DEFENDANT WITH A THEFT FELONY COUNT, AND BY OFFERING A PLEA CONTAINING SUCH CHARGE WHICH ERRORS VIOLATES THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENT.

---

## FACTS.

THE DEFENDANTS THEFT FELONY COUNT IN THE INDICTMENT SHOULD HAVE BEEN QUASHED OR DISMISSED BECAUSE:

1). THE PASSING OF BAD CHECKS IN RETURN FOR MERCHANDISE DOES NOT CONSTITUTE THEFT, BUT CAN ONLY CONSTITUTE THE OFFENSE ISSUING OF BAD CHECKS UNDER TITLE 11 SEC. 900. THE DEFENDANTS THEFT FELONY CHARGE IS ILLEGAL BECAUSE THE GOVERNMENTS FACTUAL ALLEGATIONS WHILE PERHAPS WARRANTING INDICTMENTS CHARGING FALSE PRETENSES, DID NOT PERMIT AN INDICTMENT FOR THE MORE SEVERELY PUNISHABLE OFFENSE THEFT FELONY, GIVEN THE ELEMENTS OF THAT PARTICULAR CRIME.
SEE: LOCKS V. U.S., (1978). 388 A.2D 873. EX.(A).

DUE TO THE FACT THAT THE SEARS DEPARTMENT STORE OWNER INTENDED UNCONDITIONALLY TO SELL MERCHANDISE (PART WITH TITLE TO) THE VARIOUS GOODS ACQUIRED WITH THE DEFENDANTS PERSONAL CHECKS, THE DEFENDANTS SCHEME COULD ONLY SUBJECT HIM, AT THE WORST, TO AN INDICTMENT UNDER THE FALSE PRETENSES STATUTE, ISSUING A BAD CHECK IN VIOLATION OF TITLE 11 SEC. 900, WHICH IS A CLASS (A) MISDEMEANOR WITH A ONE-YEAR LIMITATION OF LEVEL 5.

(1).

AN INDICTMENT FOR FELONY THEFT, WITH ITS HEAVIER PENALTY UP TO TWO-YEARS, IS AVAILABLE ONLY WHEN ONE FELONIOUSLY TAKES AWAY PROPERTY WHICH AT THE TIME OF THE TAKING, REMAINS THE PROPERTY OF THE VICTIM WHICH IS NOT THE CASE HERE. THE ELEMENTS OF SEC. 841 PROVIDES: "A PERSON IS GUILTY OF THEFT WHEN THE PERSON TAKES, EXERCISE CONTROL OVER OR OBTAINS PROPERTY OF ANOTHER PERSON INTENDING TO DEPRIVE THAT PERSON OF IT OR APPROPRIATE IT."

SEE: TITLE 11 SEC. 841.

IN GREAT AMERICAN INDEMNITY CO. V. YODER, D.C. MUN. APP. 131 A.2D 401. (1957). THE COURT NOTED THIS DISTINCTION: "THE COMMON-LAW DISTINCTION IS ACKNOWLEDGED IN THIS JURISDICTION THAT WHERE ONE GIVES UP POSSESSION OF A CHATTEL TO ANOTHER WHO CONVERTS IT TO HIS OWN USE, THE WRONGDOER IS HELD TO HAVE COMMITTED A TRESPASS AND THE TAKING IS BY LARCENY. HOWEVER, WHERE ONE, ALTHOUGH INDUCED BY FRAUD OR TRICK, ACTUALLY INTENDS THAT TITLE SHALL PASS TO THE WRONGDOER, THE CRIME IS THAT OF FALSE PRETENSES." ID. AT 403.

THE DEFENDANT OBTAINED MERCHANDISE THROUGH A SCHEME BY ISSUING BAD CHECKS, THE INTENT TO STEAL BY FRAUD OR TRICK, DOES NOT IN ITSELF PROVIDE A BASIS FOR HOLDING THAT HE CAN BE INDICTED UNDER ANY STATUTE WHATSOEVER INVOLVING MISAPPROPRIATION, WITHOUT REGARD TO THE PARTICULAR ELEMENTS OF CRIME SPECIFIED BY STATUTE AND SUPPORTING CASE LAW.

THERE IS NO SUPPORT IN THE TITLE 11 DEL. CODE. SEC. 841 CASE LAW, THAT CLAIMS THE DEFENDANT MAY BE SUBJECT TO GREATER CRIMINAL LIABILITY FOR THE FALSE PRETENSE CRIMES HE COMMITTED. WHETHER THE INDIVIDUAL WHO PASSES A BAD CHECK IS ACTING ALONE OR AS AN AGENT, THE CRIME FOR WHICH ANY PARTICIPANT, PRINCIPAL OR AGENT, WILL BE CHARGEABLE IS PREMISED ON INDUCEMENT OF THE SELLER TO TRANSFER TITLE THE CLASSIC INDICATOR OF FALSE PRETENSES.
SEE: LOCKS V. U.S., (1978).
ID. AT 876.

IN CLASSIC TERMINOLOGY, "THE DISTINCTION DRAWN BY THE COMMON LAW IS BETWEEN THE CASE OF ONE WHO GIVES UP POSSESSION OF A CHATTEL (OR MONEY) FOR A SPECIAL PURPOSE TO ANOTHER WHO BY CONVERTING IT TO HIS OWN USE IS HELD TO HAVE COMMITTED A TRESPASS, AND THE CASE OF ONE WHO, ALTHOUGH INDUCED BY FRAUD OR TRICK, NEVERTHELESS ACTUALLY INTENDS THAT TITLE TO THE CHATTEL SHALL PASS TO THE WRONGDOER." SEE: U.S. V. PATTON, (3RD CIR. 1941).
120 F.2D 73, 76. EX.(B).
GRAHAM V. U.S., (1950).
187 F.2D 87, 88.

