IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **WILLIAM T. JOHNSON, JR.,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-602-JJF |
| | : | |
| **THOMAS CARROLL**, Warden | : | |
| and **M. JANE BRADY**, Attorney | : | |
| General for the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On October 23, 1996, the petitioner, William T. Johnson, Jr., entered a guilty plea in Delaware Superior Court for felony theft. Johnson was sentenced pursuant to Superior Court Criminal Rule 11(e)(1)(C)[1] to two years of incarceration, suspended for one year of Level III supervision. Johnson did not appeal his conviction or sentence. *See generally* Del. Super. Ct. Dkt. in ID 9606009907. In November 1999, Johnson moved the Superior Court for modification of his sentence or to withdraw his plea. *See Johnson v. State*, No. 488, 2004, 2005 WL 1311452 (Del. May 31, 2005). The Superior Court docket reflects no disposition of this motion. In July 2004, Johnson filed a motion for postconviction relief, requesting that the motion be deemed an amendment to his

---

[1] Rule 11(e)(1)(C), providing that a defendant be allowed to withdraw his plea if the court failed to sentence him as written in the plea agreement, was repealed in 2001.

earlier filing.  Superior Court denied the motion in October 2004, [2] and Johnson appealed.  On

appeal, the state supreme court affirmed the lower court's decision to deny the motion.  *See id*.

Johnson's federal habeas petition is dated June 21, 2005.  D.I. 2 at 7.

<u>Discussion</u>

Johnson presents the following claims in his habeas petition:  (1) trial counsel provided

ineffective assistance because he failed to object to the felony theft count, thereby compelling

Johnson to plead guilty; and (2) the state prosecutor committed misconduct by charging Johnson

with an "illegal" felony theft count and by offering a plea to that count.  D.I. 2, 3.  Johnson's claims,

however, are unavailing.

Johnson is not entitled to relief because the claims presented in his petition are untimely

under 28 U.S.C. § 2244(d).  Because Johnson's petition was filed in June 2005, it is subject to the

Antiterrorism and Effective Death Penalty Act ("AEDPA") signed into law by the President on April

24, 1996.  *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to

"such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433

n.1 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997).  Johnson does not

allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. §

2244(d)(1)(B)-(D) are applicable.  Thus, the one-year period of limitations began to run when

Johnson's conviction became final under § 2244(d)(1)(A).  *See, e.g., Gibbs v. Carroll*, 2004 WL

1376588, *2 (D. Del. June 17, 2004).   By the terms of § 2244(d)(1), as amended by AEDPA, a

---

[2] The original order was docketed on October 29, 2004, and a corrected order was docketed on
November 10, 2004.

federal habeas petitioner must file the petition within one year of the date on which the state court judgment became final upon the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Because Johnson did not appeal from his conviction, the one year period began when the thirty day period expired in which he could have filed a notice of appeal in the Delaware Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *see also* DEL. SUPR. CT. R. 6(a)(ii) (establishing a 30 day period for timely filing a notice of appeal). Here, Superior Court sentenced Johnson on October 23, 1996, and he did not appeal. Therefore, Johnson had until November 22, 1997, to file his federal habeas petition without running afoul of § 2244(d). *See, e.g., Wolf v. Carroll*, 2005 WL 2454889, *2 (D. Del.); *Denston v. Carroll*, 2005 WL 2453167, *2 (D. Del.). Johnson's petition, dated June 21, 2005,[3] is obviously filed past the deadline. The petition is thus untimely and must be dismissed unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

In turn, the tolling mechanism of § 2244(d)(1) does not save Johnson's petition from the running of the limitations period. *See* 28 U.S.C. § 2244(d)(2). When applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. If the one year period has already expired, a postconviction motion filed after that point does not revive the one year period. *See Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000); *Samuel v. Carroll*, 2004 WL 1368845, *3 (D. Del.). As noted above, Johnson's limitations

---

[3] *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (a prisoner's petition is considered filed on the date he delivers it to prison officials for mailing); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998) (same); *Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002) (date on petition is presumptive date of mailing and, thus, of filing).

clock began to run on November 23, 1996, and the one year limitations period expired on November 22, 1997. A state postconviction action was not filed by Johnson until November 17, 1999, almost two years after the limitations period of § 2244(d)(1) had expired. Thus, the state postconviction action has no effect on the statutory tolling provision. *See Lawrence v. Carroll*, 2003 WL 21402509, *2 (D. Del.). Because the one year period was not tolled under § 2244(d)(2), Johnson's claims are untimely under § 2244(d). Thus, the statute of limitations expired on Johnson's claims prior to June 21, 2005, i.e., the date indicated on the petition, and the claims are therefore barred by § 2244(d) and should be dismissed. *See, e.g., Samuel*, 2004 WL 1368845, *3; *Benson v. Carroll*, 2004 WL 1151547, *4 (D. Del.).

