Slip Copy                                                                                                                    Page 1
Slip Copy, 2005 WL 2454889 (D.Del.)
**(Cite as: 2005 WL 2454889 (D.Del.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Jack William WOLF, Petitioner,
v.
Thomas CARROLL, Warden, Respondent.
**No. Civ.A. 04-130-GMS.**

Oct. 5, 2005.

Jack William Wolf, petitioner, pro se.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for respondent.

MEMORANDUM OPINION

SLEET, J.

I. INTRODUCTION

*1 Presently before the court is petitioner Jack William Wolf's ("Wolf") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2; D.I. 13.) Wolf is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. For the reasons that follow, the court concludes that Wilson's petition is time-barred by the one-year period of limitations prescribed in 28 U .S.C. § 2244(d)(1).

II. FACTUAL AND PROCEDURAL BACKGROUND

In 1984, a Delaware Superior Court jury found Wolf guilty of one count of kidnaping in the first degree (11 Del.C. Ann. § 783A (Rep.1979)) and one count of rape in the second degree (11 Del. C. Ann. § 1763 (Repl.1979)). After his trial, the State entered a *nolle prosequ* i on the kidnaping charge.

On July 18, 1985, the Superior Court sentenced Wolf to a total of 25 years incarceration at Level V, suspended for 13 years of probation after 12 years of imprisonment. Wolf was released on parole in August 1989. Thereafter, Wolf violated the conditions of his release in 1997 and 2000 ("VOP"), each time resulting in his incarceration. For the 2000 VOP, the Superior Court sentenced Wolf to 12 years at Level V (with credit for time-served awaiting extradition), suspended after 10 years for 6 months at Level IV work release. Wolf did not appeal this VOP proceeding or sentence.

Wolf's form § 2254 petition, dated February 13, 2004, asserts six claims for relief. The court conducted an initial review, and, after determining that four claims were successive, dismissed the successive claims (Grounds A, B, B-3, and E). (D.I.5.) Wolf filed an AEDPA election form asking the court to rule on his habeas petition as pending, which now contains two claims for relief: (1) his sentence has not been credited with 7 years of good time credit, therefore, he is being held past the expiration date of his 1985 sentence; and (2) a violation of probation is a misdemeanor, not a felony, therefore, his 10 year VOP sentence is illegal. (D.I.11.) Wolf filed a supplemental petition to describe these claims more fully. (D.I.13.)

The State asks the court to dismiss Wolf's petition as time-barred under 28 U.S.C. § 2244(d). (D.I.21.) In the alternative, the State asks the court to dismiss the petition because Wolf has not exhausted state remedies for either of the remaining two claims in his petition.

Wolf filed two replies. The first "rebuttal" to the State's answer discusses his original conviction. (D.I.24.) His second reply outlines his numerous state post-conviction motions. [FN1] (D.I.26.)

> FN1. This reply, which was submitted on a § 2254 petition form, was initially opened as a new civil case (*Wolf v. Carroll,* Civ. A. No. 05-631-GMS). However, after reviewing the "new" petition, the court determined that it appeared to be Wolf's response to the State's "failure to exhaust" argument. The petition raises the same good-time credit challenge to his 1985 sentence raised in the instant proceeding, and thoroughly outlines all of Wolf's numerous state post-conviction proceedings. Therefore, the court ordered the clerk to close the new habeas proceeding (*Wolf v. Carroll,* Civ. A. No. 05-631-GMS) and docket the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                                 Page 2
Slip Copy, 2005 WL 2454889 (D.Del.)
**(Cite as: 2005 WL 2454889 (D.Del.))**

petition as a reply to the State's answer in the instant action (D.I. 26 in *Wolf v. Carroll,* Civ. A. No. 04-130-GMS).

Wolf's habeas petition is now ready for review.

III. WOLF'S PETITION IS TIME-BARRED

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for state prisoners seeking federal habeas relief under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**\*2** (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's one-year limitations period can be extended, however, if statutory or equitable tolling applies. 28 U.S.C. § 2244(d)(2)(enumerating statutory tolling provisions); *Miller v. New Jersey Dept. of Corr.,* 145 F.3d 616, 618 (3d Cir.1998)(holding AEDPA's one-year filing period is subject to equitable tolling); *Merritt v. Blaine,* 326 F.3d 157, 169 (3d Cir.2003)(same).

