Slip Copy   Page 1
Slip Copy, 2005 WL 2453167 (D.Del.)
**(Cite as: 2005 WL 2453167 (D.Del.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Gregory A. DENSTON, Petitioner,
v.
Thomas CARROLL, Warden, Respondent.
**No. Civ.A. 04-241-GMS.**

Oct. 4, 2005.

Gregory A. Denston, petitioner, pro se.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for respondent.

MEMORANDUM OPINION

SLEET, J.

I. INTRODUCTION

**\*1** Petitioner Gregory A. Denston ("Denston") is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the court is Denston's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2.) For the reasons that follow, the court concludes that Wilson's petition is time-barred by the one-year period of limitations prescribed in 28 U .S.C. § 2244(d)(1).

II. FACTUAL AND PROCEDURAL BACKGROUND

Denston was incarcerated for attempted murder in the first degree when he attempted to hire a hitman to murder his ex-wife. As a result, a grand jury issued an indictment charging him with two counts of criminal solicitation in the first degree (11 Del. C. Ann. § 503) and one charge of attempted murder in the first degree (11 Del. C. Ann. § 531). On September 5, 2001, Denston pled guilty in the Delaware Superior Court to two counts of criminal solicitation in the first degree, in exchange for which the State *nolle prossed* the charge of attempted murder in the first degree. (D.I.11.) The Superior Court sentenced Denston to a total of 10 years at Level V incarceration. Denston did not file a direct appeal in connection with his conviction or sentence. *State v. Denston,* 2003 WL 22293651, at \*1-2 (Del.Super.Ct. Oct. 2, 2003).

On March 24, 2003, Denston filed a motion for state post-conviction relief pursuant to Rule 61 of the Superior Court Rules of Criminal Procedure ("Rule 61 motion"), which the Superior Court denied. *Denston,* 2003 WL 22293651, at \* 10. Denston appealed, and the Delaware Surpreme Court affirmed the decision on February 17, 2004. *Denston v. State,* 846 A.2d 238 (Table), 2004 WL 344315 (Del. Feb. 17, 2004).

Presently before the court is Denston's *pro se* petition for federal habeas relief, asserting two claims for relief: (1) his right to a speedy trial was violated; and (2) ineffective assistance of counsel. (D.I.2.)

The State concedes that Denston exhausted state remedies by presenting these claims to the Delaware Supreme Court in his post-conviction appeal. Nevertheless, the State asks the court to dismiss Denston's petition as time-barred under 28 U.S.C. § 2244(d).

Denston filed a reply, asserting that his failure to timely file his petition was caused by his counsel's failure to appeal his conviction and sentence. (D.I.14.)

Denston's habeas petition is now ready for review.

III. DISCUSSION

A. One-Year Statute of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for state prisoners seeking federal habeas relief under 28 U.S.C. § 2254. 28 U .S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy    Page 2
Slip Copy, 2005 WL 2453167 (D.Del.)
**(Cite as: 2005 WL 2453167 (D.Del.))**

the applicant was prevented from filing by such State action;

**\*2** (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's one-year limitations period can be extended, however, if statutory or equitable tolling applies. 28 U.S.C. § 2244(d)(2)(enumerating statutory tolling provisions); *Miller v. New Jersey Dept. of Corr.,* 145 F.3d 616, 618 (3d Cir.1998)(holding AEDPA's one-year filing period is subject to equitable tolling); *Merritt v. Blaine,* 326 F.3d 157, 169 (3d Cir.2003)(same).

Denston filed his § 2254 petition after AEDPA's enactment in 1996, thus, it is subject to AEDPA's one-year limitations period. *See generally Lindh v. Murphy,* 521 U.S. 320, 326 (1997)(AEDPA's terms apply to habeas petitions filed after its enactment on April 24, 1996). He does not allege, nor can the court discern, any facts triggering the possible starting points for the limitations period enumerated in §§ 2244(d)(1)(B),(C), or (D). As such, the one-year period of limitations began to run when Denston's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the state court criminal judgment becomes final, and the statute of limitations begins to run, on the date on which the time for seeking direct review in state court expires. *Kapral v. United States,* 166 F.3d 565, 577 (3d Cir.1999). Here, the Superior Court sentenced Denston on September 5, 2001, and he did not appeal. Therefore, Denston's conviction became final, and AEDPA's statute of limitations began to run, on October 6, 2001. *See* Del.Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal).

