Not Reported in F.Supp.2d                                                                                              Page 1
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Derick LAWRENCE, Petitioner,
v.
Thomas L. CARROLL, Warden, and M. Jane Brady, Attorney General, Respondents.
No. Civ.A. 03-064-JJF.

June 10, 2003.

Derick Lawrence, Petitioner, pro se.
Loren C. Meyers, Chief of Appeals Division of the Delaware Department of Justice, Wilmington, Delaware, for Respondent.

MEMORANDUM OPINION

FARNAN, J.

**\*1** Pending before the Court is Derick Lawrence's Petition Under 28 U . S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (D.I.2).[FN1] For the reasons set forth below, the Petition will be denied.

> FN1. Also pending before the Court is Derick Lawrence's Motion for Appointment of Counsel (D.I.4), which will be denied as moot based on the denial of Mr. Lawrence's Petition.

I. BACKGROUND

In February 1998, a Delaware Superior Court jury convicted Derick Lawrence of first degree robbery. The Delaware Supreme Court affirmed Mr. Lawrence's conviction on direct appeal. *Lawrence v. State,* No. 204, 1998 (Del. May 21, 1999). In February 2001, Mr. Lawrence moved for post-conviction relief under Superior Court Criminal Rule 61. The Delaware Superior Court denied the Rule 61 motion in August 2001, and the Delaware Supreme Court affirmed that decision in January 2002. *Lawrence v. State,* No. 440, 2001 (Del. Jan. 18, 2002). Mr. Lawrence filed the instant petition for federal habeas relief on January 15, 2003, making the same claims he made in his Rule 61 motion.

II. DISCUSSION

A. *One-Year Period of Limitation*

28 U.S.C. § 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

28 U.S.C. § 2244(d). Mr. Lawrence's conviction became final when the 90 day period in which he could have applied for a writ of certiorari from the United States Supreme Court expired. *Kapral v. United States,* 166 F.3d 565, 575 (3d Cir.1999) ("a state court criminal judgment is 'final' (for purposes of collateral attack) at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires."). Mr. Lawrence had 90 days from May 21, 1999, the date on which the Delaware Supreme Court affirmed his conviction on direct appeal, to apply for a writ of certiorari from the United States Supreme Court. U.S.Supr. Ct. R. 13.1. That 90 day period ended on August 19, 1999. Thus, under Section 2244(d), Mr. Lawrence had until August 19, 2000, to file his federal habeas petition.

A pro se prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. Mr. Lawrence's Petition is dated January 15, 2003 (D.I. 2 at 7), and in the absence of proof respecting the date of delivery, that date is the presumptive date the Petition was delivered to prison officials for mailing. *Woods v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002). Thus, the Court finds that Mr. Lawrence's Petition was filed on January 15, 2003.

Because Mr. Lawrence's Petition was not filed until January 15, 2003, and because, under Section 2244(d), Mr. Lawrence's petition had to be filed by August 19, 2000, the Court concludes that Mr. Lawrence's Petition is untimely.

B. *Statutory Tolling*

The one-year period of limitation may be statutorily tolled

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d     Page 2
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

**\*2** Mr. Lawrence filed a motion for post-conviction relief in February 2001; however, the one year period of limitation had been expired for nearly six months at that point. Consequently, the Court concludes that Mr. Lawrence's motion for post-conviction relief did not toll the one year period of limitation under Section 2244(d)(2). *Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir.2001) (holding that application for post-conviction relief filed after the expiration of the one-year period has no tolling effect).

### C. *Equitable Tolling*

The one-year period of limitation may also be equitably tolled. *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998). Equitable tolling applies:
only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

*Id.* at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

Mr. Lawrence contends that the Court should equitably toll the one-year period of limitation because (1) he did not learn that his direct appeal was denied until July 2000, (2) he had limited access to the law library from June 1998 until January 2001, and (3) despite his limited legal knowledge, he was diligent in preparing and filing his Rule 61 motion. (D.I. 17 at 2-3). In response, the Respondents contend that none of the reasons advanced by Mr. Lawrence rise to the level necessary to invoke the equitable tolling doctrine. Specifically, the Respondents contend that any mistake or miscalculation by Mr. Lawrence does not warrant equitable tolling.

"In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001). In this case, Mr. Lawrence's reasons for not timely filing his Petition are attributable, in the Court's view, to neglect, mistake, or inadequate legal knowledge. After reviewing the entire record, the Court concludes that there are no extraordinary circumstances in this case that merit application of the equitable tolling doctrine.

Because Mr. Lawrence's Petition is untimely under Section 2244(d) and because the one-year period of limitation is not subject to statutory or equitable tolling, the Court will deny the Petition.

### IV. *Certificate of Appealability*

**\*3** The court may issue a certificate of appealability ("COA") only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Id.*

In the instant case, the Court has concluded that Mr. Lawrence's Petition is barred by the one-year period of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 3
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

limitation and that the period should not be statutorily or equitably tolled. The Court is convinced that reasonable jurists would not find otherwise. Therefore, Mr. Lawrence has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### III. CONCLUSION

For the reasons discussed, Derick Lawrence's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (D.I.2) will be denied.

An appropriate Order will be entered.

### ORDER

At Wilmington, this 10th day of June 2003, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:
1. Derick Lawrence's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (D.I.2) is *DENIED;*
2. Because the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2), a certificate of appealability is *DENIED;*
3. Derick Lawrence's Motion for Appointment of Counsel (D.I.4) is *DENIED* as moot.

D.Del.,2003.
Lawrence v. Carroll
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00064 (Docket) (Jan. 16, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.