Not Reported in F.Supp.2d                                                    Page 1

Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)

**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents

Only the Westlaw citation is currently available.

United States District Court,D. Delaware.

Michael A. BENSON, Petitioner,

v.

Thomas CARROLL, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.

**No. Civ.A. 03-065-SLR.**

May 18, 2004.

Michael A. Benson, petitioner, pro se.

Elizabeth McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for respondents.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

**\*1** Petitioner Michael A. Benson is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.1) For the reasons that follow, the court concludes that petitioner's application is time-barred by the one-year period of limitations prescribed in 28 U .S.C. § 2244(d)(1). Accordingly, the court will dismiss the petition as untimely.

II. FACTUAL AND PROCEDURAL BACKGROUND

In August 1998, petitioner was convicted by a Delaware Superior Court jury of three counts of delivery of cocaine (16 DEL. C. § 4751); two counts of possession with intent to deliver cocaine (16 DEL. C. § 4755(a)(5)); trafficking in cocaine (16 DEL. C. § 4753(a)(2)(a)); and possession of drug paraphernalia (16 DEL. C. § 4771). On December 4, 1998, the Superior Court sentenced petitioner to a total of seventy-eight (78) years imprisonment, seventy-five (75) of which were mandatory at Level V. *See State v. Benson,* 2002 WL 537590 (Del.Super.Ct. Apr. 10, 2002).

Petitioner, represented by counsel, filed a timely notice of appeal. Thereafter, petitioner's counsel filed a motion to withdraw pursuant to Delaware Supreme Court Rule 26(c), stating that he found no meritorious issues for appeal. Although counsel informed petitioner by letter that he could supplement his attorney's brief, petitioner failed to raise any issues on appeal. The Delaware Supreme Court subsequently affirmed petitioner's convictions on June 29, 1998. *See Benson v. State,* No. 521, 1998 (Del. June 29, 1998).

In April 2001, petitioner filed a motion for state post-conviction relief pursuant to Superior Court Criminal Rule 61 in the Delaware Superior Court. His Rule 61 motion alleged four claims: (1) ineffective assistance of counsel; (2) the trial court never heard his motion to suppress evidence; (3) there was insufficient evidence to support his conviction; and (4) illegal sentencing. *State v. Benson,* 2002 WL 537590 (Del.Super.Ct. Apr. 10, 2002). The Superior Court denied the Rule 61 motion as procedurally barred by Rule 61(i)(3) for failure to prove cause and prejudice. *Id.* Petitioner filed a timely notice of post-conviction appeal. However, the Delaware Supreme Court dismissed the post-conviction appeal on July 11, 2002 because petitioner never filed an opening brief and appendix. *Benson v. State,* 803 A.2d 427 (Del.2002).

III. DISCUSSION

Presently before the court is petitioner's *pro se* application for federal habeas relief. (D.I.1) Petitioner asserts six habeas claims: (1) after petitioner filed his Rule 61 motion, the Superior Court did not require his trial attorney to personally respond to his ineffective assistance of counsel claim and did not hold an evidentiary hearing, thereby denying him due process; (2) the Superior Court, in dismissing his Rule 61 motion, erroneously found that petitioner had not established cause for his failure to raise the suppression of evidence claim on direct appeal; (3) the evidence at trial was insufficient to support his conviction due to his trial counsel's ineffectiveness; (4) he was denied effective assistance of counsel at trial and on appeal; (5) his conviction was based on an insufficient indictment, thereby violating due process and double jeopardy; and (6) the Superior Court's denial of his ineffective assistance of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 2
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

counsel claim raised in his Rule 61 motion was contrary to *Strickland v. Washington,* 466 U.S. 668 (1988). (D.I.1)

**\*2** Respondent contends that the entire petition is time-barred and asks the court to dismiss the petition as untimely. <sup>FN1</sup> (D.I. 8 at 3-5) Petitioner's habeas petition is now ripe for review.

> FN1. In the alternative, respondent also asks the court to dismiss the petition because petitioner procedurally defaulted his claims by failing to prosecute his appeal. (D.I. 8 at 5, citing *Gibbs v. Redman,* Civ. Act. No. 89-351-LON, Order at 4 (D.Del. Oct. 11, 1991)) The court, however, finds that petitioner's failure to comply with the one-year limitations period justifies dismissal of this petition.

### A. One-Year Statute of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). As such, the one-year period of limitations began to run

when petitioner's conviction became final under § 2244(d)(1)(A).

When a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires." *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir.1999); *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). In the present case, the Delaware Supreme Court affirmed petitioner's conviction on June 29, 1999. *Benson v. State,* 734 A .2d 640 (Del.1999). Consequently, petitioner's conviction became final for the purposes of § 2244(d)(1) on September 29, 1999. Thus, to timely file a habeas petition with this court, petitioner needed to file his § 2254 petition no later than September 29, 2000.

Petitioner's habeas petition is dated January 7, 2003. A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. Therefore, the court adopts January 7, 2003 as the presumptive filing date. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir.2003) (the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Woods v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002).

With January 7, 2003 as the filing date, petitioner filed his petition approximately two and one-half years too late. As such, his habeas petition is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). The court will discuss each doctrine in turn.

### B. Statutory Tolling

**\*3** Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitations:
The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

Not Reported in F.Supp.2d                                                                                              Page 3
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998). However, even if a state post-conviction motion is properly filed under state procedural rules, it will not toll or revive the federal habeas limitations period if the post-conviction motion itself is not filed within the federal one-year filing period. *See Price v. Taylor,* 2002 WL 31107363, at *2 (D.Del. Sept. 23, 2002).

Here, when petitioner filed his motion for state post-conviction relief in April 2001, the one-year federal habeas limitations period had already expired on September 29, 2000. As such, the Rule 61 motion did not toll the federal habeas limitations period. Thus, petitioner's habeas petition is time-barred unless the one-year time period is equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

### C. Equitable Tolling

A court, in its discretion, may equitably toll the one-year filing period when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998)(internal citations omitted). In general, federal courts invoke the doctrine of equitable tolling "only sparingly." *See United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998). The Third Circuit permits equitable tolling for habeas petitions in only four narrow circumstances:
(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights;
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or
(4) where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

*Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999). Generally, "a statute of limitations should be tolled only in

the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Id.* (quoting *Midgley,* 142 F.3d at 179).

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted). For example, in non-capital cases, inadequate research, attorney error, miscalculation, or other mistakes do not qualify as "extraordinary circumstances" sufficient to trigger equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001).

**\*4** Petitioner has not alleged, and the court cannot discern, any "extraordinary circumstances" that warrant equitably tolling the one-year limitations period. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, such mistakes do not justify equitable tolling. *See Simpson v. Snyder,* Civ. Act. No. 00-737-GMS, 2002 WL 1000094, at *3 (D.Del. May 14, 2002). Accordingly, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented and, therefore, petitioner's § 2254 petition will be dismissed as untimely.

### IV. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                      Page 4
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The court concludes that petitioner's habeas petition must be dismissed as untimely. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

### V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

D.Del.,2004.
Benson v. Carroll
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00065 (Docket) (Jan. 16, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.