Not Reported in F.Supp.2d                                                                                                 Page 1
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2003 WL 21146750
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Ronnie D. WILMER, Petitioner,
v.
Thomas L. CARROLL, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
No. Civ.A. 02-1587-SLR.

May 16, 2003.

MEMORANDUM ORDER

ROBINSON, J.

I. INTRODUCTION

**\*1** Petitioner Ronnie D. Wilmer is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2) For the reasons that follow, the court concludes that petitioner's application is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1). Accordingly, the court will dismiss the petition as untimely.

II. BACKGROUND

Petitioner was indicted in July 1994 for three drug offenses. (D.I.11) He pled guilty in October 1994 to trafficking in cocaine and maintaining a vehicle for distributing controlled substances. The Delaware Superior Court sentenced petitioner to a total of eight years imprisonment, which it suspended after five years for three years probation. (*Id.*)

In February 2000, petitioner was arrested for several motor vehicle offenses. (*Id.*) During the execution of a search warrant at the home of petitioner's mother, the Delaware State Police found over 50 grams of crack cocaine. Petitioner subsequently admitted that the drugs belonged to him. In addition, probation officers charged petitioner with violating his curfew. As a result, in March 2000, state probation officers charged petitioner with violating the terms of his probation and, in April 2000, petitioner was indicted on various drug charges. In August 2000, Petitioner pled guilty to possession of cocaine and maintaining a dwelling for keeping controlled substances, and the Delaware Superior Court found that petitioner had violated his probation stemming from the 1994 conviction. The Superior Court revoked his probation and petitioner was sentenced to two years imprisonment ("VOP sentence"). In connection with another 1994 conviction for which he had also been on probation, the Superior Court sentenced him to two years imprisonment. (*Id.*)

Petitioner did not appeal his conviction or the revocation of his probation. (*Id.*) Rather, on November 3, 2000, petitioner moved to modify his sentence under Rule 35(b) of the Superior Court Rules of Criminal Procedure. The Superior Court denied this motion on November 21, 2000, and petitioner did not appeal that decision. Subsequently, on July 23, 2001, petitioner filed a motion to correct his sentence under Rule 35(a) of the Superior Court Rules of Criminal Procedure, which the Superior Court denied on July 31, 2001. Petitioner appealed and, on February 13, 2002, the Delaware Supreme Court affirmed the Superior Court's decision. Forty-three days later, petitioner moved for post-conviction relief under Rule 61 of the Superior Court Rules of Criminal Procedure. On June 19, 2002, the Delaware Superior Court denied that motion, and the Delaware Supreme Court affirmed this denial on September 27, 2002. (*Id.*)

On October 29, 2002, petitioner filed with this court his application for federal habeas relief, along with a request to proceed *in forma pauperis.* (D.I.2) In his habeas petition, petitioner alleges that his counsel provided ineffective assistance by:[FN1]

> FN1. Petitioner did not write out the grounds for the petition but, rather, he attached a copy of the Delaware Supreme Court's Order affirming the Superior Court's judgment.

**\*2** (1) failing to inform him about the basis for the State's case, investigate the facts, or meet or communicate with him about the case;
   (2) re-scheduling the VOP hearing repeatedly; and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 2
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

(3) waiving his constitutional right to a preliminary hearing.

(D.I. 2, *Wilmer v. State,* No. 359, 2002, at 2 (Sept. 27, 2002)).

This court granted petitioner's request to proceed *in forma pauperis.* (*Id.*) On November 19, 2002, petitioner simultaneously filed a motion for release pending review (D.I.7) and a motion for the production of documents. (D.I.8) The motion for the production of documents requests copies of "all police reports, probable cause, and physical material evidence leading to the arrest of the petitioner ... [and a] copy of the executed search warrant." (*Id.*)

As to petitioner's application for federal habeas relief, respondents assert that the petition is untimely because petitioner filed it after the expiration of the one-year period of limitation, and they ask the court to dismiss it as time-barred. (D.I.11) They assert that the motion for release pending review should be denied because: (1) the entire petition is time-barred; and (2) petitioner has not satisfied the required standards justifying such action. (D.I.15) Respondents also assert that the motion for the production of documents should be denied because: (1) the entire petition is time-barred; and (2) petitioner has not established "good cause" for discovery. (D.I.14)

