Not Reported in F.Supp.2d                                                                                                                    Page 1
Not Reported in F.Supp.2d, 2000 WL 1897290
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2000 WL 1897290
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Darryal D. COVERDALE, Plaintiff,
v.
Robert SNYDER, et al. Defendants.
Darryal D. COVERDALE, Petitioner,
v.
Robert SNYDER, Warden, and M. Jane Brady Attorney General of the State of Delaware, Respondents.
**No. Civ.A. 98-718-GMS.**

Dec. 22, 2000.

Darryal D. Coverdale, Plaintiff, pro se.
Thomas E. Brown, State of Delaware Department of Justice, Wilmington, DE, for Defendants.
Thomas E. Brown, of the State of Delaware Department of Justice, Wilmington, Delaware, for Respondents, Robert Snyder and M. Jane Brady.

*MEMORANDUM OPINION*

SLEET, J.

### I. INTRODUCTION

**\*1** The petitioner, Darryal D. Coverdale, ("Coverdale"), is currently incarcerated in the Delaware Correctional Center located in Smyrna, Delaware. He filed a petition for the issuance of a writ of habeas corpus on December 28, 1998, with the court (D.I.1). In his petition, Coverdale raises the following four separate grounds for relief: (1) abuse of discretion by the trial court, (2) prosecutorial misconduct, (3) ineffective assistance of counsel and (4) obstruction of justice by the State of Delaware. Coverdale also filed a motion to compel discovery. (D.I.14). [FN1] After considering the papers filed by the parties the court finds that Coverdale's claims lack merit. Therefore, it will dismiss the petition with prejudice, deny the relief requested, and deny the motion as moot. [FN2]

>   FN1. Coverdale filed his motion on October 18, 1999. According to his motion, the respondents violated a court order by not furnishing transcripts of the proceedings. However, the order to which Coverdale refers states "[i]ndicate what transcripts of pre-trial, trial, sentencing, and post-conviction proceedings are available, when they can be furnished, and what proceedings have been recorded but not transcribed." (D.I. 4 at ¶ 2(c)). The respondents' answer states that no transcripts of the proceeding were prepared but would be if the court so ordered. Additionally, the respondents maintain that it would take more than 90 days to make the transcripts available. Since the respondents did not violate the terms of the court's order and, in any event, Coverdale's motion is moot, the court will deny it.

>   FN2. Coverdale has also filed an action against numerous individuals for alleged violations of 42 U.S.C. § 1983 based on the same facts alleged in his petition. As to the issues raised in that action, the court will issue a separate opinion in Civ.A.No. 98-718-GMS.

### II. BACKGROUND

In 1995, Coverdale plead guilty in Delaware Superior Court to charges of theft and possession of drugs. For the theft charge, he was sentenced to two years imprisonment at Level V incarceration, suspended for a Level IV treatment program followed by a period of probation. For the drug charge, Coverdale was sentenced to one year in prison, suspended for one year of probation. Upon a 1996 finding that he violated the terms of his probation, The Delaware Superior Court resentenced Coverdale to drug treatment followed by an additional term of probation. In 1997, Coverdale was arrested yet again on drug charges. Since he had never reported to the Level IV drug treatment program to which he was twice sentenced, he was also charged with escape after conviction. *See In re Coverdale,* No. 125, 1998, 1998 WL 188568, at *1 (Del. April 7, 1998) (Coverdale I). On January 23, 1998, after holding a hearing at which Coverdale was represented by counsel, the Delaware Superior Court convicted him of violating his probation, revoked his probation, and sentenced him to two and a half years in prison. [FN3]

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

> FN3. The record indicates that Coverdale plead guilty to violating his probation.

