IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE.

WILLIAM T. JOHNSON JR.,
V.        PETITIONER.

THOMAS L. CARROLL, WARDEN.
RESPONDENT.

CIV. A. No. 05-602-J.J.F.

FILED

JAN 27 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## PETITIONERS REPLY. RULE 5(E).

NOW COMES THE PETITIONER WILLIAM T. JOHNSON JR.,
WITH HIS ENCLOSED REPLY TO THE STATES RESPONSE
DATED 11-18-2005.

CLAIM 1. INEFFECTIVE ASSISTANCE OF COUNSEL.
THE STATE ASSERTS IN ITS ANSWER THAT "JOHNSON
IS NOT ENTITLED TO RELIEF BECAUSE THE CLAIMS
PRESENTED IN HIS PETITION ARE UNTIMELY UNDER
28 U.S.C. § 2244(D)." SEE: RESPONDENTS ANSWER.
                                          AT PAGES 2-5.
JOHNSONS PETITION IS NOT TIME BARRED AND THE
STATES REQUEST SHOULD BE DENIED FOR THE FOLLOWING
REASONS: UNDER DELAWARE LAW, A DEFENDANT HAS
THREE YEARS TO FILE A MOTION FOR POSTCONVICTION
RELIEF. SEE: SUPERIOR CT. RULE 61(I)(1).

1.

THE PETITIONER SUBMITS THAT THE FEDERAL HABEAS STATUTE CONCERNING THE A.E.D.P.A. ONE-YEAR LIMITATIONS, MUST BE AMENDED FOR THE FOLLOWING REASONS: WHEN REFERRING TO JOHNSONS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS, IT IS UNFAIR TO APPLY THE ONE-YEAR LIMITATION PERIOD TO START RUNNING FROM THE PETITIONERS AFFIRMENCE ON DIRECT APPEAL BECAUSE, INEFFECTIVE CLAIMS ARE NOT ASSERTABLE ON DIRECT APPEAL, BUT ARE APPROPRIATE IN MOTIONS FOR POSTCONVICTION RELIEF.

SEE: MACDONALD V. STATE (2001).
778 A.2d 1064, 1071. EX(A).

QOUTING: FLAMER V. STATE, (1990).
585 A.2d 736, 753.

THEREFORE, SINCE THE PETITIONERS INEFFECTIVE CLAIMS CAN NOT BE RAISED ON DIRECT APPEAL, AND THOSE GROUNDS ARE ONLY APPROPRIATE IN MOTIONS FOR POSTCONVICTION RELIEF, THIS COURT SHOULD FIND THAT JOHNSON WAS PREVENTED FROM ASSERTING HIS RIGHTS ON DIRECT APPEAL, AND THE LIMITATION PERIOD IS SUBJECT TO EQUITABLE TOLLING UNDER § 2244(D)(2). SEE: MILLER V. N.J.D.O.C., (3RD CIR. 1998). 145 F.3d 616.

UNDER SUPER COURT RULE 61(I)(1), A DEFENDANTS 3 YEARS LIMITATIONS CLOCK BEGANS TO RUN WHEN THE JUDGMENT OF CONVICTION BECOMES FINAL. SEE: KAPRAL V. U.S. (3RD.CIR. 1999). 166 F.3d 565, 577.

THE DISTRICT COURTS 1-YEAR LIMITATION CLOCK ALSO BEGANS TO RUN WHEN THE JUDGMENT OF CONVICTION BECOMES FINAL. SEE: 28 U.S.C. § 2244(D)(1).

2.

