IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM T. JOHNSON, JR.,          :
                                  :
          Petitioner,             :
                                  :
v.                                :     Civil Action No. 05-602-JJF
                                  :
THOMAS L. CARROLL,                :
Warden,                           :
and CARL C. DANBERG,              :
Attorney General                  :
of the State of                   :
Delaware,                         :
                                  :
          Respondents.            :

---

William T. Johnson, Jr.  Pro Se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware
Department of Justice, Wilmington, Delaware.  Counsel for
Respondents.

---

**MEMORANDUM OPINION**

July 18, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 filed by Petitioner William T. Johnson, Jr.  (D.I. 2.)  For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On October 23, 1996, Petitioner entered a guilty plea in the Delaware Superior Court for felony theft.  The Superior Court sentenced him to two years incarceration, suspended entirely for one year of probation.  See Johnson v. State, 875 A.2d 632 (Table), 2005 WL 1311452 (Del. June 30, 2005).  Petitioner did not appeal.

In 1998, Petitioner was convicted on robbery and related charges, and the Superior Court sentenced him to 24 years imprisonment.  Consequently, Petitioner did not complete the probation associated with his 1996 felony theft conviction, and he has not been discharged as unimproved from his probation.  See Johnson, 2005 WL 1311452, at *1.

In 1999, Petitioner filed a motion to withdraw his 1996 guilty plea, arguing that the theft count was invalid because the minimum value of the stolen goods had to be $1000 to constitute a felony, and the facts of his case established that the value of the goods was under $1000.  Id.; (D.I. 21, "Motion to Affirm" in

1

<u>Johnson v. State</u>, No.488,2004, at ¶ 2.)  The Superior Court never disposed of the motion because it was referred in error to an assistant Public Defender.  (D.I. 21, "Motion to Affirm" in <u>Johnson v. State</u>, No.488,2004, at ¶ 2.)

In July 2004, Petitioner filed an application for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), arguing that his guilty plea was defective and that his trial counsel provided ineffective assistance of counsel.  The Superior Court summarily dismissed the Rule 61 motion as time-barred under Rule 61(i)(1) and procedurally defaulted under Rule 61(i)(3).  <u>Johnson</u>, 2005 WL 1311452, at *1 n. 2.  On post-conviction appeal, the Delaware Supreme Court affirmed the Superior Court's judgment after determining that Petitioner's claims lacked substantive merit. <u>Id.</u> at *1.

Petitioner filed the instant habeas petition in June 2005. (D.I. 2.)  Petitioner asserts the following grounds for relief: (1) trial counsel provided ineffective assistance by failing to object to the felony theft count, which then compelled Petitioner to plead guilty; and (2) the state prosecutor committed misconduct by charging Petitioner with an "illegal" felony theft count and by offering a plea to that count.

Respondents filed an Answer requesting the Court dismiss the Petition as untimely.  (D.I. 17.)  Petitioner filed a Reply to

2

the Respondent's Answer contending that the Petition is timely under the doctrine of equitable tolling. (D.I. 22.)

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 Petition, filed in 2005, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. Petitioner does not allege, nor can the

3

Court discern, any facts triggering the application of §
2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of
limitations began to run when Petitioner's conviction became
final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), when a state prisoner does not
appeal a state court judgment, the conviction becomes final on
the "date on which the time for filing such an appeal expired."
Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); see
28 U.S.C. § 2244(d)(1). In the present case, the Delaware
Superior Court sentenced Petitioner on October 23, 1996, and he
did not appeal. In Delaware, a notice of appeal must be filed
within thirty days after a sentence is imposed. See Del. Code
Ann. tit. 10, § 147; Del. Supr. Ct. R. 6(a)(ii). Consequently,
Petitioner's conviction became final for the purposes of §
2244(d)(1) on November 22, 1996. Applying the one-year
limitations period from this date, Petitioner was required to
file his Petition by November 22, 1997. See Wilson v. Beard, 426
F.3d 653, 662-63 (3d Cir. 2005)(holding that Federal Rule of
Civil Procedure Rule 6(a) applies to the calculation of the
AEDPA's one-year limitations period).

Petitioner did not file the instant Petition until June 21,
2005.[1] Therefore, the Court concludes the Petition is time-

_____

[1]A pro se prisoner's habeas petition is deemed filed on the
date he delivers it to prison officials for mailing to the
district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d

4

barred, unless the limitations period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999).