IN THE PRESENT CASE, THE FIRST COUNT OF THE INDICTMENT CLAIMS THE DEFENDANT BETWEEN THE 24TH DAY OF DECEMBER 1995 AND THE 10TH DAY OF JANUARY 1996, DID TAKE PURSUANT TO A COMMON SCHEME, WITH INTENT TO APPROPRIATE, PROPERTY CONSISTING OF ASSORTED MERCHANDISE BELONGING TO SEARS AND VALUED IN EXCESS OF $500.00.
SEE: GRAND JURY INDICTMENT.
A-15-16.

(2).

However, the thrust of the indictment and the articulation of the crime is directed solely at thefts from a retailer; no count can be characterized as a charge of theft from the defendant who acquired title at the time he took delivery of the goods, and was financially responsible for the checks he caused to bounce. See: Locks v. U.S. (1978). Id. at 877.

Wherefore, the defendants scheme does not meet the elements of the theft statute under Title 11 Sec. 841, and that count must be dismissed. Furthermore, Congress has imposed a lesser penalty for crimes committed by false pretenses, the statute issuing a bad check. See: 11 Sec. 900;

"Issuing a bad check is a Class (A) misdemeanor unless the amount of the check is $1,000 or more, in which case it is a Class (G) Felony."

The evidence in this case clearly show the defendant wrote two bad checks at the Sears Department Store, each check was under $1,000; See: Grand Jury Indictment. A-15-16.

Wherefore, the defendant could not be indicted for a felony under Title 11 Sec. 900 for his actions, and he can not be legally indicted for felony theft under Title 11 Sec. 841, which require different elements and the threshold was $500.00 or more when such crimes were committed. Even back in 1941, issuance of a worthless check was a specific offense under the statute Sec. 5218, Rev. Code 1935.

"THE EVIL OF DRAWING AND ISSUING CHECKS ON BANKS IN WHICH THE DRAWER HAS NO FUNDS, OR INSUFFICIENT FUNDS, HAD BEEN LONG RECOGNIZED; AND THE STATUTE WAS ENACTED TO PROTECT THE PUBLIC AGAINST THIS FORM OF CHEAT. MANIFESTLY, THE OBTAINING OF PROPERTY BY GIVING TO THE SELLER A WORTHLESS CHECK IS NOT LARCENY OR THEFT; THE GIVING OF A CHECK ON A BANK WHERE THE DRAWER HAS NO FUNDS OR INSUFFICIENT FUNDS, AND HAS MADE NO ARRANGEMENTS FOR THE HONORING OF THE CHECK, IS A SPECIES OF FALSE PRETENSE."

SEE: LAIRD V. EMP. LIAB. ASSUR. CORP. (DEL. SUPER CT.) 18 A.2D 861, 862. EX.(C). 1941.

QUOTING: STATE V. VANDENBURG, (DEL. GEN. SESS. 1938). 2 A.2D 916. EX.(D).

"IT IS A FRAUD, OF COURSE, BUT IT IS NOT STEALING, THE LOSS DID NOT RESULT FROM LARCENY OR THEFT, BUT THROUGH A DISTINCT SPECIES OF FRAUD."

SEE: LAIRD, SUPER. ID. AT 864.

WHEREFORE, THE PLEA AGREEMENT ENTERED INTO BY THE DEFENDANT AND THE GUILTY PLEAS THAT FOLLOWED, MUST BE SET ASIDE AS NOT VOLUNTARY AND INTELLIGENTLY ENTERED, BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL AND PROSECUTORIAL MISCONDUCT. (D.L.R.P.C. RULE 3.8.)

SEE: MACDONALD V. STATE (DEL. 2001). 778 A.2D 1064, 1076.

THE DEFENDANT RESPECTFULLY ASK THIS HONORABLE SUPREME COURT TO GRANT HIS MOTION FOR REARGUMENT.

DATED: 6-1-2005.

William F. Johnson Jr.
Appellant: 202367.
D.C.C.
1181 Paddock Rd.
Smyrna, Del. 19977

(3).

# Certificate of Service

I, WILLIAM T. JOHNSON JR, hereby certify that I have served a true and correct cop(ies) of the attached: __MOTION FOR RE-ARGUMENT.__ _____ upon the following parties/person (s):

TO: MR. LOREN C. MEYERS ESQ.
DEPARTMENT OF JUSTICE BLD.
820 N. FRENCH ST.
WILM, DE C. 19801

TO: _____

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this 1ST day of JUNE , 2005.

William T. Johnson
D.C.C. #202367.

A-20.

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| WILLIAM T. JOHNSON, JR., | § |
| | § |
| Defendant Below- | § No. 488, 2004 |
| Appellant, | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware, |
| | § in and for New Castle County |
| STATE OF DELAWARE, | § Cr. ID 9606009907 |
| | § |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: June 3, 2005
Decided: June 20, 2005

Before **HOLLAND**, **JACOBS**, and **RIDGELY**, Justices.

### ORDER

This 20th day of June 2005, the Court has considered carefully the appellant's motion for reargument of the order issued by a panel of this Court on May 31, 2005. The Court finds no basis to grant reargument.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion for reargument is DENIED.

BY THE COURT:

_/s/ Jack B. Jacobs_
Justice

A-21.

END OF APPENDIX.

DATED: 6-21-2005.

William F. Johnson Jr.
Petitioner: 202367.
D.C.C.
1181 Paddock Rd.
Smyrna, Del. 19977