Of course, the limitation period may be subject to equitable tolling. *See, e.g., Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001) (describing rule). Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). Here, Johnson has failed to allege or demonstrate any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner. Johnson cannot credibly allege that the legal arguments or facts were unavailable to him during the limitations period. "To the extent that petitioner's failure to timely file his petition was the result of a mistake, a mistake does not constitute an extraordinary circumstance." *Wilmer v. Carroll*, 2003 WL 21146750, *5 (D. Del. May 16, 2003); *see Simpson v. Snyder*, 2002 WL 1000094, order at *3 (D. Del. May 14, 2002) (rejecting such an argument made by petitioner). In short, Johnson's claims are untimely under §

2244(d), and there is no basis upon which any relevant time should be excluded by virtue of the equitable tolling doctrine.

Alternatively, Johnson's claims are without merit. In order to exhaust state remedies, Johnson must have presented to the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir.), *cert. denied*, 498 U.S. 811 (1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). A petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a postconviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, *2 (D.Del.). Johnson presented his claims to the Delaware Supreme Court on appeal from the denial of his postconviction motion, and thus his claims are exhausted. *See Smith v. Digmon*, 434 U.S. 332, 333 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Nevertheless, the claims are unavailing.

*Ineffective assistance of counsel claim*

Although Johnson presented his claim of ineffective assistance of counsel to the Delaware Supreme Court on appeal from the denial of his postconviction motion, neither the state prosecutors nor the court addressed this specific claim, focusing instead on a related but different claim. Because this claim was not addressed on the merits, this Court must exercise pre-AEDPA independent judgment on the claim that the failure of Johnson's trial counsel to object to the felony theft count on the grounds that the amounts of the two bad check should not be aggregated led to an involuntary plea. *See Hameen v. Delaware*, 212 F.3d 226, 248 (3d Cir. 2000).

To prevail on a claim of ineffective assistance of counsel, a petitioner must first demonstrate that counsel's performance at trial or on appeal fell below "an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In evaluating whether counsel performed reasonably, a court "must be highly deferential." *Id.* at 689. Therefore, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotation omitted). Second, a petitioner must illustrate that counsel's ineffective performance caused prejudice. *See Strickland*, 466 U.S. at 687. The Third Circuit has stated that prejudice occurs where "there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) (citing *Strickland*, 466 U.S. at 668); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

Johnson contends that his trial counsel should have been aware that the State could not aggregate the amounts of the two bad checks in order to meet the threshold necessary to prosecute him for felony theft. Had his counsel known this, Johnson argues, counsel would not have recommended that Johnson plead guilty to a felony for which he could not have been charged, and Johnson would not have pled guilty to felony theft. Johnson, however, is mistaken as to his initial premise. The State properly aggregated the amounts of the two checks, and thus Johnson's claim must fail.

Section 900 of Title 11 of the Delaware Code provides that "[a] person is guilty of issuing a bad check when the person issues or passes a check knowing that it will not be honored by the drawee." The statute also contemplates prosecution for theft for the same conduct. In reference to

6

the knowledge element, the statute specifically refers to "any prosecution for theft committed by

means of a bad check."  Section 855, a related statute, notes that "[e]very prosecution for theft shall

be based upon § 841 of this title."  DEL. CODE. ANN. tit. 11, § 855(a).  Section 855 also provides that:

> When theft or any related offense is committed in violation of this title pursuant to 1
> scheme or continuous course of conduct, whether from the same or several sources,
> *the conduct may be considered as 1 offense and the value of the property or services
> aggregated in determining whether the theft is a felony or misdemeanor.*  For
> purposes of this subsection, related offenses shall include, but are not limited to,
> violations of §§ 861, 900 and 903 of this title.