Wolf filed his § 2254 petition after AEDPA's enactment in 1996, thus, it is subject to AEDPA's one-year limitations period. *See generally Lindh v. Murphy,* 521 U.S. 320, 326 (1997)(AEDPA's terms apply to habeas petitions filed after its enactment on April 24, 1996). He does not allege, nor can the court discern, any facts triggering the possible starting points for the limitations period enumerated in §§ 2244(d)(1)(B),(C), or (D). As such, the one-year period of limitations began to run when Wolf's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the state court criminal judgment becomes final, and the statute of limitations begins to run, on the date on which the time for seeking direct review in state court expires. *Kapral v. United States,* 166 F.3d 565, 577 (3d Cir.1999). Here, the Superior Court sentenced Wolf on his VOP on February 24, 2000. Because Wolf did not appeal, his conviction became final on March 27, 2000. [FN2] *See* Del.Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal); *Weaver v. State,* 779 A.2d 254, 259 (Del.2001)(expressly holding that a defendant has a right to file an appeal from a VOP resulting in a sentence of at least 30 days, even if only suspended Level V time). Thus, Wolf had until March 27, 2001 to timely file his habeas petition.

> FN2. Because the thirtieth day fell on a weekend, Monday, March 27, became the last day to file a notice of appeal. *See* Del. Sup.Ct. R. 11(a).

Wolf's petition is dated February 13, 2004, and the court adopts this date as the presumptive filing date. [FN3] Therefore, unless the limitations period can be statutorily or equitably tolled, Wolf filed his habeas petition too late. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

> FN3. A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir.2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998). Wolf's habeas petition is dated February 13, 2004, and presumably, he could not have presented it to prison officials for mailing any earlier than that date. As such, the court adopts February 13, 2004 as the presumptive filing date. *See Woods v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002); *Gholdson v. Snyder,* 2001 WL 657722, at \*3 (D.Del. May 9, 2001).

A. Statutory Tolling

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                                                           Page 3
Slip Copy, 2005 WL 2454889 (D.Del.)
**(Cite as: 2005 WL 2454889 (D.Del.))**

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

**\*3** 28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time a petitioner pursues his state post-conviction remedies, including any post-conviction appeals. [FN4] *Swartz v. Meyers,* 204 F.3d 417, 424-25 (3d Cir.2000). However, a properly filed state post-conviction motion can only toll the federal habeas limitations period if the post-conviction motion itself is filed before the expiration of AEDPA's one-year limitations period. *See Price v. Taylor,* 2002 WL 31107363, at \*2 (D.Del. Sept. 23, 2002). In other words, AEDPA's limitations period does not start anew when a petitioner files a Rule 61 motion after the one-year has previously expired. *See Gholdson,* 2001 WL 657722, at \*3.

> FN4. The 90-day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his post-conviction motion does not toll AEDPA's limitations period. *Stokes v. Dist. Att'y of the County of Philadelphia,* 247 F.3d 539, 543 (3d Cir.2001).

Here, Wolf filed a Rule 61 motion on March 20, 2000, seven days before his conviction became final. The Superior Court denied the motion on April 3, 2000, and Wolf did not appeal this decision. Consequently, Wolf's Rule 61 motion tolled AEDPA's limitations period from March 20, 2000 through May 3, 2000 (the day on which the 30-day appeal period expired). However, Wolf also filed a motion for sentence modification in the Superior Court on April 5, 2000, which the Superior Court denied on July 26, 2000. Again, Wolf did not appeal. Assuming that this motion constitutes a properly filed application for state post-conviction relief, it tolled the limitations period through August 25, 2000, the day on which the 30-day appeal period expired. By filing his Rule 61 motion and his motion for sentence modification when he did, the limitations period was tolled from March 20, 2000 through August 25, 2000. Thus, when AEDPA's limitations period finally began to run on August 26, 2000, Wolf had the entire one year in which to file his habeas petition.

The limitations period ran for 60 days without interruption until Wolf filed a motion for sentence modification on October 25, 2000. The Superior Court denied the motion on April 19, 2001. Wolf did not appeal. Including the 30-day appeal period in the tolling computation, the limitations period was tolled through May 21, 2001. [FN5] Therefore, when AEDPA's limitations period resumed on May 22, 2001, Wolf had 305 days in which to timely file his habeas petition.

> FN5. The 30-day period actually ended on May 19, 2001, which was a Saturday. Thus, pursuant to Del. Sup.Ct. R. 11(a), the appeal period extended through the end of the day on Monday, May 21, 2001.