Using October 6, 2001 as AEDPA's starting date, Denston had until October 6, 2002 to timely file his habeas petition. Denston, however, did not file his petition until April 12, 2004. [FN1] Thus, unless the limitations period can be statutorily or equitably tolled, the court must dismiss the petition as time-barred. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

> FN1. A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir.2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998). Denston's habeas petition is dated April 12, 2004, and presumably, he could not have presented it to prison officials for mailing any earlier than that date. As such, the court adopts April 12, 2004 as the presumptive filing date. *See Woods v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002); *Gholdson v. Snyder,* 2001 WL 657722, at \*3 (D.Del. May 9, 2001).

B. Statutory Tolling

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time a petitioner pursues his state post-conviction remedies, including any post-conviction appeals. [FN2] *Swartz v. Meyers,* 204 F.3d 417, 424-25 (3d Cir.2000). However, a properly filed state post-conviction motion can only toll the federal habeas limitations period if the post-conviction motion is filed before the expiration of AEDPA's one-year limitations period. *See Price v. Taylor,* 2002 WL 31107363, at \*2 (D.Del. Sept. 23, 2002); *Gholdson v. Snyder,* 2001 WL 657722, at \*3 (D.Del. May 9, 2001).

Slip Copy                                                                                                   Page 3
Slip Copy, 2005 WL 2453167 (D.Del.)
**(Cite as: 2005 WL 2453167 (D.Del.))**

> FN2. The 90-day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his post-conviction motion does not toll AEDPA's limitations period. *Stokes v. Dist. Att'y of the County of Philadelphia,* 247 F.3d 539, 543 (3d Cir.2001).

**\*3** In the instant case, AEDPA's limitations period had already expired in October 2002 when Denston filed his motion for state post-conviction relief on March 24, 2003. Thus, his Rule 61 motion has no tolling effect under § 2244(d)(2).

C. Equitable Tolling

A court, in its discretion, may equitably toll the one-year filing period when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998)(internal citations omitted). Federal courts invoke the doctrine of equitable tolling "only sparingly." *See United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998). The Third Circuit permits equitable tolling for habeas petitions in only three narrow circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights;
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or

*Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999).

Generally, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Id.* (quoting *Midgley,* 142 F.3d at 179). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted).

Here, Denston alleges that his habeas petition is untimely because defense counsel did not appeal his conviction and sentence. (D.I.14.) This allegation, however, fails to "rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001). Denston does not contend, and the record does not reveal, that his attorney actively misled or deceived him into believing he was pursuing motions, claims, or filing an appeal on Denston's behalf. *See Schlueter III v. Varner,* 384 F.3d 69, 76-8 (3d Cir.2004)(indicating that, even if an attorney's egregious misconduct constitutes an extraordinary circumstance, equitable tolling will only be warranted if the petitioner also exercised reasonable diligence in pursuing his claims). Thus, counsel's alleged failure does not constitute "egregious conduct" warranting equitable tolling, *See Boykins v. Tennis,* 2004 WL 1368813, at \*3-4 (E.D.Pa. Jun. 17, 2004)(collecting cases), nor did it prevent Denston from timely filing a basic § 2254 petition.

Finally, even if Denston made a mistake or miscalculation regarding the one-year filing period, this mistake does not warrant equitable tolling. *See Simpson v. Snyder,* 2002 WL 1000094, at \*3 (D.Del. May 14, 2002). Therefore, because the court concludes that the doctrine of equitable tolling is not available to Denston on the facts he has presented, it will dismiss Denston's petition as untimely.

IV. CERTIFICATE OF APPEALABILITY

**\*4** When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). If a court denies a § 2254 petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should not be issued unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court concludes that Denston's habeas petition must be dismissed as untimely. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 4
Slip Copy, 2005 WL 2453167 (D.Del.)
**(Cite as: 2005 WL 2453167 (D.Del.))**

declines to issue a certificate of appealability.

V. CONCLUSION

For the reasons stated, Denston's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

ORDER

At Wilmington, this 4th day of October, 2005, consistent with the memorandum opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Gregory A. Denston's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I.2.)

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

Slip Copy, 2005 WL 2453167 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:04CV00241 (Docket) (Apr. 16, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.