On February 10, 2003, petitioner filed a "reply in opposition of respondent's answer to motion for the production of documents" and a reply brief. (D.I.16, 17) Petitioner's reply regarding the motion for the production of documents asserts that the court needs to review the entire state record to determine the validity of his ineffective assistance of counsel claim, and that this mixed question of law and fact is not entitled to the "presumption of correctness" prescribed by § 2254(e)(1). (D.I. 16 at 2-3) Petitioner's reply brief provides additional explanations for his ineffective assistance of counsel claim. (D.I.17) In addition, petitioner requests an evidentiary hearing because facts are in dispute, and he asserts his right to counsel during such evidentiary hearing. (*Id.* at 6)

III. DISCUSSION

A. One-Year Period of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitation for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The AEDPA states, in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

28 U.S.C. § 2244(d)(1). If a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires." *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir.1999) ; *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). If a petitioner does not appeal a state court judgment, then the conviction becomes final on the "date on which the time for filing such an appeal expired." *See Kapral,* 166 F.3d at 577.

**\*3** In the present case, the Delaware Superior Court sentenced petitioner on August 3, 2000. Because petitioner did not appeal his sentence, the one-year period of limitation began to run on the expiration of the time for filing an appeal. Pursuant to Delaware law, a notice of appeal in a direct criminal appeal must be filed within thirty days after a sentence is imposed. *See* 10 Del.Code Ann. § 147; Del.Supr.Ct.R. 6(a)(ii). Consequently, petitioner's conviction became final for the purposes of § 2244(d)(1) on September 5, 2000.[FN2] Thus, to timely file a habeas petition with this court, petitioner needed to file his § 2254 petition no later than September 5, 2001.

> FN2. The thirtieth day was actually September 2, a Saturday. Because Monday, September 4, was Labor Day, the appeal period expired on September 5, 2000. Del.Supr.Ct.R.11(a).

The court's docket indicates that petitioner filed his pending habeas petition on October 29, 2002, one year and fifty four days too late. However, a *pro se* prisoner's habeas petition is considered filed on the date the petition is delivered to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

prison officials for mailing, not on the court's docket date. *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998). The pending petition was actually signed and dated October 9, 2002, and stamped as "received" by the District Court Clerk's Office on October 10, 2002. Thus, the court will assume that petitioner mailed the petition on October 9, 2002 and, therefore, will treat October 9, 2002 as the date of filing.

Even if the date of filing is October 9, 2002, the petitioner filed his habeas petition one year and thirty four days after his conviction became final. Nonetheless, if either the doctrine of statutory tolling or equitable tolling applies, then the petition will not be time-barred. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). The court will discuss each doctrine in turn.

B. Statutory Tolling

Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitation:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for State post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998).

Although the petitioner did not appeal his VOP sentence, he did file three post-conviction motions for review: (1) Rule 35(b) motion to modify sentence, filed November 3, 2000 and denied on November 21, 2000; (2) Rule 35(a) motion to correct sentence, filed July 23, 2001, denied on July 31, 2001, and affirmed by the Delaware Supreme Court on appeal on February 13, 2002; and (3) Rule 61 motion for post-conviction relief, filed on March 28, 2002, denied on June 19, 2002, and affirmed by the Delaware Supreme Court on appeal on September 27, 2002. The respondents assert that the Rule 35(b) motion to modify sentence does not toll the limitations period because it is "little more than a plea to the sentencing judge for leniency." (D.I. 11, citing *Walkowiak v. Haines,* 272 F.3d 234 (4th Cir.2001); *see Bland v. Hall,* 2002 WL 989532 (D.Mass. May 14, 2002)). While the court agrees that petitioner's 35(b) motion does not toll the one-year period, it disagrees with the respondents' reasoning.

**\*4** Generally, a Rule 35(b) motion does toll the one-year time period because it "qualifies as an application for postconviction or other collateral review under § 2244(d)(2)." *McNeil v. Snyder,* 2002 WL 202100, at \*3 (D.Del. Feb 8, 2002). However, even though a Rule 35(b) motion can toll the one-year period, it can only do so if it was timely filed in the right location. *See Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998) ; 28 U.S.C. § 2244(d)(2). In this instance, the Delaware Superior Court denied the Rule 35(b) motion because it was "filed more than 90 days after imposition of sentence and is therefore timebarred." FN3 (D.I. 13, State's August 16, 2002 App. B2) Because petitioner's motion did not conform to the state's procedural requirements, the motion was not properly filed and, thus, it does not trigger 28 U.S.C. § 2244(d)(2)'s tolling provision.