Coverdale did not directly appeal the revocation of his probation. Instead, he sought a writ of mandamus from the Supreme Court of Delaware.[FN4] The Delaware Supreme Court dismissed the petition for a writ of mandamus on April 7, 1998. Coverdale then filed a motion for state post-conviction relief in the Delaware Superior Court challenging the finding that he violated his probation. On November 12, 1998, the Delaware Supreme Court affirmed the Delaware Superior Court's denial of post conviction relief.[FN5]

> FN4. In his petition, Coverdale alleges that he was improperly indicted for escape, that his court appointed counsel conspired with the State against him, and that the Delaware Superior Court improperly refused to act on a petition filed pursuant to Del.Supr. Ct.Crim. R. 61. He asked the court to (1) dismiss his 1997 escape and drug charges and (2) order the Superior Court to rule on his 1995 post-conviction motions. The Supreme Court found that (1) the Superior Court docket did not reflect that Coverdale filed any post-conviction motions in his 1995 case and (2) Coverdale did not show why he was entitled to the relief he sought since he could file post-conviction motions attacking his conviction. *See Coverdale I,* 1998 WL 188568 at *1-2.

> FN5. Coverdale moved for post-conviction relief for his 1997 charges in the Delaware Superior Court. The Superior Court denied such relief on April 3, 1998. The Delaware Supreme Court found that Coverdale's challenge to his conviction was not raised on direct appeal and that he did not make the required showing of cause and prejudice to overcome the procedural bar. *See* Del.Supr. Ct.Crim. R. 61(i)(3). Therefore, the Delaware Supreme Court affirmed the denial of post-conviction relief. *See Coverdale v. State of Delaware,* No. 188, 1998, 1998 WL 985330, at *1 (Del. Nov. 12, 1998) (Coverdale II).

On December 23, 1998, Coverdale filed a petition for a writ of habeas corpus with the court. He raises the following claims:

> 1. The Superior Court judge who found that Coverdale violated his probation should have established on the record that the drug offense was the true basis for the violation and the court erred in denying post conviction relief.
> 2. The prosecutor intentionally manipulated the revocation of probation proceedings in order to hide the fact that a probation officer had violated Coverdale's rights.
> **\*2** 3. Coverdale's counsel worked as an "agent provocateur for the State" and thereby denied him effective assistance of counsel during "pretrial, trial, and failed to file an appeal."
> 4. All the state actors involved (including the Delaware Supreme Court) intentionally committed obstruction of justice to conceal violations of Coverdale's constitutional rights.

Finally, after Coverdale filed the instant petition for a writ of habeas corpus, he filed two additional motions for modification of his sentence with the Delaware Supreme Court. Both motions were denied as repetitive.[FN6] *See Coverdale v. State of Delaware,* No. 179, 2000, 2000 WL 1616599, at *1 (Del. Oct. 23, 2000) (Coverdale III). Since these motions were made and ruled upon after Coverdale filed the instant petition, the court will not consider whether the denial of the motions constitutes grounds for relief.

> FN6. Coverdale had already filed a similar motion in the Delaware Superior Court which was denied.

### III. STANDARD OF REVIEW

Because Coverdale filed his habeas petition after April 24, 1996, the terms of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply. *See, e.g., Lindh v. Murphy,* 521 U.S. 320, 326-27 (1997). Under AEDPA, a habeas petitioner who is incarcerated as a result of a state conviction cannot obtain relief unless the decision of the state court was either "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States"

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 3
Not Reported in F.Supp.2d, 2000 WL 1897290
**(Cite as: Not Reported in F.Supp.2d)**

or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d); *see also Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir.1999) ; *Dickerson v. Vaughn,* 90 F.3d 87, 90 (3d Cir.1996) ; *Finch v. Snyder,* Civ.A.No. 98-537-SLR, 2000 WL 52162, at *3 (D.Del. Jan. 10, 2000). AEDPA also requires that the court afford substantial deference to factual findings and legal determinations made by state courts and places the burden on the petitioner to rebut the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e) (as amended); *Dickerson,* 90 F.3d at 90.