FOR THE DISTRICT COURT TO APPLY THE A.E.D.P.A. 1-YEAR TIME LIMITATION TO RUN WITH THE STATES RULE 61 3-YEAR TIME LIMITATION, THESE ERRORS AUTOMATICLY BARS THE PETITIONERS INEFFECTIVE CLAIMS FROM BEING HEARD AT THE FEDERAL LEVEL, IF A DEFENDANT CHOSE TO WAIT UP UNTIL THE LAST DAY OF THE 3 YEAR TIME LIMITATION TO FILE HIS INEFFECTIVE CLAIMS IN A MOTION FOR POSTCONVICTION RELIEF. THIS MEANS IF THE STATE COURTS DID NOT GRANT THE DEFENDANT RELIEF ON HIS INEFFECTIVE CLAIMS HE COULD NOT SEEK RELIEF ON THOSE CLAIMS IN THE FEDERAL COURTS BECAUSE THE A.E.D.P.A. TIME LIMITATION WOULD HAVE ELAPSED. WHEREFORE, BECAUSE INEFFECTIVE CLAIMS ARE NOT ASSERTABLE ON DIRECT APPEAL, BUT ARE APPROPRIATE IN MOTIONS FOR POSTCONVICTION RELIEF, CONCERNING ALL INEFFECTIVE CLAIMS, THE A.E.D.P.A. SHOULD BE AMENDED TO RUN THE 1-YEAR TIME LIMITATION WITH THE STATES RULE 61 THIRD YEAR TIME LIMITATION. MEANING THE A.E.D.P.A. 1-YEAR TIME LIMITATION SHOULD NOT BEGAN TO RUN UNTIL AFTER 2 YEARS OF THE STATES RULE 61 3-YEAR TIME LIMITATION HAS EXPIRED. THIS AMENDMENT SHOULD ONLY APPLY TO INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS THAT WERE PROPERLY FILED ON STATE 61 POST-CONVICTION MOTIONS. IN NOVEMBER 1999, JOHNSON PROPERLY FILED A MOTION TO WITHDRAW HIS PLEA. SEE: JOHNSON V. STATE, NO: 488, 2004, 2005 WL 131-1452 (DEL. MAY 31, 2005).

THE SUPERIOR COURT DOCKET REFLECTS NO DISPOSITION OF THIS MOTION.

IN JULY 2004, JOHNSON FILED A MOTION FOR POSTCONVICTION RELIEF, REQUESTING THAT THE MOTION BE DEEMED AN AMENDMENT TO HIS EARLIER FILING. SEE: JOHNSONS 61 MOTION.
A-13.

THE SUPERIOR COURT DENIED THE MOTION IN OCTOBER 2004, CLAIMING "JOHNSONS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS WERE UNTIMELY UNDER 61(I)(1)"
SEE: SUPERIOR COURT ORDER.
A-15.

JOHNSON IS ENTITLED TO RELIEF UNDER §2254, BECAUSE SUPERIOR COURTS RULING THAT JOHNSON'S INEFFECTIVE CLAIMS WAS UNTIMELY UNDER RULE 61(I)(1) WAS INCORRECT. SEE: MANCHESTER V. STATE, (DEL. 6-18-1997).
1997 WL 398868 (DEL. SUPR.)

BECAUSE JOHNSON'S 1999 MOTION HAD NOT BEEN DECIDED WHEN HE FILED THE JULY 2004 MOTION, THE SUBSEQUENT MOTION WAS ITSELF TIMELY UNDER CRIM. RULE. 61(I)(1). WHEREFORE, THE PETITIONER REQUEST THAT HIS CASE BE REVERSED AND REMANDED BACK TO NEWCASTLE COUNTY SUPERIOR COURT FOR A PROPER DECISION ON HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS.

THE STATE ASSERTS IN ITS ANSWER THAT "ALTHOUGH JOHNSON PRESENTED HIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL TO THE DELAWARE SUPREME COURT ON APPEAL FROM THE DENIAL OF HIS POSTCONVICTION MOTION, NEITHER THE STATE PROSECUTORS NOR THE COURT ADDRESSED THIS SPECIFIC CLAIM, FOCUSING ON A DIFFERENT CLAIM."
"BECAUSE THIS CLAIM WAS NOT ADDRESSED ON THE MERITS, THIS COURT MUST EXERCISE PRE-A.E.D.P.A. INDEPENDENT JUDGMENT ON THE CLAIM THAT THE FAILURE OF JOHNSON'S TRIAL COUNSEL TO OBJECT TO THE FELONY THEFT COUNT ON THE GROUNDS THAT THE AMOUNTS OF THE TWO BAD CHECK SHOULD NOT BE AGGREGATED LED TO AN INVOLUNTARY PLEA." SEE: STATES ANSWER.
AT PAGE 5.

4.

JOHNSON ASSERTS THAT THIS COURT MUST ALSO EXERCISE
PRE-A.E.D.P.A. INDEPENDENT JUDGMENT ON HIS CLAIM
THAT, TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO
OBJECT TO THE GRAND JURY INDICTMENT, AND BY FAILING
TO FILE A MOTION FOR DISMISSAL OF THE INDICTMENT.
SEE: JOHNSON'S 61 MOTION.
A-13.