## B. Statutory Tolling

Statutory tolling of the one-year limitations period is authorized by Section 2244(d)(2) of the AEDPA, which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A "properly filed" state post-conviction application will only toll the AEDPA's limitations period if it was filed and pending before the expiration of the AEDPA's limitations period. See Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). Procedural requirements include "the form of the document, the time limits

_____

Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). The Court adopts the date on the Petition, June 21, 2005, as the filing date, because presumably, Petitioner could not have presented the Petition to prison officials for mailing any earlier than that date. See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002); Gholdson v. Snyder, 2001 WL 657722, at *3 (D. Del. May 9, 2001).

upon its delivery, the court and office in which it must be
lodged, and the requisite filing fee." <u>Artuz v. Bennett</u>, 531
U.S. 4, 8 (2000).

Petitioner filed a motion to dismiss his guilty plea on
November 17, 1999.  Respondents concede that the motion
constituted an application for post-conviction relief under Rule
61 which was timely filed under state rules.  <u>See</u> D.I 17, at 4;
<u>Johnson</u>, 2005 WL 1311452, at *1.  Nevertheless, Petitioner's Rule
61 motion has no statutory tolling effect on the instant
proceeding because it was filed approximately two years after the
AEDPA's limitations period expired.  Accordingly, the Court
concludes that the statutory tolling principles are inapplicable
to Petitioner.

**C. Equitable Tolling**

The AEDPA's limitations period may be equitably tolled, but
"only in the rare situation where equitable tolling is demanded
by sound legal principles as well as the interests of justice."
<u>Jones</u>, 195 F.3d at 159 (3d Cir. 1999) (quoting <u>Midgley</u>, 142 F.3d
at 179).  In order to trigger equitable tolling, Petitioner must
demonstrate that he "exercised reasonable diligence in
investigating and bringing [the] claims" and that he was
prevented from asserting his rights in some extraordinary way;
mere excusable neglect is insufficient.  <u>Miller</u>, 145 F.3d at 618-
19 (citations omitted); <u>Schlueter v. Varner</u>, 384 F.3d 69, 77 (3d

6

Cir. 2004).   Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159.

Petitioner argues that equitable tolling is warranted because Delaware law requires ineffective assistance of counsel claims to be raised in Rule 61 motions, not on direct appeal, and therefore, the AEDPA's one-year limitations period conflicts with Delaware's three-year limitation for filing a Rule 61 motion. Specifically, Petitioner argues that "if a defendant chose to wait up until the last day of the 3 year time limitation to file his ineffective claims in a motion for postconviction relief . . . he cannot seek relief on those claims in the federal courts because the AEDPA time limitation would have elapsed."  (D.I. 17, at 3.)

Petitioner's argument fails to warrant equitable tolling. The fact that the AEDPA's limitations period is shorter than the time for filing a Rule 61 motion did not prevent Petitioner from filing his Petition within the AEDPA's one-year time period, or from filing a Rule 61 motion during that time period.  Petitioner was free to file his Rule 61 motion any time after his state

7

court judgment of conviction became final, and his decision to delay his pursuit of federal post-conviction relief was not beyond his control.  To the extent Petitioner made a mistake or miscalculation regarding the one-year period, the Court concludes that such mistakes are insufficient to justify equitable tolling. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002).  Accordingly, the Court will dismiss the Petition as time-barred.

## III.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  See Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in

8

its procedural ruling.   <u>Id.</u>

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred.  The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

**IV.   CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 2.)

An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
WILLIAM T. JOHNSON, JR.,        :
                                :
          Petitioner,           :
                                :
v.                              :     Civil Action No. 05-602-JJF
                                :
THOMAS L. CARROLL,              :
Warden,                         :
and CARL C. DANBERG,            :
Attorney General               :
of the State of                 :
Delaware,                       :
                                :
          Respondents.          :
```

## O R D E R

At Wilmington, this ___18___ day of July, 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1.  Petitioner William T. Johnson, Jr.'s Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (D.I. 2.) is **DISMISSED**, and the relief requested therein is **DENIED**.

2.  The Court declines to issue a certificate of appealability, because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).


_____
UNITED STATES DISTRICT JUDGE