DEL. CODE ANN. tit. 11, § 855(c) (emphasis added).  Thus, aggregating the amounts of the two bad

checks issued by Johnson to the same payee, and written less than three weeks apart, was certainly

permissible under Delaware law.  Johnson was properly indicted for two misdemeanor counts of

issuing a bad check in violation of § 900, and a single felony count of theft in violation of § 841.[4]

Because Johnson was properly indicted, his counsel was not ineffective for failing to object to the

felony theft charge in the indictment.  Moreover, because his counsel correctly informed Johnson that

he could be convicted of all the offenses charged in the indictment, Johnson cannot demonstrate

prejudice.  Johnson failed to meet the stringent standards of *Strickland*, requiring the petitioner to

demonstrate both deficient performance and resulting prejudice.  Thus, Johnson's claim of ineffective

assistance of counsel is without merit and his claim should be dismissed.

   To the extent that Johnson also bases his ineffective assistance of counsel claim on the theory

that counsel should have known that Johnson's actions did not constitute theft, that claim is

---

[4] When Johnson committed his crimes in December 1995 and January 1996, the felony threshold in
the theft statute was $500.  DEL. CODE ANN. tit. 11, § 841(c)(1) (Repl. 1995).  In July 1996, the
felony threshold was increased to $1000. 70 Del. Laws ch. 364 (eff. July 10, 1996).

unexhausted. Because Johnson would be precluded from raising this claim in a second state postconviction motion (*see* DEL. SUPER. CT. CRIM. R. 61(i)(1) (claims must be raised within 3 years after judgment of conviction is final) and 61(i)(2) (barring any claim not raised in the first postconviction motion from review unless required in the interests of justice), exhaustion is excused. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001). Nevertheless, his claim is procedurally defaulted. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Johnson has not alleged cause for his failure to have raised the issue in state court. As a result, Johnson has not established cause for his procedural default, and that alone is enough to warrant dismissal of his federal claim. *E.g., Elliott v. Kearney*, 2004 WL 724958, *4 n.5 (D. Del. Mar. 31, 2004). *See also Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995) (citing cases). In any case, Johnson cannot establish prejudice, because obtaining merchandise by means of passing a bad check falls squarely within the definition of theft recited in Title 11, § 841.[5] Thus, this claim should be dismissed.

---

[5] "A person is guilty of theft when the person takes, exercises control over or obtains property of another person intending to deprive that person of it or appropriate it." DEL. CODE ANN. tit. 11, § 841. *See Reader v. State*, 349 A.2d 745, 747 (Del. 1975) ("'property of another person' simply describes the subject of theft as property to which defendant has no right to possess.").

*Prosecutorial misconduct claim*

Johnson asserts a claim of prosecutorial misconduct because Johnson was indicted on and allowed to plea to felony theft.  Johnson contends that he should only have been charged with "false pretenses," not theft.  D.I.3 at 13.  Although Johnson raised a claim of prosecutorial misconduct in state court, that claim was based on his assertion that the amounts of the checks could not be consolidated.  *See* Op. Br. at 20-22, Del. Supr. Ct. No. 488, 2004.  The claim as presented in Johnson's habeas petition has not been presented to the state courts and is thus unexhausted.  If Johnson tried to return to state court to exhaust his claim, he would be barred from raising the claim under Criminal Rule 61(i)(1), as untimely; under Rule 61(i)(2) for failure to have raised the claim in his first postconviction motion; and under Rule 61(i)(3) for failure to have raised the claim on direct appeal.  Although exhaustion is thus excused, the claim is nevertheless procedurally defaulted.  *See Harris*, 489 U.S. at 263; *Werts*, 228 F.3d at 192.  Johnson has not alleged cause for his procedural default, and thus this claim should be dismissed. *See Coleman*, 501 U.S. at 757; *Murray*, 477 U.S. at 533; *Carter*, 910 F. Supp. at 151 (citing cases).  Moreover, Johnson cannot establish prejudice.  Under state law, theft includes obtaining property by false pretenses, and use of false pretenses to so obtain property has to be charged as theft.  DEL. CODE ANN. tit. 11, §§ 841(a), 855(a).  Johnson cannot establish cause or prejudice for his failure to have presented this claim in state court, and consequently his claim of prosecutorial misconduct should be summarily dismissed.

<u>Conclusion</u>

Based upon the Superior Court docket sheet, it appears that Johnson's plea hearing and sentencing have been recorded, but not transcribed.  In the event that the Court directs the production

of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

    For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

                    /s/ Elizabeth R. McFarlan
                    Deputy Attorney General
                    Department of Justice
                    820 N. French Street
                    Wilmington, DE 19801
                    (302) 577-8500
                    Del. Bar. ID No. 3759
                    elizabeth.mcfarlan@state.de.us

Date: November 18, 2005

10