The limitations period ran for another 81 days until August 10, 2001, when Wolf filed a Rule 61 motion for post-conviction relief. The Superior Court denied the motion on August 27, 2001, and Wolf did not appeal. Once again, counting the 30-day period to appeal, the limitations period resumed on September 27, 2001. At this point, Wolf had 224 days left in AEDPA's limitations period.

The limitations period ran for 44 more days until Wolf filed another motion for sentence modification on November 9, 2001. The Superior Court denied the motion on January 3, 2002, and Wolf did not appeal. Counting the 30-day appeal period, plus a weekend, the limitations period resumed on February 5, 2002. There were 180 days remaining in AEDPA's limitations period.

**\*4** Twenty more days ran on the limitations period until February 25, 2002, when Wolf filed a motion for sentence modification. The Superior Court denied the motion on

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                                  Page 4
Slip Copy, 2005 WL 2454889 (D.Del.)
**(Cite as: 2005 WL 2454889 (D.Del.))**

March 19, 2002. Wolf did not appeal, but before the 30-day appeal period expired, he filed a motion for post-conviction relief and DNA testing on April 4, 2002. The Superior Court denied the motion on April 23, 2002, and Wolf did not appeal. The limitations period was tolled through May 23, 2002, and when it resumed on May 24, 2002, there were 160 days left in AEDPA's limitations period.

The limitations period ran for another 69 days until August 1, 2002, when Wolf filed another Rule 61 motion. The Superior Court denied the motion on September 12, 2002, and Wolf appealed. The Delaware Supreme Court affirmed the Superior Court's decision on November 25, 2002, meaning that the limitations period was tolled from August 1, 2002 through November 25, 2002. When the limitations period resumed on November 26, 2002, there were 91 days left in AEDPA's limitations period.

The limitations period ran without interruption until it expired on February 24, 2003. [FN6] Thus, even with statutory tolling, Wolf's February 12, 2004 filing date is untimely.

>      FN6. Any post-conviction motion filed after the expiration of AEDPA's limitations period does not statutorily toll the limitations period.

B. Equitable Tolling

A court, in its discretion, may equitably toll the one-year filing period when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998)(internal citations omitted). Federal courts invoke the doctrine of equitable tolling "only sparingly." *See United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998). The Third Circuit permits equitable tolling for habeas petitions in only three narrow circumstances:
  (1) where the defendant actively misled the plaintiff;
  (2) where the plaintiff was in some extraordinary way prevented from asserting his rights;
  (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or
*Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999).

Generally, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Id.* (quoting *Midgley,* 142 F.3d at 179). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted).

Here, Wolf does not allege, and the record does not reveal, that any extraordinary circumstances prevented him from timely filing his habeas petition. Even if he made a mistake or miscalculation regarding the one-year filing period, this mistake does not warrant equitable tolling. *See Simpson v. Snyder,* 2002 WL 1000094, at *3 (D.Del. May 14, 2002). Accordingly, the court concludes that the doctrine of equitable tolling is not available to Wolf on the facts he has presented. Therefore, the court will dismiss Wolf's § 2254 petition as untimely. [FN7]

>      FN7. Alternatively, the State argues that the court should dismiss the petition because Wolf has not exhausted state remedies for either claim. (D.I.21.) Wolf contends that he has exhausted state remedies, and he lists all the Rule 61 motions and motions for modification of sentence that he filed in the Delaware Superior Court. (D.I.26.) However, the court agrees with the State that Wolf did not exhaust state remedies for either of these claims. Wolf has not presented his good-time credit claim to the Delaware courts via a state petition for the writ of habeas corpus. *See Frye v. State,* 236 A.2d 424 (Del.1967). Additionally, the record provided to the court also indicates that Wolf has never presented his "VOP misdemeanor" argument to any state court. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997)(a petitioner must demonstrate that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding).

V. CERTIFICATE OF APPEALABILITY

**\*5** When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy   Page 5
Slip Copy, 2005 WL 2454889 (D.Del.)
**(Cite as: 2005 WL 2454889 (D.Del.))**

certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2 A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). If a court denies a § 2254 petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should not be issued unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court concludes that Wolf's habeas petition must be dismissed as untimely. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

VI. CONCLUSION

For the reasons stated, Wolf's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

ORDER

At Wilmington, this 5th day of October, 2005, consistent with the memorandum opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Jack William Wolf's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I.2.)

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

Slip Copy, 2005 WL 2454889 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:04CV00130 (Docket) (Mar. 01, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.