> FN3. Del.Super. Ct. R. 35(b) requires a motion to reduce a sentence to be "made within 90 days after the sentence is imposed." The Superior Court Criminal Docket indicates that the sentence was imposed on August 3, 2000, but was not signed and filed until August 15, 2000. (D.I. 13, State's Aug. 16, 2002 App. B2) Thus, the 90-day filing period for a Crim R. 35(b) motion commenced on August 3, 2000, the date of sentencing. Petitioner filed his 35(b) motion on November 3, 2000, ninety-two days after sentencing.

The respondents correctly acknowledge that the one-year period was tolled by petitioner's other post-conviction motions. Petitioner filed his 35(a) motion to correct his sentence on July 23, 2001, tolling the time period until the Delaware Supreme Court affirmed the denial of post-conviction relief on February 13, 2002. By the time petitioner filed the Rule 35(a) motion, 321 days of the one-year period had lapsed. The one-year period began to run again on February 13, 2002, but was tolled 43 days later on March 28, 2002 when petitioner filed a motion for post-conviction relief under Rule 61 of the Superior Court

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Rules of Criminal Procedure. The time period was tolled until September 27, 2002, when the Delaware Supreme Court affirmed the denial of post-conviction relief. However, at this point in time, there was only one day left in the limitations period. Thus, to be timely, petitioner had to file his habeas petition by September 28, 2002. Accordingly, because the petition was not filed until October 9, 2002, it is time-barred. The court concludes that the doctrine of statutory tolling does not render the petition timely.

### C. Equitable Tolling

A petitioner may be able to avoid the AEDPA one-year time period by demonstrating that the doctrine of equitable tolling applies to the habeas motion. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 122 S.Ct. 323 (2001) ; *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998). Equitable tolling is proper when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Id.* at 618 (internal citations omitted). However, the Third Circuit permits equitable tolling for habeas petitions in only four narrow circumstances:

  (1) where the defendant actively misled the plaintiff;
  (2) where the plaintiff was in some extraordinary way prevented from asserting his rights;
  (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or
  (4) where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

**\*5** *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999). Federal courts invoke the doctrine of equitable tolling "only sparingly." *See United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims;" mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted). For example, in non-capital cases, inadequate research, attorney error, miscalculation, or other mistakes do not qualify as "extraordinary circumstances"

sufficient to trigger equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001). Generally, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones,* 195 F.3d at 159 (quoting *United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998).

The respondents' answer clearly asserts that the petition is time-barred and must be dismissed, and that the time period is neither statutorily nor equitably tolled. (D.I.11) Despite this explicit argument, petitioner's reply brief does not address the timeliness issue. (D.I.17) Rather, petitioner focuses on the issue of exhaustion of state remedies.[FN4] (*Id.*) Nevertheless, the court broadly construes petitioner's statement that "the respondents breach[ed] ... this court's procedural rules of habeas corpus proceedings, pursuant to 28 U.S.C. § 2249 associated with its obligation to submit to this court all state records of the defendant ... [c]learly it [is] conceivable that this is the respondents' attempt to sabotage the petitioner's efforts to make his claim of ineffective assistance of counsel argument" as a potential equitable tolling argument. (*Id.* at 4) Basically, petitioner appears to argue that the State's failure to respond to his prior requests for copies of the search warrant and police report illustrate that he "was in some extraordinary way prevented from asserting his rights."

> FN4. In fact, the respondents explicitly acknowledge that the petitioner "obviously exhausted state remedies." (D.I. 11 at 2)

The court is not persuaded by this argument. Even if, arguendo, the State were attempting to "sabotage the petitioner's effort to make his claim of ineffective assistance of counsel argument," the failure to produce the requested items did not prevent petitioner from timely filing his habeas petition. To the extent that petitioner's failure to timely file his petition was the result of a mistake, a mistake does not constitute an extraordinary circumstance. Equitable tolling is not triggered by a *pro se* prisoner's mistake or miscalculation of the time period. *See Simpson v. Snyder,* 2002 WL 1000094, at \*3 (D.Del. May 14, 2002). In short, the court concludes that the petitioner has not presented any extraordinary circumstances to warrant applying the

Not Reported in F.Supp.2d  Page 5
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

doctrine of equitable tolling. Accordingly, petitioner's § 2254 habeas petition will be dismissed as untimely.