IV. DISCUSSION

1. Exhaustion

As a threshold matter, the court must determine whether Coverdale has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). If a habeas petition contains an unexhausted claim, the entire petition "must be dismissed without prejudice for failure to exhaust all state created remedies." *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996) (citing *Rose v. Lundy,* 455 U.S. 509, 510 (1982)). A petitioner's claim is considered exhausted if it has been fairly presented to the state's highest court, either on direct appeal or in a post conviction-proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citing *Evans v. Court of Common Pleas, Delaware Co., Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992)). To have fairly presented a claim, the petitioner must have submitted to the state court both the legal theory and the facts that are "substantially equivalent" to those asserted in his federal habeas petition. *See Doctor,* 96 F.3d at 678.

**\*3** Upon reviewing the record, the court finds that all of Coverdale's claims are exhausted.[FN7] Coverdale raised an ineffective assistance of counsel claim relating to his January 23, 1998 revocation hearing before the Delaware Supreme Court. *See* D.I. 1, Ex. 1; *see also Coverdale II,* 1998 WL 985330, at *1. Coverdale presented both the Delaware Superior Court and the Delaware Supreme Court with his claims of obstruction of justice, prosecutorial misconduct, and abuse of discretion by asking for post-conviction relief, petitioning for a writ of mandamus, and making several motions for a reduction in his sentence. *See* D.I. 1, Ex. 1; *see also Coverdale III,* 2000 WL 1616599, at *1; *Coverdale II,* 1998 WL 985330, at *1; *Coverdale I,* 1998 WL 188568, at *1.

> FN7. The respondents agree with this conclusion. *See* Ans. at 2-3, 5. Nevertheless, the court must make an independent determination whether the petitioner's claims are exhausted.

B. Procedurally Defaulted Claims

Although Coverdale has exhausted all the claims presented in his petition, the court must inquire whether he has complied with relevant state procedural requirements before it can turn to the merits. *See Caswell v. Ryan,* 953 F.2d 853, 860 (3d Cir.1992) (finding that federal habeas court first determine whether it "fairly appears" that state Supreme Court based its decision primarily on state law); *see also Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991) (stating that allowing federal habeas petitioners to proceed when procedural default in state court is responsible for absence of state remedies would undermine principles of comity and federalism). A state court ruling resting on an adequate and independent state procedural ground will bar federal habeas review absent a showing of cause and prejudice by the petitioner. *See Wainwright v. Sykes,* 433 U.S. 72, 81-82 (1977).

The Delaware Supreme Court dismissed Coverdale's first, second, and fourth claims on the ground that he neither raised the claims on direct appeal, nor complied with Del.Supr. Ct.Crim. R. 61(i)(3).[FN8] *See Coverdale II,* 1998 WL 985330, at *1. Numerous courts in this district have held that Del.Supr. Ct.Crim. R. 61(i) is an adequate and independent state ground which bars review by a federal court. *See, e.g., Gattis v. Snyder,* 46 F.Supp.2d 344, 367 (D.Del.1999) ; *Desmond v. Snyder,* Civ.A.No. 96-327-GMS, 1999 WL 33220036, at *11 (D.Del. Nov. 16, 1999); *Sullivan v. State of Delaware,* Civ.A.No. 96-231-SLR, 1998 WL 231264, at *17 (Apr. 30, 1998); *Laws v. Snyder,* Civ.A.No. 95-579-SLR, 1996 WL 484835, at *3 (D.Del. Aug. 7, 1996); *Flamer v. Chaffinch,* 827 F.Supp. 1079, 1087-88 (D.Del.1993). Therefore, the court finds that the Delaware Supreme Court articulated a "plain

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

statement" that its decision rested on state law grounds. *See Harris v. Reed,* 501 U.S. 255, 263-64 (1989).

> FN8. Del.Supr. Ct.Crim. R. 61(i)(3) states that "Any ground for relief that was not asserted in a prior postconviction proceeding ... is thereafter barred, unless the movant shows (A) [c]ause for relief from procedural default and (B) [p]rejudice from violation of the movant's rights."