IN JOHNSON'S APPEAL, TO THE DELAWARE SUPREME COURT,
JOHNSON CLAIMED HIS INDICTMENT WAS DEFECTIVE,
AND THAT IT SHOULD HAVE BEEN DISMISSED BECAUSE:
1.) NONE OF THE COUNTS SETS FORTH ALL OF THE ESSENTIAL
ELEMENTS OF THE OFFENSE PRESCRIBED BY STATUTE.
2.) NONE OF THE COUNTS ALLEGED THAT THE CHECKS, ON
WHICH THE INDICTMENT WAS BASED, WAS EVER PRESENTED
TO A BANK FOR PAYMENT.
3.) NONE OF THE COUNTS BRING THE PETITIONER PRECISELY
WITHIN THE DESCRIPTION OF THE OFFENSE, AS DEFINED
IN THE STATUTE. SEE: GRAND JURY INDICTMENT.
A-1 THRU A-2.

JOHNSON'S CLAIMS WAS NOT HEARD PROPERLY BY THE SUPERIOR
COURT NOR THE DELAWARE SUPREME COURT, AND THE
PETITIONER, SHOULD BE GRANTED RELIEF UNDER § 2254.
ON 10-23-1996, THE DAY OF JOHNSON'S TRIAL, JOHNSON
HAS DEMONSTRATED THAT HIS COUNSELS PERFORMANCE FELL
BELOW "AN OBJECTIVE STANDARD OF REASONABLENESS."
AND DUE TO COUNSEL'S INEFFECTIVE PERFORMANCE, JOHNSON
WAS PREJUDICED. SEE: STRICKLAND V. WASHINGTON, (1984).
466 U.S. 668, 687, 688.
MACDONALD V. STATE, (DEL. 2001)
778 A.2D 1064, 1076.

HAD COUNSEL, PROPERLY CHALLENGED JOHNSONS INDICTMENT, THERE IS A REASONABLE PROBABILITY THAT, BUT FOR COUNSEL'S DEFICIENT PERFORMANCE, THE RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT.

SEE: SISTRUNK V. VAUGHN (3RD.CIR.1996), 96 F.3D 666, 670.

THE STATE CLAIMS THAT THEY PROPERLY AGGREGATED THE AMOUNTS OF THE TWO CHECKS, AND THUS JOHNSON'S CLAIM MUST FAIL. SEE: STATES ANSWER, AT PAGE 6.

BY REFERRING TO DEL. CODE ANN. TIT. 11 § 855 (C), THE STATE CLAIMS "AGGREGATING THE AMOUNTS OF THE TWO BAD CHECKS ISSUED BY JOHNSON TO THE SAME PAYEE, AND WRITTEN LESS THAN THREE WEEKS APART, WAS PERMISSIBLE UNDER DELAWARE LAW. SEE: 11 § 855 (C)."

HOWEVER, THE STATE IS INCORRECT, AND THIS COURT SHOULD FIND THAT AGGREGATING THE AMOUNTS OF THE TWO CHECKS WAS IMPERMISSIBLE UNDER § 841 BECAUSE:

(A). JOHNSON WAS INDICTED SEPARATELY FOR ISSUING A BAD CHECK UNDER § 900, COUNTS II AND III. THEREFORE, IT WAS IMPERMISSIBLE FOR THE STATE TO AGGREGATE BOTH CHECKS UNDER THE THEFT STATUTE § 841. WHEREFORE, JOHNSON WAS NOT PROPERLY INDICTED BECAUSE THE STATE OR GRAND JURY FAILED TO AGGREGATE THE AMOUNTS OF BOTH CHECKS UNDER TITLE 11 § 900.

(B). AGGREGATING THE AMOUNTS OF BOTH CHECKS WAS IMPERMISSIBLE BECAUSE THE INDICTMENT FAILS TO CITE DEL. CODE ANN. TIT. 11 § 855 (C), WHICH IS A VIOLATION OF SUPERIOR COURT RULE 7(C)(1) INDICT & INFORM. 11 THE INDICTMENT OR INFORMATION SHALL STATE FOR EACH COUNT THE OFFICIAL OR CUSTOMARY CITATION OF THE STATUTE, RULE, REGULATION OR OTHER PROVISION OF LAW WHICH THE DEFENDANT IS ALLEGED THEREIN TO HAVE VIOLATED."