### D. Motion for an Evidentiary Hearing

***6** Petitioner asserts that he is entitled to an evidentiary hearing "on his ineffective assistance of counsel claims as a matter of right where the facts are disputed." (D.I. 17 at 6) Although a federal court has discretion to grant evidentiary hearings, the AEDPA permits such hearings only in limited circumstances. *See* 28 U.S.C. § 2254(e) ; *Campbell v. Vaughn,* 209 F.3d 280, 286-87 (3d. Cir.2000), *cert. denied,* 531 U.S. 1084 (2001). For example, if a habeas petitioner "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court, § 2254(e)(2) will not preclude an evidentiary hearing in federal court." *Id.* at 287 (quoting *Cardwell v. Greene,* 152 F.3d 331, 337 (4th Cir.1998). When deciding whether to grant an evidentiary hearing, courts "focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Id.* A petitioner needs to explain how the evidentiary hearing will advance the habeas claim, or " 'forecast any evidence beyond that already contained in the record' that [will] help his cause." *Id.* (quoting *Cardwell,* 152 F.3d at 338).

In the present case, petitioner's habeas petition is time barred. The alleged "facts in dispute" to which petitioner refers involve the search warrant and police reports for the 2000 conviction. (D.I. 17 at 4,6) Any information contained in these requested documents would not alter the court's decision that the petition is time barred.[FN5] Accordingly, the court will deny petitioner's request for an evidentiary hearing.

> FN5. The court notes that this request was included in petitioner's reply brief. As such, he was aware of the respondents' assertion that the petition is time-barred and, therefore, he could have identified what evidence, if any, could be produced to challenge the time-bar issue.

### E. Motions for the Production of Documents and for Release

Petitioner asks the court for leave to conduct discovery, seeking to obtain copies of the police reports related to the 2000 offenses and a copy of the search warrant executed by state police. (D.I.8) Petitioner also requests that the court order his release pending disposition of his habeas petition. (D.I.7) Because the court will dismiss his habeas petition as untimely, petitioner's requests for discovery and release are now moot.

Even if petitioner's requests were not moot, he has failed to satisfy the standards justifying the granting of the two motions. First, a federal court may grant leave to conduct discovery only if the party establishes "good cause" for such discovery. Rule 6(a) of the Rules Governing Section 2254 Actions. In order to establish "good cause," the applicant must state the "point to specific evidence that might be discovered that would support a constitutional claim." *Marshall v. Hendricks,* 103 F.Supp.2d 749, 760 (D.N.J.2000), *rev'd in part on other grounds,* 307 F.3d 36 (3d Cir.2002) (citing *Deputy v. Taylor,* 19 F.3d 1485, 1493 (3d Cir.1994)).

Although petitioner specifically identifies the documents requested for discovery, he does not articulate the information he expects to uncover in the reports or how the reports would support his constitutional claim. His unsupported conclusory allegation that "had this evidence been disclosed in state court proceedings, the results would have been different" fails to provide "good cause." As such, even if not moot, the request for the production of the police reports and the search warrant would be denied.

***7** Second, with regard to his motion for release pending disposition of his habeas petition, petitioner erroneously asserts Rule 23(c) of the Federal Rules of Appellate Procedure as authorizing such release. (D.I.7) This rule governs requests for bail pending review by an appellate court of an order of the district court granting a writ of habeas corpus, not this situation where petitioner requests bail pending the district court's review of an application for habeas relief. *See Landano v. Rafferty,* 970 F.2d 1230, 1239 (3d Cir.1992). In order for a district court to grant bail pending review of the habeas petition of a state prisoner, the court must find "extraordinary circumstances." *Id.* (citing *Lucas v. Hadden,* 790 f.2d 365, 367 (3d Cir.1986).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 6
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

Accordingly, even if not moot, the court would deny the motion because petitioner has failed to articulate any extraordinary circumstances that would allow the court to order his release from state custody.

### IV. CERTIFICATE OF APPEALABILITY

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability because the petitioner "has [not] made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A court will grant a certificate of appealability in such a case only if the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the court concludes that petitioner's habeas petition is barred by the one-year period of limitation. Neither the statutory tolling provision nor the doctrine of equitable tolling applies. Moreover, the court is convinced that reasonable jurists would not find these conclusions unreasonable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:
  1. Petitioner Ronnie D. Wilmer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.2) is DISMISSED, and the relief requested therein is DENIED.
  2. Petitioner's motion for release pending review and decision (D.I.7) is DENIED.
  3. Petitioner's motion for the production of documents (D.I.8) is DENIED.
  4. Petitioner's request for an evidentiary hearing and the appointment of counsel (D.I. 17 at 6) is DENIED.
  **\*8** 5. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

D.Del.,2003.
Wilmer v. Carroll
Not Reported in F.Supp.2d, 2003 WL 21146750

Briefs and Other Related Documents (Back to top)

• 1:02CV01587 (Docket) (Oct. 29, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.