There are two ways Coverdale can overcome the state procedural bar to the court's review. Coverdale must either establish (1) cause for the default and actual prejudice to federal rights flowing therefrom or (2) that the court's refusal to hear his habeas claim would result in a fundamental miscarriage of justice. *See* 28 U.S.C. § 2254(a); *Coleman,* 501 U.S. at 750; *Finch,* 2000 WL 52162, at *5. The court finds that Coverdale has neither established cause and prejudice, nor demonstrated that he falls within the miscarriage of justice exception for his first, second, and fourth claims. As a result, the court cannot hear these claims.

**\*4** To demonstrate cause for his procedural default, Coverdale must show that "something external to the petitioner, something that cannot be fairly attributable to him" impeded his efforts to comply with Del.Supr. Ct.Crim. R. 61(i)(3). *See Coleman,* 501 U.S. at 750; *see also McClesky v. Zant,* 499 U.S. 467, 493 (1991); *Murray v. Carrier,* 477 U.S. 478, 488 (1986).

Coverdale's petition does not allege any external impediment which prevented him from raising his first, second, and fourth claims in state post-conviction proceedings. Construing the petition in a broad light, however, there is a hint of a "cause" argument in his attached state habeas petition. The state petition asserts that, "the creation of the Superior Court Criminal Rule 61 which itself due (sic) to the extremely technicle (sic) aspects deny an individual an adequate, substantive right to a review." The state petition later states, "[t]here can be no adequate vehicle for review where the Rule is itself beyond the understanding of those who must utilize it...." A lack of knowledge or an unawareness of procedural rules, however, is not an "external factor" which would have excused Coverdale's failure to comply with the state procedural requirements.[FN9] *See Klein v. Neal,* 45 F.3d 1395, 1398 (10th Cir.1995) (commenting that habeas petitioner's assertion that he was unaware of statute of limitations for state post-conviction relief was insufficient as a matter of law to constitute cause for procedural default); *see also Bailey v. Snyder,* Civ.A.No 96-85-SLR, 1996 WL 43492, at *5 (D.Del. July 31, 1996) (finding that Rule 61 furthers a legitimate state purpose of limiting stale claims, is 'clear cut,' and has been applied consistently). Certainly, numerous other state habeas petitioners in a similar situation have been able to abide by Del.Supr. Ct.Crim. R. 61; Coverdale's procedural default is attributable solely to him. FN10

> FN9. Ineffective assistance of counsel can establish cause for failure to comply with state procedural rules. Nevertheless, a finding of ineffective assistance of counsel itself requires a showing of cause and prejudice. Since the court will consider Coverdale's ineffective assistance of counsel claim below, it would be redundant to do so here in the context of procedural default. As discussed below, since Coverdale has not shown that he received ineffective assistance of counsel, it is axiomatic that such a claim cannot serve as the basis for his procedural default. *See infra.*

> FN10. Throughout his petition, Coverdale asserts what may be regarded as additional reasons for the cause of his procedural default. First, he alleges that the State and his attorney conspired to conceal their constitutional violations by preventing him from raising his claims for post-conviction relief. Second, he claims that Rule 61 "should be deemed non-existent" since it worked to conceal violations of his rights As mentioned above, however, the denial of post-conviction relief was based entirely on sound principles of law and well established state procedural rules. Further, countless courts have upheld Rule 61 and other rules like it; this court is unwilling to find that its neutral operation worked to deprive Coverdale of his rights. Finally, Coverdale offers nothing beyond conclusory

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

allegations to support his statements.

Since Coverdale is unable to establish any external factor sufficient to overcome his procedural default, it is unnecessary for the court to consider whether he has suffered any prejudice. *See, e.g., Coleman,* 501 U.S. at 750-51; *Finch,* 2000 WL 52162, at *6; *Laws,* 1996 WL 484835, at *3. Nevertheless, the court notes that Coverdale has offered no evidence in support of his contention that the state procedural bar prejudiced his claim.[FN11] *See Smith v. Murray,* 477 U.S. 527, 533 (1986); *Lawrie v. Snyder,* 9 F.Supp.2d 143, 151 (D.Del.1995).

> FN11. Coverdale plead gulty, did not file a direct appeal, and does not now suggest that his plea was constitutionally infirm. He cannot, therefore, demonstrate any 'actual prejudice' flowing from his guilty plea. *See Bousley v. United States,* 523 U.S. 614, 618 (1998).