SEE: INDICTMENT AT A-1-A-2.

WHEREFORE, DUE TO THE GROUNDS LISTED (A-B) OF THIS REPLY MOTION, THIS HONORABLE DISTRICT COURT SHOULD FIND THAT JOHNSON WAS NOT PROPERLY INDICTED, AND HIS COUNSEL RAYMOND RADULSKI WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE FELONY THEFT CHARGE IN THE INDICTMENT. JOHNSON HAS MEET THE STRINGENT STANDARDS OF STRICKLAND BY DEMONSTRATING BOTH DEFICIENT PERFORMANCE AND RESULTING PREJUDICE. THUS, JOHNSON'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL SHOULD BE GRANTED, ALLOWING THE PETITIONER TO WITHDRAW HIS INVOLUNTARY PLEA AGREEMENT.

SEE: MACDONALD V. STATE (DEL. 2001).
778 A.2D 1064, 1076.

NEXT, THE STATE CLAIMS IN ITS ANSWER THAT "TO THE EXTENT THAT JOHNSON ALSO BASES HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM ON THE THEORY THAT COUNSEL SHOULD HAVE KNOWN THAT JOHNSON'S ACTIONS DID NOT CONSTITUTE THEFT, THAT CLAIM IS UNEXHAUSTED"

SEE: STATES ANSWER.
PAGES 7-8.

ALTHOUGH JOHNSON DID NOT RAISE THIS CLAIM IN HIS 61 MOTION, JOHNSON DID RAISE THE CLAIM IN HIS MOTION FOR REARGUMET TO THE DELAWARE SUPREME COURT. SEE: JOHNSON'S REARGUMENT MOTION.#488,2004.

A-20.

UNDER SUPREME COURT RULE 18, THE DELAWARE SUPREME COURT COULD HAVE ORDERD THE STATE TO RESPOND TO JOHNSON'S UNEXHAUSTED CLAIM, BUT INSTEAD, DENIED THE MOTION CLAIMING IT HAD NO MERITS.

SEE: SUPREME COURT ORDER.
A-21.

HOWEVER, BECAUSE JOHNSON WOULD BE PRECLUDED FROM RAISING THIS CLAIM IN A SECOND STATE POSTCONVICTION MOTION UNDER RULE 61(i)(1) AND 61(i)(2), JOHNSON'S EXHAUSTION OF THE CLAIM SHOULD BE EXCUSED. SEE: TEAGUE V. LANE, (1989).
489 U.S. 288, 297-98.
WENGER V. FRANK, (3RD. CIR. 2001).
266 F.3D 218, 223.

ALTHOUGH JOHNSON'S CLAIM IS PROCEDURALLY DEFAULTED, FEDERAL COURTS MAY CONSIDER THE MERITS OF PROCEDURALLY DEFAULTED CLAIMS, IF A PETITIONER CAN DEMONSTRATE THAT IN THE "INTEREST OF JUSTICE" THE COURT SHOULD EXCUSE THE PROCEDURAL DEFAULT, AND THAT FAILURE TO DO SO WOULD AFFECT A "MISCARRIAGE OF JUSTICE". SEE: MURRAY V. CARRIER, (1986).
477 U.S. 478, 496.

TO ESTABLISH A MISCARRIAGE OF JUSTICE, THE PETITIONER MUST DEMONSTRATE BY CLEAR AND CONVINCING EVIDENCE THAT, BUT FOR THE ASSERTED CONSTITUTIONAL ERROR, NO REASONABLE JURROR WOULD HAVE FOUND THE PETITIONER ELIGIBLE FOR THE PENALTY UNDER THE APPLICABLE STATE LAW. SEE: SCHLUP V. DALEO, (1995).
513 U.S. 298, 327-28.

WHEREFORE, THIS COURT SHOULD EXCUSE THE PROCEDURAL DEFAULT BECAUSE JOHNSON HAS DEMONSTRATED BY CLEAR AND CONVINCING EVIDENCE, THAT HE IS ACTUALLY INNOCENT OF THE THEFT FELONY CHARGE, AND A FEDERAL HABEAS COURT MAY GRANT THE WRIT EVEN IN THE ABSENCE OF A SHOWING OF CAUSE FOR THE PROCEDURAL DEFAULT. SEE: MURRAY V. CARRIER, (1986).
ID. AT 496.