Finally, Coverdale can overcome his procedural default if he can show that failing to hear his petition would constitute a "miscarriage of justice." *See Coleman,* 501 U.S. at 750; *Carrier,* 477 U.S. at 496. This exception is reserved for claims of actual innocence. *See, e.g., Schlup v. Daleo,* 513 U.S. 298, 327-28 (1995); *Sawyer v. Whitley,* 505 U.S. 333, 339-40 (1992); *In re Minarik,* 166 F.3d 591, 607 (3d Cir.1999). Coverdale plead guilty to violating his probation and has repeatedly asserted that he is not challenging the fact of his guilt. Furthermore, he does not specify how the court's failure to consider his claims would result in a miscarriage of justice. The exception, therefore, is inapposite in this case. *See Finch,* 2000 WL 52162, at *6.

**\*5** Since the Delaware Supreme Court found that Coverdale's first, second, and fourth claims were procedurally barred under Del.Supr. Ct. Crim R. 61(i)(3), the court cannot consider them. Therefore, the court will dismiss the first, second, and fourth claims in Coverdale's petition.

### C. Ineffective Assistance of Counsel

Coverdale's third claim in his petition-ineffective assistance of counsel in connection with his January 23, 1998 violation of probation hearing-was properly before the Delaware Supreme Court.[FN12] *See* Ans. at 2. Since the claim was exhausted and can serve as a basis for procedural default, the court must examine its merits.

> FN12. As the respondents correctly note, Coverdale's petition alleges his counsel was ineffective "during pretrial and trial stages and failed to file an appeal." Coverdale's petition only refers to the January 23, 1998 violation of probation hearing; it does not provide any record support for a broader ineffective assistance of counsel claim. Nevertheless, any ineffective assistance of counsel claim beyond the violation of probation hearing was not presented to the state court. Since such claims would be unexhausted and, therefore, procedurally defaulted, the court cannot consider them. *See* 28 U.S.C. § 2254(b)(1)(A).

Claims in habeas petitions must be supported by the evidentiary record; mere allegations are not enough to warrant habeas relief. *See Mayberry v. Petsock,* 821 F.2d 179, 185 (3d. Cir.1987) (finding that habeas petitions require more than notice pleading); Rule 4 of the Rules Governing Habeas Corpus Cases (stating "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.").

The record demonstrates that Coverdale was represented by court appointed counsel at the January 23, 1998 violation of probation hearing. In his petition, Coverdale merely asserts that "[c]ounsel worked as an agent provocateur for the State during pretrial, trial stages (sic) and failed to file an appeal." He does not provide any evidence for these sweeping claims, however. Although Coverdale's state habeas petition contains additional claims of his counsel's ineffective assistance, they are equally conclusory and not supported by any record evidence.[FN13] Although the court must construe Coverdale's petition liberally, Coverdale's unsupported assertions that his attorney was an "agent provocateur" do not provide sufficient grounds for the court to grant habeas relief.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 6
Not Reported in F.Supp.2d, 2000 WL 1897290
**(Cite as: Not Reported in F.Supp.2d)**

>   FN13. Coverdale also asserts that his counsel was ineffective since he was unhappy with his representation and attempted to remove him on numerous occasions. This argument misunderstands the criteria for establishing a claim of ineffective assistance of counsel. Counsel is not required to provide the best representation imaginable. Instead, Coverdale must show that (1) his attorney's representation fell below an objective standard of reasonableness and (2) his counsel's actions were prejudicial to his defense, creating a reasonable probability that, but for the alleged errors, the result of the proceedings would have been different. *See, e.g., Zettlemoyer v. Fulcomer,* 923 F.2d 284, 295 (3d Cir.1991) (citing *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984)). Thus, mere dissatisfaction with an attorney is enough. The court notes, however, that Coverdale was represented by an experienced attorney who has represented numerous individuals in Coverdale's position.