"WHEN THE OWNER INTENDED TO PART WITH THE
PROPERTY, THE CASE IS DIFFERENT. FOR ALTHOUGH
FRAUDULENT MEANS MAY HAVE BEEN USED TO
INDUCE HIM TO PART WITH IT, YET HE DELIVERED
THE POSSESSION ABSOLUTELY, AND THE PURCHASER
RECEIVED THE POSSESSION, FOR THE EXPRESS PURPOSE
OF DOING WITH THE GOODS WHAT HE PLEASED. THE
OWNER WAS NOT DECEIVED BY THE MANNER IN WHICH
POSSESSION WAS TAKEN; IT WAS HIS INTENT THAT
THE POSSESSION SHOULD NEVER RETURN TO HIM; THEREFORE
IT WAS A CASE of CHEAT, AND NOT of FELONY")
                    SEE: U.S. V. PATTON, (3RD. CIR. 1941).
                        120 F.2D 73, 76. EX-(C).
                        LOCKS V. U.S., (1978).
                        388 A.2D 873, 876.

WHEREFORE, JOHNSON HAS ESTABLISHED PREJUDICE, BECAUSE
OBTAINING MERCHANDISE BY MEANS OF PASSING A BAD CHECK
DOES NOT FALL SQUARELY WITHIN THE DEFINITION OF
THEFT RECITED IN TITLE 11, §841. THUS, JOHNSON'S
INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM SHOULD
BE GRANTED. NO REASONABLE JURROR WOULD HAVE
FOUND THE PETITIONER ELIGIBLE FOR THE PENALTY
UNDER THE APPLICABLE STATE LAW.
                SEE: SCHLUP V. DALEO, (1995).
                    513 U.S. 298, 327-28.

9.

# PROSECUTOR MISCONDUCT CLAIM. II.

THE STATE CLAIMS IN ITS ANSWER THAT "ALTHOUGH JOHNSON RAISED A CLAIM OF PROSECUTORIAL MISCONDUCT IN STATE COURT, THAT CLAIM WAS BASED ON HIS ASSERTION THAT THE AMOUNTS OF THE CHECKS COULD NOT BE CONSOLIDATED." SEE: OP. BR. AT 20-22, DEL. SUPR. CT. NO. 488, 2004. "THE CLAIM AS PRESENTED IN JOHNSON'S HABEAS PETITION HAS NOT BEEN PRESENTED TO THE STATE COURTS AND IS THUS UNEXHAUSTED." SEE: STATES ANSWER. AT PAGE 9.

WHEN REFERRING TO JOHNSON'S EXHAUSTED PROSECUTOR MISCONDUCT CLAIM RAISED IN THE DELAWARE SUPREME COURT, JOHNSON ASSERTED PROSECUTOR MISCONDUCT BECAUSE THE STATE IMPROPERLY CONSOLIDATED THE AMOUNTS OF BOTH CHECKS UNDER TITLE 11 § 841. JOHNSON SHOULD HAVE BEEN GRANTED RELIEF IN THE STATE COURTS ON HIS EXHAUSTED CLAIM BECAUSE,

(A). JOHNSON WAS NOT PROPERLY INDICTED BECAUSE THE STATE OR GRAND JURY FAILED TO AGGREGATE THE AMOUNTS OF BOTH CHECKS UNDER TITLE 11 § 900, JOHNSON WAS INDICTED SEPARATELY FOR ISSUING A BAD CHECK UNDER § 900, COUNTS II AND III, THEREFORE, IT WAS IMPERMISSIBLE FOR THE STATE TO AGGREGATE BOTH CHECKS UNDER THE THEFT STATUTE § 841.

(B). AGGREGATING THE AMOUNTS OF BOTH CHECKS WAS IMPERMISSIBLE BECAUSE THE INDICTMENT FAILS TO CITE DEL. CODE ANN. TIT. 11 § 855 (C), WHICH IS A VIOLATION OF SUPERIOR COURT RULE 7(C)(1).

WHEREFORE, JOHNSON SHOULD BE GRANTED RELIEF ON HIS EXHAUSTED PROSECUTOR MISCONDUCT CLAIM.

NEXT, JOHNSON'S CLAIM AS PRESENTED IN HIS
HABEAS PETITION HAS NOT BEEN PRESENTED TO THE
STATE COURTS AND IS THUS UNEXHAUSTED.