Aside from the lack of record evidence, Coverdale's ineffective assistance of counsel claim fails as a matter of law. Since state revocation of probation hearings are not a 'critical stage' of a criminal prosecution, there is no federal constitutional right to counsel. *See Gagnon v. Scarpelli,* 411 U.S. 756, 787 (1973); *see also United States v. Barnhart,* 980 F.2d 219, 222 (3d. Cir1992) (finding that revocation of probation 'does not result in a loss of liberty' since defendant has been adjudged guilty and is already under supervision). Therefore, violation of probation hearings are subject to the minimum requirements of due process. *See Black v. Romano,* 471 U.S. 606, 612 (1985) (holding that basic requirements include a hearing, a neutral hearing body, written notice of claimed violations, disclosure of evidence, an opportunity to testify, an opportunity to confront witnesses and, in some cases, the assistance of counsel).

After requesting counsel, alleged probation violators only have a right to an attorney when they have a timely and colorable claim that (1) they have not committed the alleged violation of the conditions of probation, or (2) that even if the violation is uncontested, there are substantial justifiable or mitigating reasons that make revocation inappropriate and the reasons are complex or otherwise difficult to develop or present. *See Gagnon,* 411 U.S. at 790.

**\*6** Although Coverdale presumably timely requested representation for the January 23, 1998 revocation hearing, he has not satisfied the aforementioned test for when counsel is constitutionally required in probation revocation hearings. First, Coverdale plead guilty to violating his probation and does not now contest his guilt. Thus, he has not-and cannot-raise a colorable claim of innocence. Second, reading the petition liberally, it appears that Coverdale argues that counsel was necessary for plea negotiations and to appeal his case. Deciding whether to plea or appeal are relatively straightforward decisions and do not otherwise mitigate the conviction.[FN14] Since Coverdale did not have a constitutional right to an attorney at his probation revocation hearing, his claims of ineffective assistance of counsel do not present a basis upon which the court can grant habeas relief. *See Tillett v. Freeman,* 868 F.2d 106, 108 (3d Cir.1989) (finding that claim of ineffective assistance of counsel in state post-conviction hearing does not arise under the federal constitution); *see also* 28 U.S.C. § 2254(a) (stating that district court can only entertain a petition for writ of habeas corpus if petitioner is in custody pursuant to state court judgment in violation of federal constitution or laws or treaties of the United States). Therefore, the court will dismiss Coverdale's third claim in his petition for a writ of habeas corpus.[FN15]

>   FN14. This fact is self evident since only defendants can decide whether to accept a plea or appeal their case. Although defendants often seek the advice of counsel, many defendants make these decisions without the assistance of an attorney.

>   FN15. Obviously, since Coverdale did not have a right to counsel at the revocation hearing it is unnecessary for the court to engage in the cause and prejudice analysis necessary for a finding of ineffective assistance of counsel.

C. Certificate of Appealability

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 7
Not Reported in F.Supp.2d, 2000 WL 1897290
**(Cite as: Not Reported in F.Supp.2d)**

Upon consideration of Coverdale's petition and his objection to the respondents' answer, the court finds that Coverdale has not made a substantial showing of a denial of a constitutional right. Further, the court finds that the constitutional issues raised in the petition are not debatable among jurists of reason, adequate to receive encouragement to proceed further, or capable of being resolved in a different manner. *See, e.g., Morris v. Horn,* 187 F .3d 333, 339 (3d Cir.1999) (citing 28 U.S.C. § 2253(c)(1)(A)).

## V. CONCLUSION

For the reasons set forth above, the court finds that Coverdale's claims for habeas corpus relief under 28 U.S.C. § 2254 are either procedurally barred or otherwise fail on the merits. Therefore, the court will dismiss Coverdale's petition for habeas corpus relief with prejudice and deny the writ. Additionally, the court finds no basis upon which to issue a certificate of appealability. The court will issue an order in conjunction with this opinion.

D.Del.,2000.
Coverdale v. Snyder
Not Reported in F.Supp.2d, 2000 WL 1897290

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.