HOWEVER, BECAUSE JOHNSON WOULD BE PRECLUDED
FROM RAISING THIS CLAIM IN A SECOND STATE
POSTCONVICTION MOTION UNDER RULE 6(E)(1)-6(E)(3),
JOHNSON'S EXHAUSTION OF THE CLAIM SHOULD BE EXCUSED.
SEE: TEAGUE V. LANE, (1989).
489 U.S. 288, 297-98.
WENGER V. FRANK (3RD. CIR. 2001).
266 F.3D 218, 223.

ALTHOUGH JOHNSON'S CLAIM IS PROCEDURALLY DEFAULTED,
FEDERAL COURTS MAY CONSIDER THE MERITS OF PROCEDURALLY
DEFAULTED CLAIMS, IF A PETITIONER CAN DEMONSTRATE
THAT IN THE "INTEREST OF JUSTICE" THE COURT SHOULD
EXCUSE THE PROCEDURAL DEFAULT, AND THAT FAILURE TO
DO SO WOULD AFFECT A "MISCARRIAGE OF JUSTICE."
SEE: MURRAY V. CARRIER, (1986).
477 U.S. 478, 496.

TO ESTABLISH A MISCARRIAGE OF JUSTICE, THE PETITIONER
MUST DEMONSTRATE BY CLEAR AND CONVINCING EVIDENCE
THAT, BUT FOR THE ASSERTED CONSTITUTIONAL ERROR, NO
REASONABLE JURROR WOULD HAVE FOUND THE PETITIONER
ELIGIBLE FOR THE PENALTY UNDER THE APPLICABLE STATE LAW.
SEE: SCHLUP V. DALEO, (1995).
513 U.S. 298, 327-28.

THE STATE ASSERTED IN ITS ANSWER THAT "UNDER STATE
LAW, THEFT INCLUDES OBTAINING PROPERTY BY FALSE PRETENSES,
AND USE OF FALSE PRETENSES TO SO OBTAIN PROPERTY HAS
TO BE CHARGED AS THEFT. DEL. CODE ANN. TIT. 11 §§ 841(A), 855 (A)."
SEE: STATES ANSWER,.
AT PAGE 9.

JOHNSON SHOULD BE GRANTED RELIEF ON HIS PROCEDURALLY
DEFAULTED CLAIM BECAUSE, THE PROSECUTOR IN THIS CASE
HAS COMMITTED AN ACT OF DOUBLE JEOPARDY BY CHARGING
JOHNSON WITH VIOLATING TITLE 11 $ 900 AND $ 841.
SEE: INDICTMENT.
A-1 - A-2.

JOHNSON COULD NOT BE CONVICTED OF MORE THAN 1 OFFENSE
BECAUSE (1). ONE OFFENSE IS INCLUDED IN THE OTHER;
(2). ONE OFFENSE CONSISTS ONLY OF AN ATTEMPT TO COMMIT
THE OTHER; AND (3). INCONSISTENT FINDINGS OF FACT
ARE REQUIRED TO ESTABLISH THE COMMISSION OF THE
OFFENSE'S. SEE: TITLE 11 $ 206. (A)

WHEREFORE, THIS COURT SHOULD FIND THAT JOHNSON'S INDICTMENT
IS IN VIOLATION OF BLOCKBURGER V. U.S., 284 U.S. 299.
ISSUING A BAD CHECK IS A LESSER OFFENSE THAT IS
INCLUDED WITHIN THE CRIME OF THEFT. NEXT, THIS
COURT SHOULD ALSO FIND THAT JOHNSON WAS NOT PROPERLY
INDICTED AS THE STATE CLAIMS BECAUSE 1). AN
"INTENT TO DEFRAUD" MUST BE PROPERLY ALLEGED IN AN
INDICTMENT BASED ON STATUTE PENALIZING ISSUANCE
OF CHECKS WITHOUT SUFFICIENT FUNDS.
SEE: STATE V. VANDENBURG, (DEL. 1938).
2 A.2d 916, 920-21.

IT IS APPARENT THAT JOHNSON'S FIRST, SECOND AND
THIRD COUNTS OF THE INDICTMENT ARE DEFECTIVE AND
MUST BE QUASHED. JOHNSON'S INDICTMENT ALSO FAILS
TO MEET THE SECOND ELEMENT UNDER TITLE 11 $ 900.
11 STATUTE PROSCRIBING ISSUING OR PASSING BAD CHECK
REQUIRES PROOF OF NOTICE TO ISSUER OF FAILURE OF CHECK,
AND THE STATUTE MUST BE STRICKLY CONSTRUED.)
SEE: COM. V. CHASE, (P.A. SUPER. 1992).
605 A.2d 1276, 1277-78.
COM. V. GRIFFITH (P.A. SUPER. 1976).
364 A.2d 374, 376.

12.

TITLE 11 § 900 ISSUING A BAD CHECK. STATES IN PART. (A)(2). PAYMENT WAS REFUSED BY THE DRAWEE UPON PRESENTATION BECAUSE THE ISSUER HAD INSUFFICIENT FUNDS OR CREDIT, AND THE ISSUER FAILED TO MAKE GOOD WITHIN 10 DAYS AFTER RECEIVING NOTICE OF THAT REFUSAL. SEE: TITLE 11 § 900 (A)(2).

FOR THE RECORD, JOHNSON WAS ARRESTED ON 1-26-1996, AND WAS NOT RELEASED FROM PRISON UNTIL 10-28-1997, HAVING COMPLETED A 2 YEAR LEVEL 5 SENTENCE IMPOSED FOR VIOLATION OF PROBATION IN A SUPERIOR COURT CASE NUMBER 9000451701 AND 9401014713. WHILE JOHNSON WAS IN PRISON, HE NEVER RECIEVED NOTICE FROM THE BANK THAT HIS CHECKS WAS NOT HONORED. WHEREFORE, THE PROSECUTOR IN THIS CASE FAILED TO PROVE THAT JOHNSON HAD ACTUAL NOTICE OF THE BANKS DISHONOR OF HIS CHECKS, AND THEREFORE, THE EVIDENCE WAS INSUFFICIENT NOT ONLY TO CONVICT, BUT ALSO TO SUPPORT THE STATUTORY PRESUMPTION THAT HE INTENDED TO PASS A BAD CHECK OR COMMIT THEFT. WHEREFORE, THIS COURT SHOULD EXCUSE THE PROCEDURAL DEFAULT ON JOHNSONS PROSECUTOR MISCONDUCT CLAIM BECAUSE JOHNSON HAS ESTABLISHED PREJUDICE, AND DEMONSTRATED BY CLEAR AND CONVINCING EVIDENCE, THAT HE IS ACTUALLY INNOCENT OF THE THEFT FELONY CHARGE, AND NO REASONABLE JURROR WOULD HAVE FOUND THE PETITIONER ELIGIBLE FOR THE PENALTY UNDER THE APPLICABLE STATE LAW. SEE: SCHLUP V. DALEO, (1995). 513 U.S. 298, 327-28.
MORRAY V. CARRIER, (1986). 477 U.S. 478, 496.

## CONCLUSION.

WHEREFORE, FOR THE REASONS AND GROUNDS LISTED
IN THIS REPLY AND THE PETITIONERS MEMORANDUM,
THE PETITIONERS REQUEST FOR RELIEF UNDER
28 U.S.C. § 2254 SHOULD BE GRANTED.

DATED: 1-24-2006.

William E. Johnson Jr.
Petitioner: 202367.
D.C.C.
1181 Paddock Rd.
Smyrna, Del. 19977

## Certificate of Service

I, _WILLIAM T. JOHNSON JR._, hereby certify that I have served a true

And correct cop(ies) of the attached: _PETITIONERS REPLY RULE 5E)._

_____ upon the following

parties/person (s):

TO: _ELIZABETH R. MCFARLAN ESQ._      TO: _____

_DEPARTMENT OF JUSTICE BLD._          _____

_820 N. FRENCH ST._                   _____

_WILM, DEL. 19801_                    _____


TO: _____           TO: _____

_____               _____

_____               _____

_____               _____

_____               _____


BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _24TH_ day of _JANUARY_ ,200 _6_

_William E. Johnson_

D. C. C.
1181 PADDOCK RD
SMYRNA, DEL. 19977

IM WILLIAM T. JOHNSON JR.

SBI# 202367 UNIT D-W.

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

OFFICE OF THE CLERK.

U.S. DISTRICT COURT.

844 N. KING ST. LOCKBOX 18.

WILM, DEL. 1980

U.S.M.S
X-RAY

LEGAL MAIL.